UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMERICAN CAPITAL CORPORATION, )
)
Plaintiff )
)
v. )
)
TIMOTHY L BLIXSETH; EDRA BLIXSETH; )
and MORTGAGE GUARANTEE & TITLE CO. )
)
Defendants )
)

CA 06- 905

**DEFENDANTS TIMOTHY L BLIXSETH AND EDRA BLIXSETH'S ANSWER, JURY DEMAND AND COUNTERCLAIM**

NOW COME Timothy L. and Edra Blixseth (collectively hereinafter "Blixseths") and Answer the Plaintiff's Complaint:

**Parties**

1. The Blixseths are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The Blixseths admit that they are residents of Rancho Mirage, California.

3. The Blixseths are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

## COUNT I

**Seller's Request for Declaratory Judgment to Require Purchasers to Accept a Deed and Pay the Purchase Price Pursuant to the Written Agreement of the Parties**

4. The Blixseths admit that they signed the document attached as Exhibit "A" entitled "Agreement of Sale and Purchase." The remaining allegations contained in Paragraph 4 of the Complaint are allegations of law to which no response is required, to the extent that a response is required, the Blixseths deny the remaining allegation contained in Paragraph 4 of the Plaintiff's Complaint.

5. The Blixseths admit the paragraph 24 of the so called 'Agreement of Sale and Purchase" purports to constitute Mortgage Guarantee as the escrow agent. The Blixseths deny the remainder of the allegation contained in Paragraph 4 of the Plaintiff's Complaint.

6. The Blixseths are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 6 of the Plaintiff's Complaint.

7. The Blixseths deny the allegation contained in Paragraph 7 of the Plaintiff's Complaint.

WHEREFORE, the Blixseths respectfully request judgment be entered in their favor dismissing the Complaint and deny the Plaintiff's request for specific performance, along with a refund of their deposit, interest, costs, and disbursements incurred herein.

**COUNT II**

**Seller's Claim for Injunctive Relief Against Purchasers**

8. The Blixseths repeat and incorporate by reference their responses to Paragraphs 1 through 7 of the Complaint.

9. The Blixseths deny the allegation contained in Paragraph 9 of the Plaintiff's Complaint.

10. The Blixseths deny the allegation contained in Paragraph 10 of the Plaintiff's Complaint.

WHEREFORE, the Blixseths respectfully request judgment be entered in their favor dismissing the Complaint and denying the Plaintiff's request for an injunction, along with a refund of their deposit, interest, costs, and disbursements incurred herein.

**COUNT III**

**Seller's Request for Specific Enforcement Against Purchasers**

11. The Blixseths repeat and incorporate by reference their responses to Paragraphs 1 through 10 of the Complaint.

12. The Blixseths deny the allegation contained in Paragraph 12 of the Plaintiff's Complaint.

13. The Blixseths deny the allegation contained in Paragraph 13 of the Plaintiff's Complaint.

WHEREFORE, the Blixseths respectfully request judgment be entered in their favor dismissing the Complaint and denying the Plaintiff's request for an

injunction, along with a refund of their deposit, interest, costs, and disbursements incurred herein.

**COUNT IV**

**Seller's Request for Maintenance of the Status Quo Against Mortgage Guarantee**

14. The Blixseths repeat and incorporate by reference their responses to Paragraphs 1 through 13 of the Complaint.

15. The Blixseths acknowledge that the allegations contained in Paragraph 15 of the Plaintiff's Complaint are not directed towards them, further responding, the Blixseths state that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

WHEREFORE, the Blixseths respectfully request judgment be entered in their favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

**First Affirmative Defense**

The Plaintiff's claims are barred by Rhode Island Title 5 Chapter 20.8-4 et. seq. as the Blixseths terminated the alleged contract, "Agreement for Sale and Purchase" dated November 23, 2005, and requested their deposit back pursuant to Rhode Island Title 5 Chapter 20.8-4 et. seq. The Blixseths signed a document entitled "Agreement for Sale and Purchase" dated November 23, 2005, attached as Exhibit A and provided a deposit of $1,250,000.00 for the purchase of the property described in the "Agreement for Sale and Purchase" dated November 23, 2005, which was delivered to an escrow agent,

Mortgage Guarantee & Title Co. Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 required American Capital Corporation to disclose in writing prior to signing the document "Agreement for Sale and Purchase" dated November 23, 2005 whether the property was located in a Historic District and if so to disclose in writing that "property located in a Historic District may be subject to construction expansion or renovation limits. Contact the local building inspection official for details." Prior to signing the "Agreement for Sale and Purchase" dated November 23, 2005, American Capital Corporation delivered Rhode Island Real Estate Disclosure Forms to the Blixseths. Said disclosures by American Capital Corporation were in violation of Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 as American Capital Corporation failed to disclose that the property described in the "Agreement for Sale and Purchase" dated November 23, 2005 (the "subject property"), was located within the Newport Historic District and failed to provide the Blixseths with the written disclosure stating as required by Title 5 Chapter 5-20.8 (2)(xxiii) that "property located in a historic district may be subject to construction expansion or renovation limitations. Contact the local building inspection official for details." American Capital Corporation failed to make the above disclosure despite its knowledge that the subject property was located within the Newport Historic District and was subject to the restrictions of the Newport Historic District Commission. The Blixseths reasonably relied on the Real Estate Disclosure forms and were induced into signing the "Agreement for Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property because of American Capital Corporation's Real Estate Disclosure form representations. Following the signing of the "Agreement of Sale and

Purchase" dated November 23, 2005 the Blixseths learned that American Capital Corporation failed to disclose that the subject property is located within the Newport Historic District and is subject to the restrictions of the Newport Historic District Commission. The Blixseths would not have signed the "Agreement of Sale and Purchase" dated November 23, 2005 and delivered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property if they knew the subject property was located within the Newport Historic District and subject to the restrictions of the Newport Historic District Commission. Pursuant to the Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 the Blixseths exercised their right to terminate the "Agreement of Sale and Purchase" dated November 23, 2005 and demanded the return of their deposit of $125,000.00 along with interest accumulated, by having their counsel, Andrew Hawes, send a letter by certified mail on March 10, 2006 to American Capital Corporation terminating the "Agreement of Sale and Purchase" dated November 23, 2005 and demanding the return of the $1,250,000.00 along with the accumulated interest ( A copy of said letter is attached as Exhibit "B"). American Capital Corporation has failed to return said deposit and interest to the Blixseths despite a demand for its return.

**Second Affirmative Defense**

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Third Affirmative Defense**

Plaintiff's claim specific performance is barred to because the plaintiff has an adequate remedy at law.

**Fourth Affirmative Defense**

The Plaintiff, its agents, representatives and employees waived provisions within the alleged contract and the Blixseths rescinded the alleged contract, "Agreement for Sale and Purchase" dated November 23, 2005.

**Fifth Affirmative Defense**

Plaintiff's claims fail due to the Plaintiff or its agents' own acts or omissions.

**Sixth Affirmative Defense**

Plaintiff's claims are barred to the extent that the Plaintiff did not have good, marketable and insurable title at the time it purported to sell the real estate to the Blixseths.

**Seventh Affirmative Defense**

American Capital Corporation owed a duty of reasonable care to the Blixseths in the preparation, declarations, and representations of information in the Rhode Island Real Estate Disclosure forms delivered to the Blixseths regarding the property referenced in the "Agreement of Sale and Purchase" dated November 23, 2005. American Capital Corporation, including its agents and employees, was negligent in its preparation, declarations, and representations of information in the Rhode Island Real Estate Disclosure forms delivered to the Blixseths. As a direct and proximate result of the negligence of American Capital Corporation, its agents and employees, the Blixseths have suffered injuries and damages to their person including among other items, costs, expenses, attorney fees and signed the document "Agreement for Sale and Purchase" dated November 23, 2005. Wherefore, the Plaintiff's contract claims are barred by its own negligence.

**Eighth Affirmative Defense**

Plaintiff's claims are barred to the extent that there was no meeting of the minds between the parties concerning the alleged "Agreement for Sale and Purchase."

**Ninth Affirmative Defense**

American Capital Corporation is estopped from asserting any claims for breach of contract and / or specific performance because American Capital Corporation, its agents, representatives, and employees made material misrepresentations and omissions and engaged in duplicitous conduct and other equivalent conduct which induced the Blixseths to sign the document "Agreement for Sale and Purchase" dated November 23, 2005 and to forego their rights and actions.

**Tenth Affirmative Defense**

The Plaintiff claim for specific performance is barred because of its agents, representatives and employees unclean hands.

**Eleventh Affirmative Defense**

The actions of American Capital Corporation in failing to disclose that the subject property was located in the Newport Historic District and subject to the rules and regulations of the Newport Historic Commission in the Real Estate Disclosure forms as required by Title 5-20.8 constitutes a violation of public policy. Wherefore, the alleged contract is void and / or voidable as against public policy.

**Twelfth Affirmative Defense**

The Plaintiff, through its own acts or omissions or those of its agents, has waived its claim for breach of contract and specific performance.

**Thirteenth Affirmative Defense**

The Blixseths reasonably relied upon American Capital Corporation's representations in the Real Estate Disclosure form to sign the document, "Agreement of Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property. Failure of American Capital Corporation to disclose that the property described in the "Agreement of Sale and Purchase" dated November 23, 2005 was located in the Newport Historic District and subject to the restrictions of the Newport Historic District Commission constitutes a material misrepresentation of fact. Plaintiff's claims are barred to the extent that the Plaintiff or its agents made misrepresentations in violation of Rhode Island Title 5 Chapter 20.8-4 et. Seq. about the property and potential use of the property and such representation induced the Blixseths to sign the Agreement for Sale and Purchase.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred by its failure to mitigate its damages.

**Fifteenth Affirmative Defense**

The Plaintiff has failed to adequately plead a cause of action for damages and therefore, should be precluded from recovery.

**Sixteenth Affirmative Defense**

The Blixseths signed the document "Agreement of Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property with the understanding and for the express purpose that the subject property could be used as a club and that Yellowstone

Club World members could use the property under the R-60 zoning and that they could repair, alter, expand and renovate the property for use by Yellowstone Club World. The Blixseths have since discovered that the above constitutes a legal mistake as the property can not be used as a club, that Yellowstone Club World members could not use the property under the R-60 zoning and that the property is located within the Newport Historic District and subject to the restrictions of the Newport Historic District Commission and that the exterior property could not be renovated without the approval of the Newport Historic District Commission. The legal mistake was caused by the misrepresentations, omissions and duplicitous conduct of American Capital Corporation and American Capital Corporation at all times herein had reason to know that the property was in the Newport Historic District and subject to the Newport Historic District Commission's restrictions and that the property could not be used as a club and/or American Capital Corporation had no reasonable basis for its representations to the Blixseths that the property could be used as a club and that Yellowstone Club World members could use the property under the R-60 zoning, that the subject property should fit flawlessly into Yellowstone Club World's business plan and that the Blixseths could renovate the property for use in Yellowstone Club World without approval from Newport Historic District Commission. The Blixseths did not bear the risk of the legal mistake pursuant to the Real Estate Disclosure forms and/or the "Agreement of Sale and Purchase" dated November 23, 2005. The effect of the legal mistake is such that enforcement of the "Agreement of Sale and Purchase" dated November 23, 2005, against the Blixseths would be unconscionable.

**Seventeenth Affirmative Defense**

Plaintiff's claims are barred because the parties never entered into a binding contract.

**Eighteenth Affirmative Defense**

Plaintiff's claims are barred as its conduct combined with the "Agreement for Sale and Purchase" is unconscionable against public policy and, therefore, void and / or voidable.

**Nineteenth Affirmative Defense**

Plaintiff's claim for breach of contract and specific performance is barred to the extent that the liquidated damages provision in the Agreement is punitive in nature and unconscionable and enforcement of such would result in a violation of public policy.

**Twentieth Affirmative Defense**

Plaintiff's claims are barred as the plaintiff its agents, representatives and employees engaged in unfair or deceptive acts or practices by making material representations and omissions that were misleading, confusing and or deceiving in violation of the Rhode Island Deceptive Trade Practices Act, R.I.G.L. §6-13.1-1 et. seq.

**Twenty-First Affirmative Defense**

Plaintiff's claim for specific performance is barred by the liquidated damages clause contained in the "Agreement for Sale and Purchase."

**Twenty-Second Affirmative Defense**

Plaintiff's claim for breach of contract is barred as American Capitol Corporation lacked the capacity to enter into the "Agreement for Sale and Purchase" dated November 23, 2005, because when it was signed by Andrew Panteleakis the board of directors of

American Capitol Corporation had not authorized the sale of the subject property as required by Rhode Island law, including R.I.G.L. §7-1.2-1102.

**Twenty-Third Affirmative Defense**

Plaintiff's claims are barred as the alleged obligations of the Blixseths under the alleged agreement were satisfied.

**Twenty-Fourth Affirmative Defense**

Plaintiff's claims are barred to the extent that there was a failure to fulfill one or more conditions precedent or subsequent by the Plaintiff or its agents under the alleged agreement.

**Twenty-Fifth Affirmative Defense**

Plaintiff's claims are barred to the extent that the plaintiff was not ready, willing and able to perform its obligations under the Agreement for Sale and Purchase.

**Twenty-Sixth Affirmative Defense**

Plaintiff's claims are barred to the extent that enforcement of the sale and use of the property would result in a violation of Rhode Island statutory and regulatory law.

**Twenty-Seventh Affirmative Defense**

American Capital Corporation through its agents and employees knew that the Blixseths signed the document "Agreement of Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property with the understanding and for the express purpose that the subject property could be used as a club and that members of the Yellowstone Club World could use the property under the existing Newport zoning regulations and that the Blixseths intended to renovate the property for use with

Yellowstone Club World. At all times herein, American Capital Corporation, through its agents and employees, knew that the City of Newport's zoning regulations would not permit the use of the subject property as a club or allow Yellowstone Club World members to use the property under the existing Newport zoning regulations and, that the Blixseths could not renovate the exterior of the property without the approval of Newport Historic District Commission. American Capital Corporation's failure to disclose this information constitutes a failure to act in good faith and fair dealing in accordance with reasonable standards of fair dealing. American Capital Corporation's above actions induced the Blixseths to sign the document "Agreement of Sale and Purchase" dated November 23, 2005 and to tender a deposit of $1,250,000.00 to Mortgage Guarantee & Title Co. to be held in escrow for the purchase of the subject property. Wherefore, the alleged contract is void or voidable.

**Twenty-Eighth Affirmative Defense**

Plaintiff's claims are barred as there was a failure of consideration under the alleged Agreement.

**Twenty-Ninth Affirmative Defense**

The Blixseths principal purpose in signing the document "Agreement of Sale and Purchase" dated November 23, 2005, was to use the subject property as part of Yellowstone Club World and to renovate it for use with Yellowstone Club World. This principal purpose has been substantially frustrated without the fault of the Blixseths because Newport will not permit the subject property to be used as part of Yellowstone Club World and the Blixseths cannot renovate the property exterior for use with Yellowstone Club World without the approval of the Newport Historic District

Commission. The use of the property as part of the Yellowstone Club World under R-60 zoning and its renovation for use with Yellowstone Club World was a basic assumption on which the Agreement of Sale and Purchase" dated November 23, 2005 was signed. Wherefore, the alleged contract is void or voidable because of the supervening frustration.

**Thirtieth Affirmative Defense**

The Blixseths had no reason to know at the time they signed the document "Agreement for Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property that the property could not be used as part of Yellowstone Club World and that the property exterior could only be renovated for use by Yellowstone Club World with the approval of the Newport Historic District Commission and the non-existence of prohibitions of using the property as part of Yellowstone Club World and renovations to the property for use with Yellowstone Club World were basic assumptions in signing the document "Agreement for Sale and Purchase" dated November 23, 2005, and tendering the deposit. Under the circumstances, the Blixseths had no duty to perform any such obligations contained in the document "Agreement for Sale and Purchase" dated November 23, 2005. Wherefore, the alleged contract is void and / or voidable.

**Thirty-First Affirmative Defense**

American Capital Corporation, through its agent, representatives and/or employees entered into the document "Agreement for Sale and Purchase" dated November 23, 2005 with the intended purpose that the property be purchased for a use prohibited by Newport's zoning regulations/ordinances and American Capital

Corporation, through its agents and/or employees, acted for the purpose of furthering the improper use by telling the Blixseths that the property could be used as a club and that Yellowstone Club World members could use the property without violating the R-60 zoning, when in fact, it would have violated said zoning regulation/ordinance, all of which constitutes a violation of public policy. Wherefore, the alleged contract is void and / or voidable.

The Defendants Timothy and Edra Blixseth reserve the right to amend their Answer and Affirmative Defenses as discovery warrants.

## JURY DEMAND

The Defendants demand a trial by jury on all factual issues of the plaintiff's Complaint.

## TIMOTHY L BLIXSETH AND EDRA BLIXSETH'S COUNTER CLAIM

## COUNT I

### G.L. chapter 5- 20.8 Claim

1. The plaintiffs in this counterclaim are Timothy L. and Edra Blixseth (collectively hereinafter "Blixseths") residents of Rancho Mirage, California.

2. The defendant in this counterclaim is American Capital Corporation, a Rhode Island Corporation.

3. The Blixseths signed a document entitled "Agreement for Sale and Purchase" dated November 23, 2005, attached as Exhibit A and provided a deposit of $1,250,000.00 for the purchase of the property described in the "Agreement for Sale and

Purchase" dated November 23, 2005, which was delivered to an escrow agent, Mortgage Guarantee & Title Co.

4. Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 required American Capital Corporation to disclose in writing prior to signing the document "Agreement for Sale and Purchase" dated November 23, 2005 whether the property was located in a Historic District and if so to disclose in writing that "property located in a Historic District may be subject to construction expansion or renovation limits. Contact the local building inspection official for details."

5. Prior to signing the "Agreement for Sale and Purchase" dated November 23, 2005, American Capital Corporation delivered Rhode Island Real Estate Disclosure Forms to the Blixseths.

6. Said disclosures by American Capital Corporation were in violation of Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 as American Capital Corporation failed to disclose that the property described in the "Agreement for Sale and Purchase" dated November 23, 2005 (the "subject property"), was located within the Newport Historic District and failed to provide the Blixseths with the written disclosure stating as required by Title 5 Chapter 5-20.8 (2)(xxiii) that "property located in a historic district may be subject to construction expansion or renovation limitations. Contact the local building inspection official for details."

7. American Capital Corporation failed to make the above disclosure despite its knowledge that the subject property was located within the Newport Historic District and was subject to the restrictions of the Newport Historic District Commission. The Blixseths reasonably relied on the Real Estate Disclosure forms and were induced into

signing the "Agreement for Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property because of American Capital Corporation's Real Estate Disclosure form representations.

8. Following the signing of the "Agreement of Sale and Purchase" dated November 23, 2005 the Blixseths learned that American Capital Corporation failed to disclose that the subject property is located within the Newport Historic District and is subject to the restrictions of the Newport Historic District Commission.

9. The Blixseths would not have signed the "Agreement of Sale and Purchase" dated November 23, 2005 and delivered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property if they knew the subject property was located within the Newport Historic District and subject to the restrictions of the Newport Historic District Commission.

10. Pursuant to the Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 the Blixseths exercised their right to terminate the "Agreement of Sale and Purchase" dated November 23, 2005 and demanded the return of their deposit of $125,000.00 along with interest accumulated, by having their counsel, Andrew Hawes, send a letter by certified mail on March 10, 2006 to American Capital Corporation terminating the "Agreement of Sale and Purchase" dated November 23, 2005 and demanding the return of the $1,250,000.00 along with the accumulated interest ( A copy of said letter is attached as Exhibit "B").

11. American Capital Corporation has failed to return said deposit and interest to the Blixseths despite a demand for its return.

WHEREFORE, the Blixseths request that this Court grant them relief by entering judgment in their favor declaring that the Agreement of Sale and Purchase is void and/or rescinded and enter an Order directing American Capital Corporation and Mortgage Guarantee & Title Co., to return the Blixseths deposit of $1,250,000.00 along with accumulated interest to the Blixseths. In the event Mortgage Guarantee & Title Company has surrendered the Blixseths deposit of $1,250,000.00 to the Court or to some other escrow agent, the Blixseths request the Court order the return of the deposit along with accumulated interest to the Blixseths. The Blixseths further request that the Court order such other legal and equitable relief the Court deems necessary and proper along with interest and attorneys fees pursuant to Rhode Island G.L. 9-1-45.

**COUNT II**

**Misrepresentation – Private Club - Rescission**

12. The Plaintiffs repeat paragraphs 1 through 11 of the counterclaim as if set forth at length herein.

13. American Capital Corporation through it agents and employees, including Guido Salvatore and Harry Kojoian made representations to Timothy L. Blixseth and Edra Blixseth, including among other specific representations, that the Blixseths could use the subject property as a private club, that Yellowstone Club World members' use of the subject property would not be restricted by any local Newport regulations, that the Blixseths could purchase the property and use it as part of Yellowstone Club World, and that the property could be purchased by the Blixseths and used as part of Yellowstone Club World without violating existing R-60 zoning. American Capital Corporation,

through its agents, representatives and employees continued to make these representations even after the signing of the "Agreement."

14. Harry Kojoian, the Plaintiff's business manager, contacted Timothy L. Blixseth by letter, dated August 25, 2005, (Attached hereto as Exhibit C) representing that he had learned through an article published in the Wall Street Journal that Yellowstone Club World was purchasing properties and that the subject property should fit into the Blixseths' "business model flawlessly."

15. The above representations were false or made without any knowledge or reasonable belief as to their truth. The Blixseths reasonably relied upon the representations of American Capital Corporation's representatives, agents, and employees which were material.

16. The Blixseths would not have entered into the "Agreement of Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property absent the representations of American Capital Corporation, agents representatives and employees.

WHEREFORE, the Blixseths request that this Court grant them relief by entering judgment in their favor declaring that the Agreement of Sale and Purchase is void and/or rescinded and enter an order directing American Capital Corporation and Mortgage Guarantee & Title Co., to return the Blixseths deposit of $1,250,000.00 along with accumulated interest to the Blixseths. In the event Mortgage Guarantee & Title Company has surrendered the Blixseths deposit of $1,250,000.00 to the Court or to some other escrow agent, the Blixseths request the Court order the return of the deposit along with accumulated interest to the Blixseths. The Blixseths further request that the Court order

such other legal and equitable relief the court deems necessary and proper along with interest and attorneys fees pursuant to Rhode Island G.L. 9-1-45.

**COUNT III**

**Misrepresentation - G.L. chapter 5- 20.8 Claim - Rescission**

17. The Plaintiffs in counterclaim incorporate by reference paragraphs 1 through 16 of the counterclaim as it is set forth at length herein.

18. The Blixseths reasonably relied upon American Capital Corporation's representations in the Real Estate Disclosure form to sign the document, "Agreement of Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property.

19. Failure of American Capital Corporation to disclose that the property described in the "Agreement of Sale and Purchase" dated November 23, 2005 was located in the Newport Historic District and subject to the restrictions of the Newport Historic District Commission constitutes a material misrepresentation of fact.

20. The Blixseths would not have entered into the "Agreement of Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property if they knew the subject property was located in the Newport Historic District and subject to the Newport Historic District Commission restrictions and that they could not renovate the exterior of the property for use with Yellowstone Club World without the approval of the Newport Historic District Commission.

WHEREFORE, the Blixseths request that this Court grant them relief by entering judgment in their favor declaring that the Agreement of Sale and Purchase is void and/or

rescinded and enter an order directing American Capital Corporation and Mortgage Guarantee & Title Co., to return the Blixseths deposit of $1,250,000.00 along with accumulated interest to the Blixseths. In the event Mortgage Guarantee & Title Company has surrendered the Blixseths deposit of $1,250,000.00 to the Court or to some other escrow agent, the Blixseths request the Court order the return of the deposit along with accumulated interest to the Blixseths. The Blixseths further request that the Court order such other legal and equitable relief the court deems necessary and proper along with interest and attorneys fees pursuant to Rhode Island G.L. 9-1-45.

## COUNT IV

### Violation of the Rhode Island Unfair Trade Practice and Consumer Protection Act - Rescission

21. The Plaintiffs in counterclaim incorporate by reference paragraphs 1 through 20 of the counterclaim as it is set forth at length herein.

22. American Capital Corporation, through its agents and employees, at all times herein engaged in the conduct of trade and commerce, as defined in R.I.G.L. §6-13.1-1(4), when it delivered Rhode Island Real Estate Disclosure forms to the Blixseths, in its dealings with the Blixseths, when it purported to enter into the "Agreement for Sale and Purchase" of the subject property with the Blixseths and when it made representations and omission to the Blixseths.

23. American Capital Corporation, through its agents and employees made material misrepresentations to the Blixseths that they could use the subject property as a private club, that Yellowstone Club World members' use of the subject property would not be restricted by any local Newport regulations, that the Blixseths could purchase the property and use it as part of Yellowstone Club World, and that the property could be

purchased by the Blixseths and used as part of Yellowstone Club World without violating existing R-60 zoning and that the Blizxeths' use of the property should fit flawlessly into the Yellowstone Club World.

24. American Capital Corporation made material misrepresentations in the Real Estate Disclosure forms delivered to the Blixseths prior to the signing of the "Agreement of Sale and Purchase" by failing to disclose that the subject property was in the Newport Historic District and subject to the restrictions of the Newport Historic District Commission.

25. The Blixseths reasonably relied on the material misrepresentations by American Capital Corporation as described above. The Blixseths would not have signed the document "Agreement of Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property absent American Capital Corporation's material misrepresentations.

26. American Capital Corporation's actions as described above constitute unfair or deceptive acts and practices in violation of the Rhode Island Unfair Trade Practice and Consumer Protection Act.

WHEREFORE, the Blixseths request that this Court grant them relief by entering judgment in their favor declaring that the Agreement of Sale and Purchase is void and/or rescinded and enter an order directing American Capital Corporation and Mortgage Guarantee & Title Co., to return the Blixseths deposit of $1,250,000.00 along with accumulated interest to the Blixseths. In the event Mortgage Guarantee & Title Company has surrendered the Blixseths deposit of $1,250,000.00 to the Court or to some other

escrow agent, the Blixseths request the Court order the return of the deposit along with accumulated interest to the Blixseths. The Blixseths further request that the Court order such other legal and equitable relief the court deems necessary and proper along with interest and attorneys fees pursuant to Rhode Island G.L. 9-1-45.

**COUNT V**

**Mistake - Rescission**

27. The Plaintiffs in counterclaim incorporate by reference paragraphs 1 through 26 of the counterclaim as it is set forth at length herein.

28. The Blixseths signed the document "Agreement of Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property with the understanding and for the express purpose that the subject property could be used as a club and that Yellowstone Club World members could use the property under the R-60 zoning and that they could repair, alter, expand and renovate the property for use by Yellowstone Club World.

29. The Blixseths have since discovered that the above constitutes a legal mistake as the property can not be used as a club, that Yellowstone Club World members could not use the property under the R-60 zoning and that the property is located within the Newport Historic District and subject to the restrictions of the Newport Historic District Commission and that the exterior property could not be renovated without the approval of the Newport Historic District Commission.

30. The legal mistake was caused by the misrepresentations, omissions and duplicitous conduct of American Capital Corporation and American Capital Corporation

at all times herein had reason to know that the property was in the Newport Historic District and subject to the Newport Historic District Commission's restrictions and that the property could not be used as a club and/or American Capital Corporation had no reasonable basis for its representations to the Blixseths that the property could be used as a club and that Yellowstone Club World members could use the property under the R-60 zoning, that the subject property should fit flawlessly into Yellowstone Club World's business plan and that the Blixseths could renovate the property for use in Yellowstone Club World without approval from Newport Historic District Commission.

31. The Blixseths did not bear the risk of the legal mistake pursuant to the Real Estate Disclosure forms and/or the "Agreement of Sale and Purchase" dated November 23, 2005.

32. The effect of the legal mistake is such that enforcement of the "Agreement of Sale and Purchase" dated November 23, 2005, against the Blixseths would be unconscionable.

WHEREFORE, the Blixseths request that this Court grant them relief by entering judgment in their favor declaring that the Agreement of Sale and Purchase is void and/or rescinded and enter an order directing American Capital Corporation and Mortgage Guarantee & Title Co., to return the Blixseths deposit of $1,250,000.00 along with accumulated interest to the Blixseths. In the event Mortgage Guarantee & Title Company has surrendered the Blixseths deposit of $1,250,000.00 to the Court or to some other escrow agent, the Blixseths request the Court order the return of the deposit along with accumulated interest to the Blixseths. The Blixseths further request that the Court order

such other legal and equitable relief the court deems necessary and proper along with interest and attorneys fees pursuant to Rhode Island G.L. 9-1-45.

**COUNT VI**

**Non-Disclosure - Rescission**

33. The Plaintiffs in counterclaim incorporate by reference paragraphs 1 through 32 of the counterclaim as it is set forth at length herein.

34. American Capital Corporation through its agents and employees knew that the Blixseths signed the document "Agreement of Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property with the understanding and for the express purpose that the subject property could be used as a club and that members of the Yellowstone Club World could use the property under the existing Newport zoning regulations and that the Blixseths intended to renovate the property for use with Yellowstone Club World.

35. At all times herein, American Capital Corporation, through its agents and employees, knew that the City of Newport's zoning regulations would not permit the use of the subject property as a club or allow Yellowstone Club World members to use the property under the existing Newport zoning regulations and, that the Blixseths could not renovate the exterior of the property without the approval of Newport Historic District Commission.

36. American Capital Corporation's failure to disclose this information constitutes a failure to act in good faith and fair dealing in accordance with reasonable standards of fair dealing.

37. American Capital Corporation's above actions induced the Blixseths to sign the document "Agreement of Sale and Purchase" dated November 23, 2005 and to tender a deposit of $1,250,000.00 to Mortgage Guarantee & Title Co. to be held in escrow for the purchase of the subject property.

WHEREFORE, the Blixseths request that this Court grant them relief by entering judgment in their favor declaring that the Agreement of Sale and Purchase is void and/or rescinded and enter an order directing American Capital Corporation and Mortgage Guarantee & Title Co., to return the Blixseths deposit of $1,250,000.00 along with accumulated interest to the Blixseths. In the event Mortgage Guarantee & Title Company has surrendered the Blixseths deposit of $1,250,000.00 to the Court or to some other escrow agent, the Blixseths request the Court order the return of the deposit along with accumulated interest to the Blixseths. The Blixseths further request that the Court order such other legal and equitable relief the court deems necessary and proper along with interest and attorneys fees pursuant to Rhode Island G.L. 9-1-45.

## COUNT VII

## Discharge by Supervening Frustration

38. The Plaintiffs in counterclaim incorporate by reference paragraphs 1 through 37 of the counterclaim as it is set forth at length herein.

39. The Blixseths principal purpose in signing the document "Agreement of Sale and Purchase" dated November 23, 2005, was to use the subject property as part of Yellowstone Club World and to renovate it for use with Yellowstone Club World.

40. This principal purpose has been substantially frustrated without the fault of the Blixseths because Newport will not permit the subject property to be used as part

of Yellowstone Club World and the Blixseths cannot renovate the property exterior for use with Yellowstone Club World without the approval of the Newport Historic District Commission.

41. The use of the property as part of the Yellowstone Club World under R-60 zoning and its renovation for use with Yellowstone Club World was a basic assumption on which the Agreement of Sale and Purchase" dated November 23, 2005 was signed.

WHEREFORE, the Blixseths request that this Court grant them relief by entering judgment in their favor declaring that the Agreement of Sale and Purchase is void and/or rescinded and enter an order directing American Capital Corporation and Mortgage Guarantee & Title Co., to return the Blixseths deposit of $1,250,000.00 along with accumulated interest to the Blixseths. In the event Mortgage Guarantee & Title Company has surrendered the Blixseths deposit of $1,250,000.00 to the Court or to some other escrow agent, the Blixseths request the Court order the return of the deposit along with accumulated interest to the Blixseths. The Blixseths further request that the Court order such other legal and equitable relief the court deems necessary and proper along with interest and attorneys fees pursuant to Rhode Island G.L. 9-1-45.

**COUNT VIII**

**No Capacity**

42. The Plaintiffs in counterclaim incorporate by reference paragraphs 1 through 41 of the counterclaim as it is set forth at length herein.

43. The "Agreement of Sale and Purchase" dated November 23, 2005 is void as Andrew Panteleakis misrepresented in Paragraph 9 that "the party executing this "Agreement of Sale and Purchase" dated November 23, 2005 on behalf of the seller is

authorized to do so and to consummate the terms and provisions hereof on behalf of the seller" and that "seller has the full right, power and authority to execute, perform and consummate this Agreement without any further consents or joinders from any other person, firm or corporation and doing so will not violate any provision of law."

44. The misrepresentations were material and reasonably relied upon by the Blixseths to sign the document "Agreement of Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property.

45. American Capital Corporation lacked the capacity to enter into the "Agreement of Sale and Purchase" dated November 23, 2005, as under Rhode Island statutory law only a vote by the Board of Directors of the corporation could authorize the sale of real estate of a corporation (not in the ordinary course of business) and no vote of the Board of Directors had taken place as required by G.L. §7-1.2-1102 when Andrew Panteleakis signed the "Agreement of Sale and Purchase" dated November 23, 2005.

WHEREFORE, the Blixseths request that this Court grant them relief by entering judgment in their favor declaring that the Agreement of Sale and Purchase is void and/or rescinded and enter an order directing American Capital Corporation and Mortgage Guarantee & Title Co., to return the Blixseths deposit of $1,250,000.00 along with accumulated interest to the Blixseths. In the event Mortgage Guarantee & Title Company has surrendered the Blixseths deposit of $1,250,000.00 to the Court or to some other escrow agent, the Blixseths request the Court order the return of the deposit along with accumulated interest to the Blixseths. The Blixseths further request that the Court order

such other legal and equitable relief the court deems necessary and proper along with interest and attorneys fees pursuant to Rhode Island G.L. 9-1-45.

**COUNT IX**

**Existing Impracticability and Frustration - Rescission**

46. The Plaintiffs in counterclaim incorporate by reference paragraphs 1 through 45 of the counterclaim as it is set forth at length herein.

47. The Blixseths had no reason to know at the time they signed the document "Agreement for Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property that the property could not be used as part of Yellowstone Club World and that the property exterior could only be renovated for use by Yellowstone Club World with the approval of the Newport Historic District Commission and the non-existence of prohibitions of using the property as part of Yellowstone Club World and renovations to the property for use with Yellowstone Club World were basic assumptions in signing the document "Agreement for Sale and Purchase" dated November 23, 2005, and tendering the deposit.

48. Under the circumstances, the Blixseths had no duty to perform any such obligations contained in the document "Agreement for Sale and Purchase" dated November 23, 2005.

WHEREFORE, the Blixseths request that this Court grant them relief by entering judgment in their favor declaring that the Agreement of Sale and Purchase is void and/or rescinded and enter an order directing American Capital Corporation and Mortgage Guarantee & Title Co., to return the Blixseths deposit of $1,250,000.00 along with

accumulated interest to the Blixseths. In the event Mortgage Guarantee & Title Company has surrendered the Blixseths deposit of $1,250,000.00 to the Court or to some other escrow agent, the Blixseths request the Court order the return of the deposit along with accumulated interest to the Blixseths. The Blixseths further request that the Court order such other legal and equitable relief the court deems necessary and proper along with interest and attorneys fees pursuant to Rhode Island G.L. 9-1-45.

**COUNT X**

**Rescission – Generally**

49. The Plaintiffs in counterclaim incorporate by reference paragraphs 1 through 48 of the counterclaim as it is set forth at length herein.

50. The Blixseths are entitled to rescission of the "Agreement for Sale and Purchase" dated November 23, 2005 for the following reasons:

a. the actions of American Capital Corporation, its agents and employees as set forth herein are those of a party with unclean hands.

b. the actions of American Capital Corporation, its agents and employees as set forth herein are such that the "Agreement for Sale and Purchase" dated November 23, 2005 is unconscionable.

c. American Capital Corporation, through its agent and/or employees entered into the document "Agreement for Sale and Purchase" dated November 23, 2005 with the intended purpose that the property be purchased for a use prohibited by Newport's zoning regulations/ordinances and American Capital Corporation, through its agents and/or employees, acted for the purpose of furthering the improper use by telling the Blixseths that the property could be used as a club and that Yellowstone Club World

members could use the property without violating the R-60 zoning, when in fact, it would have violated said zoning regulation/ordinance, all of which constitutes a violation of public policy.

d. the actions of American Capital Corporation in failing to disclose that the subject property was located in the Newport Historic District and subject to the rules and regulations of the Newport Historic Commission in the Real Estate Disclosure forms as required by Title 5-20.8 constitutes a violation of public policy.

e. The essential purpose of the Blixseths in purchasing the property described in the document "Agreement for Sale and Purchase" dated November 23, 2005 was to use the property as part of Yellowstone Club World and to renovate the property for use with the Club. The Blixseths have learned that the property can not be used as a part of Yellowstone Club World and the property exterior cannot be renovated without the approval of the Newport Historic District Commission, thus frustrating the essential purpose of the Blixseths in signing the document "Agreement for Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property.

f. The actions of American Capital Corporation, its agents and employees, including but not limited to Guido Salvatore, made misrepresentation to the Blixseths even after the "Agreement for Sale and Purchase" was signed for the purpose of furthering the improper use by telling the Blixseths, or their agents, that the property could be used as a club and that Yellowstone Club World members could use the property without violating the R-60 zoning, when in fact, it would have violated said zoning regulation/ordinance. These continuous misrepresentation induced the Blixseths

to rely on the Plaintiff's representation to their detriment. Accordingly, the Plaintiff should be estopped enforcing the "Agreement for Sale and Purchase."

WHEREFORE, the Blixseths request that this Court grant them relief by entering judgment in their favor declaring that the Agreement of Sale and Purchase is void and/or rescinded and enter an order directing American Capital Corporation and Mortgage Guarantee & Title Co., to return the Blixseths deposit of $1,250,000.00 along with accumulated interest to the Blixseths. In the event Mortgage Guarantee & Title Company has surrendered the Blixseths deposit of $1,250,000.00 to the Court or to some other escrow agent, the Blixseths request the Court order the return of the deposit along with accumulated interest to the Blixseths. The Blixseths further request that the Court order such other legal and equitable relief the court deems necessary and proper along with interest and attorneys fees pursuant to Rhode Island G.L. 9-1-45.

**COUNT XI**

**Negligence**

51. The plaintiffs in counterclaim repeat paragraphs 1 though 50 of the counterclaim as set forth at length herein.

52. American Capital Corporation owed a duty of reasonable care to the Blixseths in the preparation, declarations, and representations of information in the Rhode Island Real Estate Disclosure forms delivered to the Blixseths regarding the property referenced in the "Agreement of Sale and Purchase" dated November 23, 2005. American Capital Corporation, including its agents and employees, was negligent in its preparation, declarations, and representations of information in the Rhode Island Real Estate Disclosure forms delivered to the Blixseths.

53. As a direct and proximate result of the negligence of American Capital Corporation, its agents and employees, the Blixseths have suffered injuries and damages to their person including among other items, costs, expenses, attorney fees and signed the document "Agreement for Sale and Purchase" dated November 23, 2005.

54. Further, although the Blixseths deny they have any obligations to purchase the subject property, if the Blixseths are required to purchase subject property pursuant to the "Agreement of Sale and Purchase" dated November 23, 2005, they will be furthered damaged by the costs, expenses and fees involved in purchasing, owning, maintaining, operating and selling the subject property and the difference in value between the purchase price and the current value of the property.

WHEREFORE, the Blixseths demand judgment in their favor along with an Order rescinding the alleged contract. Alternatively, the Blixseths seek an award of money damages, and whatever other remedies in law or equity which is just and reasonable

Dated: March 21, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the following attorney of record by Federal Express over night mail on March 21, 2006.

Respectfully submitted
TIMOTHY AND EDRA BLIXSETH
By Their Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

Brian P. Voke, Esquire
123 Dyer Street
Providence, RI 02903
401-421-5123
Fax: 401-421-5136