# TAX REFORM ACT OF 1986

## REPORTING INFORMATION

TO: GUDO R. SALVADORE, ESQ.

RE: LOCATION - SALE

Address: 646 Bellevue Avenue, Newport, RI 02940

The undersigned seller of property located at the above address hereby furnish to Guido R. Salvadore, Esq. the following information to be furnished to Internal Revenue Service to the extent required by the Tax Reform Act of 1986.

Gross Sales Price: $25,000,000.00

Seller: American Capital Corporation
I.D. #05-0310789
Address: 646 Bellevue Avenue, Newport, RI 02840

Seller represents that the above-listed property is the principal office of seller. Seller will not receive property or services as part of the consideration. Seller is required by law to provide Guido R. Salvadore, Esq. its correct taxpayer identification number. If Seller does not provide Guido R. Salvadore, Esq. with its correct taxpayer identification number, Seller may be subject to civil or criminal penalties imposed by law.

Dated: January 11th, 2006

Under penalties of perjury, It certifies that the number shown on this statement is its correct taxpayer identification number.

AMERICAN CAPITAL CORPORATION

By Nancy Z. Waddell
Its Vice President

# TAX REFORM ACT OF 1986

## REPORTING INFORMATION

TO: GUDO R. SALVADORE, ESQ.

RE: LOCATION - SALE

Address: 646 Bellevue Avenue, Newport, RI 02940

The undersigned seller of property located at the above address hereby furnish to Guido R. Salvadore, Esq. the following information to be furnished to Internal Revenue Service to the extent required by the Tax Reform Act of 1986.

Gross Sales Price: $25,000,000.00

Seller: American Capital Corporation
I.D. #05-0310789
Address: 646 Bellevue Avenue, Newport, RI 02840

Seller represents that the above-listed property is the principal office of seller. Seller will not receive property or services as part of the consideration. Seller is required by law to provide Guido R. Salvadore, Esq. its correct taxpayer identification number. If Seller does not provide Guido R. Salvadore, Esq. with its correct taxpayer identification number, Seller may be subject to civil or criminal penalties imposed by law.

Dated: January 11th, 2006

Under penalties of perjury, It certifies that the number shown on this statement is its correct taxpayer identification number.

AMERICAN CAPITAL CORPORATION

By Nancy Z. Waddell
Its Vice President

**TAX REFORM ACT OF 1986**

**REPORTING INFORMATION**

TO: GUDO R. SALVADORE, ESQ.

RE: LOCATION - SALE

Address: 646 Bellevue Avenue, Newport, RI 02940

The undersigned seller of property located at the above address hereby furnish to Guido R. Salvadore, Esq. the following information to be furnished to Internal Revenue Service to the extent required by the Tax Reform Act of 1986.

Gross Sales Price: $25,000,000.00

Seller: American Capital Corporation
I.D. #05-0310789
Address: 646 Bellevue Avenue, Newport, RI 02840

Seller represents that the above-listed property is the principal office of seller. Seller will not receive property or services as part of the consideration. Seller is required by law to provide Guido R. Salvadore, Esq. its correct taxpayer identification number. If Seller does not provide Guido R. Salvadore, Esq. with its correct taxpayer identification number, Seller may be subject to civil or criminal penalties imposed by law.

Dated: January 11th, 2006

Under penalties of perjury, It certifies that the number shown on this statement is its correct taxpayer identification number.

AMERICAN CAPITAL CORPORATION

By Nancy Z. Waddell
Its Vice President

**TAX REFORM ACT OF 1986**

**REPORTING INFORMATION**

TO: GUDO R. SALVADORE, ESQ.

RE: LOCATION - SALE

Address: 646 Bellevue Avenue, Newport, RI 02940

The undersigned ~~buyers and~~ sellers of property located at the above address hereby furnishes to Guido R. Salvadore, Esq. the following information to be furnished to Internal Revenue Service to the extent required by the Tax Reform Act of 1986.

Gross Sales Price: $25,000,000.00

Seller: American Capital Corporation
I.D. #05-0310789
Address: 646 Bellevue Avenue, Newport, RI 02840

Seller represents that the above-listed property is the principal ~~residence~~ office of seller. Seller will not receive property or services as part of the consideration. Seller is required by law to provide Guido R. Salvadore, Esq. its correct taxpayer identification number. If Seller does not provide Guido R. Salvadore, Esq. with its correct taxpayer identification number, Seller may be subject to civil or criminal penalties imposed by law.

Dated: January 11th, 2006

Under penalties of perjury, It certifies that the number shown on this statement is its correct taxpayer identification number.

AMERICAN CAPITAL CORPORATION

By Nancy Z. Waddell
Its Vice President

Citizens Bank

Telephone 1-800-403-2736
[Option 2]

# Commercial Loan Payoff Request

| | | | |
|---|---|---|---|
| DATE: | January 9, 2006 | ORIGINAL LOAN AMOUNT: | $4,000,000.00 |
| REQUESTED BY: | Donna Hartmann | NOTE DATE: | August 3, 2001 |
| TELEPHONE #: | 401-456-7305 | | |
| FAX#: | 401-456-5410 | PRINCIPAL BALANCE: | $3,494,608.50 |
| | | TOTAL INTEREST DUE: | $5,097.92 |
| Bank | RI-001 | (PER DIEM): $509.63 | |
| Loan #: | 001-2177641-9001 | LATE CHARGES DUE: | $0.00 |
| BORROWER | American Capital Corporation | | |
| | | ESCROW BALANCE:Tax & Insurance | |
| | | AMOUNT OWED TO BANK:Tax Balance | $0.00 |
| | | :Insurance Balance | $0.00 |
| | | AMOUNT DUE TO CUSTOMER:TAX Balance | $0.00 |
| INTEREST RATE%: | 5.2500% | :Insurance Balance | $0.00 |
| | | AMOUNT DUE FOR: | |
| AUTO CHARGE: | No | FORECLOSURE EXPENSES: | $0.00 |
| | | LEGAL EXPENSE | $0.00 |
| Close Loan/Commitment | | PREPAYMENT FEE | $0.00 |
| | | BREAKAGE FEE: | $0.00 |
| REVOLVER : | No | SATISFACTION FEE: | $0.00 |
| | | *SWAP FEE: | $0.00 |
| | | Other | $0.00 |
| PAYOFF AS OF DATE: | January 13, 2006 | TOTAL PAYOFF: | $3,499,706.42 |

*Please Note: Activity and late fee assessments may affect the stated payoff amount. As such, this payoff amount is not guaranteed. SWAP breakage charges, if applicable, are not included in this payoff quote. Such charges are calculated and quoted separately by a Treasury department official.

**MAIL PAYMENTS TO:**
CITIZENS BANK
PO BOX 9799
PROVIDENCE, R I 02940-9799

**SEND OVERNIGHT PAYMENTS:**
CITIZENS BANK
ONE CITIZENS DRIVE
RIVERSIDE, R I 02915
ATTN.: COMMERCIAL LOAN DEPT. - RDC 160

**WIRE INSTRUCTIONS:**
CITIZENS BANK, PROVIDENCE RI
ABA ROUTING #011500120
DDA # 101-562-1
BENEFICIARY: COMMERCIAL LOAN PROCESSING

FOR FURTHER CREDIT TO A/C#: 001-2177641-9001
BORROWER'S NAME: American Capital Corporation
ATTENTION: CORPORATE FUNDING

REASON: Sale

PAYOFF PREPARED BY: Debbie Findlay REVIEWED BY:

**NOTE: PAYOFF FIGURES ARE NOT QUOTED MORE THAN 10 DAYS IN ADVANCE**

# MORTGAGE DEED

**KNOW ALL MEN BY THESE PRESENTS** that R. Mark Johnson, for consideration paid, grants to Timothy L. Blixseth and Edra D. Blixseth, with **MORTGAGE COVENANTS** to secure the payment of Twenty-Five Million One Hundred Twenty-Two Thousand and 00/100 Dollars ($25,122,000) in four (4) years, payable as provided in a certain negotiable promissory note of even date therewith.

(See description of property on attached Exhibit A)

This mortgage is made upon the **STATUTORY CONDITION** and with the **STATUTORY POWER OF SALE.**

**WITNESS** its hand this day of , 2006 by its officer thereunto duly authorized.

**In Presence of**

_____________________________

R. Mark Johnson
R. MARK JOHNSON

STATE OF CALIFORNIA )
) ss.
County of Riverside )

On January 11, 2006, before me, Sally A. Christman, personally appeared R. Mark Johnson, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

SALLY A. CHRISTMAN
Commission # 1606404
Notary Public - California
Riverside County
My Comm. Expires Sep 13, 2009

Sally A Christman
Notary Public
My Commission Expires: 9/13/2009

**EXHIBIT A**

That real estate situated on the easterly side of Bellevue Avenue in the City of Newport, State of Rhode Island, all more particularly described as follows:

**PARCEL I:** That certain lot or parcel of land, all with buildings and improvements thereon. situated in the City of Newport, State of Rhode Island, and known as "Edgecliff" located on the "Cliffs" and bounded northerly partly by a court leading to Bellevue Avenue, and partly by land now or lately of Helen A.P. Merriman; easterly by the Atlantic Ocean; southerly by Parcel III, hereinafter described, and westerly by Parcel II, hereinafter further described, and containing about 49,493 square feet of land, be the same more or less, or however otherwise bounded and described. Together with a one half of the fee of the land embraced in what is designated as "Court Extension" on that plat referred to in, and made a part of, that certain deed from Joseph I. Bailey to George W. Wales, dated July 21, 1869, and recorded in the Land Evidence Records of said City of Newport in Deed Book 40 at page 445.

**PARCEL II:** That certain lot or parcel of land, all with buildings and improvements thereon. situated in the City of Newport, State of Rhode Island, and bounded westerly in front by Bellevue Avenue, northerly by Yznaga Avenue, easterly partly by a court and partly by Parcel I, hereinafter described, and southerly by Parcel III, hereinafter described, or however otherwise bounded and described.

**PARCEL III:** That certain lot or parcel of land, all with buildings and improvements thereon. situated in the City of Newport, State of Rhode Island, and bounded westerly by Bellevue Avenue, southerly by land now or lately of Garnett C. Douglas; easterly by the Atlantic Ocean; and northerly by Parcels I and II, hereinabove described.

# AMERICAN CAPITAL CORPORATION

## CERTIFICATE OF CORPORATE AUTHORITY AND INCUMBENCY

The undersigned, Secretary of **AMERICAN CAPITAL CORPORATION,** a Rhode Island corporation (the "Corporation"), hereby certifies that the following resolutions were duly passed by the unanimous written consent of the directors and stockholders of the Corporation:

**RESOLVED:** That the corporation be and hereby is authorized to enter into that certain agreement bearing the caption **AGREEMENT OF SALE AND PURCHASE** by and between the corporation and **TIMOTHY L. BLIXSETH** and **EDRA BLIXSETH** as Purchasers having an effective date of November 23, 2005 wherein the corporation agrees to sell its real estate and certain listed tangible personal property to Purchasers on the terms and conditions set forth in said **AGREEMENT OF SALE AND PURCHASE**; and

**FURTHER RESOLVED:** That the execution and delivery of said **AGREEMENT OF SALE AND PURCHASE** by Andrew Panteleakis as President of **AMERICAN CAPITAL CORPORATION** hereby is ratified, approved and affirmed; and

**FURTHER RESOLVED:** That Andrew Panteleakis as President and Nancy Z. Waddell as Vice President be and each of them is hereby authorized on behalf of the corporation to take such action and to execute and deliver such documents as may be necessary or appropriate to effectuate the sale of the corporation's real estate and said tangible personal property pursuant to the provisions of said **AGREEMENT OF SALE AND PURCHASE.**

**FURTHER RESOLVED:** That the Purchasers are hereby authorized to rely upon these resolutions and the following certificate of the Secretary of the Corporation until the Purchasers receive written notice of revocation thereof.

The undersigned further certifies that the foregoing resolutions are all in accordance with the provisions of the Articles of Incorporation and the By-Laws of the Corporation and the laws of the State of Rhode Island; and that no one of such resolutions is in conflict with any provision thereof; that all of such resolutions are now in full force and effect; and that the following were duly elected and are now holding the offices of the Corporation opposite their signatures:

| (Title) | (Signature) |
| --- | --- |
| President and Treasurer | Andrew Panteleakis |
| Vice President and Secretary | Nancy Z. Waddell |
| Director | Andrew Panteleakis |

and that Andrew Panteleakis is the only record shareholder of the Corporation.

**IN WITNESS WHEREOF,** I have set my hand and affixed the seal of the Corporation this day of January, 2006.

Nancy Z. Waddell, Secretary

## AMERICAN CAPITAL CORPORATION

## UNANIMOUS CONSENT OF DIRECTORS AND STOCKHOLDERS TO ACTION WITHOUT A MEETING

The undersigned, being the sole director and sole stockholder of **AMERICAN CAPITAL CORPORATION**, a Rhode Island corporation, hereby consents, pursuant to the provisions of Section 7-1.1-39.1 and Section 7.1.1-30.3 of the General Laws of Rhode Island, 1956, as amended, to the corporation taking the actions described in the following resolutions:

**RESOLVED:** That the corporation be and hereby is authorized to enter into that certain agreement bearing the caption **AGREEMENT OF SALE AND PURCHASE** by and between the corporation and **TIMOTHY L. BLIXSETH** and **EDRA BLIXSETH** as Purchasers having an effective date of November 23, 2005 wherein the corporation agrees to sell its real estate and certain listed tangible personal property to Purchasers on the terms and conditions set forth in said **AGREEMENT OF SALE AND PURCHASE**; and

**FURTHER RESOLVED:** That the execution and delivery of said **AGREEMENT OF SALE AND PURCHASE** by Andrew Panteleakis as President of **AMERICAN CAPITAL CORPORATION** hereby is ratified, approved and affirmed; and

**FURTHER RESOLVED:** That Andrew Panteleakis as President and Nancy Z. Waddell as Vice President be and each of them is hereby authorized on behalf of the corporation to take such action and to execute and deliver such documents as may be necessary or appropriate to effectuate the sale of the corporation's real estate and said tangible personal property pursuant to the provisions of said **AGREEMENT OF SALE AND PURCHASE.**

[signature]
Andrew Panteleakis, as sole Director and sole Stockholder

DATED: January 11, 2006

# PROMISSORY NOTE

$25,122,000 Rancho Mirage, California January 13, 2006

FOR VALUE RECEIVED, (the undersigned, individually and collectively ("Payor") promises to pay to the order of Timothy L. Blixseth and Edra D. Blixseth, at 71-534 Sahara Road, Rancho Mirage, CA 92270, or at such other place as the holder of this Note ("Payee") may from time to time designate in writing, the sum of Twenty-Five Million One Hundred Twenty-Two Thousand Dollars ($25,122,000) in lawful money of the United States.

1. **Security.** This Note is secured by a mortgage ("Mortgage") of even date herewith, executed by Payor, encumbering real property located in the City of Newport, Rhode Island ("Property").

2. **Maturity.** Unless sooner repaid by Payor, the entire unpaid principal balance of this Note and all other amounts owing hereunder, or under the Mortgage which secures repayment of this Note, shall be due and payable in full when the Payor sells the Payee's Rancho Mirage property as relinquished property or January 13, 2010, whichever event first occurs.

3. **Application of Payments.** Payments shall be applied first to the payment of accrued interest; second, at the option of Payee, to the payment of any advances Payee may have made for taxes, assessments, insurance premiums, or other charges on any property given as security for this Note, and any late charges due hereunder; and third, to the reduction of principal of this Note.

4. **Prepayment.** Payor may prepay its obligation under this Note in full or in part at any time or from time to time without premium or penalty. Unless otherwise agreed to in writing by Payee at the time of prepayment, partial prepayments shall not reduce the amount of the Payor's regularly scheduled monthly installments of principal and interest, or postpone the due date of any such installment.

5. **Late Charge.** If any amount payable hereunder is paid more than ten (10) days after the due date thereof, Payor promises to pay a late charge of five percent (5%) of the delinquent amount as liquidated damages for the extra expense in handling past due payments.

6. **Default; Remedies.** If default is made in the payment of any amount payable hereunder when due, or in the keeping of any covenant of the Mortgage then, at the option of Payee, the entire indebtedness evidenced hereby shall become immediately due and payable, and all such amounts, including all accrued but unpaid interest, shall thereafter bear interest at the rate of ten percent (10%) per annum above the Note Rate. Failure to exercise this option shall not waive the right to exercise the same in the event of any subsequent default.

7. **Attorney Fees.** If suit, action, or other proceeding of any nature whatsoever (including any proceeding under the U.S. Bankruptcy Code) is instituted in connection with any controversy arising out of this agreement or to interpret or enforce any rights hereunder, the prevailing party shall be entitled to recover its attorney fees, paralegals, accountants, and other experts' fees, and all other fees, costs, and expenses actually incurred and reasonably necessary in connection therewith, as determined by the court at trial or on any appeal or review, in addition to all other amounts provided by law.

8. **Miscellaneous.**

10.1 Every person or entity at any time liable for the payment of the indebtedness evidenced hereby waives presentment for payment, demand and notice of nonpayment of this Note. Every such person or entity further hereby consents to any extension of the time of payment hereof or other modification of the terms of payment of this Note, the release of all or any part of the security herefor, or the release of any party liable for the payment of the indebtedness evidenced hereby at any time and from time to time, at the request of anyone now or hereafter liable therefor. Any such extension or release may be made without notice to any of such persons or entities and without discharging their liability.

10.2 The headings to the various sections have been inserted for convenience of reference only and do not define, limit, modify, or expand the express provisions of this Note.

10.3 This Note is made with reference to and is to be construed in accordance with the laws of the state of California.

R. Mark Johnson

R. MARK JOHNSON

# RESIDENCE LEASE

| | |
|---|---|
| LESSOR: | **R. Mark Johnson** |
| LESSEE | **Andrew Panteleakis**<br>Unit #1 (Carriage House), 646 Bellevue Avenue<br>Newport, Rhode Island 02840 |
| TERM: | TWO YEARS (1/17/06 - 1/16/08) |
| RENT: | None |

**RESIDENCE LEASE**

**THIS RESIDENCE LEASE** made and entered into as of the 17th day of January, 2006, by and between R. Mark Johnson, of c/o 71-534 Sahara Road, Rancho Mirage, CA 92270, hereinafter called the "Lessor" and **ANDREW PANTELEAKIS**, of Unit #1 (Carriage House), 646 Bellevue Avenue, Newport, Rhode Island 02840, hereinafter called the "Lessee".

**WITNESSETH:**

That the Lessor, for good and valuable consideration acknowledged by Lessor to having been received from Lessee, does hereby lease unto said Lessee those certain premises designated as Unit #1 (Carriage House), 646 Bellevue Avenue, Newport, Rhode Island 02840, hereinafter sometimes called the "leased premises".

**TO HAVE AND TO HOLD** the leased premises unto the Lessee for and during the term of two (2) years beginning on the 17th day of January, 2006 and ending on the 16th day of January, 2008, rent free.

1. The Lessee shall use the leased premises as a private dwelling for the Lessee and for no other purposes .

2. The Lessee shall take good care of the leased premises including the setting of glass in windows and doors, and upon termination of this Lease as provided herein, shall peaceably surrender the leased premises to the Lessor, its successors and assigns, in as good condition as the same now are, ordinary wear and tear and damage by fire or other casualty excepted. The Lessee acknowledges that the following fixtures and equipment are now in or on the leased premises: Stove, refrigerator, dishwasher, washer and dryer. Lessee agrees not to remove said fixtures and equipment from the leased premises.

3. The Lessor may enter the leased premises at all reasonable times for the purpose of examining the condition thereof and to make such repairs as the Lessor may deem necessary; any repairs required because of the negligence or willful conduct of the Lessee may be made by the Lessor at the Lessee's expense, the amount thereof to be payable by the Lessee within thirty (30) days of receipt of invoice by Lessee. On or after December 1, 2007, Lessor shall have the right to enter the leased premises and show the same to prospective purchasers and/or tenants at all reasonable times.

4. The Lessee will not make or permit to be made (a) any disturbing noises, nor do or permit any acts which would unreasonably interfere with the rights, comfort or conveniences of others, and (b) inscribed,

engraved or affixed to any part of the interior of the leased premises or in the interior of the windows of the leased premises, any signs, advertisements, notices, door plates or similar items without the written permission of Lessor first had and obtained. The Lessee shall not (a) keep any dog, cat, bird or other animal or pet on the leased premises, and (b) make any alterations, additions, or improvements on the leased premises nor paint or paper the walls thereof without the written consent of the Lessor first had and obtained,.

5. Except as specifically set forth herein, the Lessor neither makes nor has made any representation of any kind with respect to the leased premises or the condition thereof. The Lessee accepts the leased premises as being in good and satisfactory condition at the time hereof and upon the taking of possession by the Lessee so accepts the leased premises as of the time of such taking of possession.

6. The Lessor shall not be liable to the Lessee or to the Lessee's invitees or licensees for any damage caused either to person or to property by reason of failure of water supply, electric current, mechanical refrigeration or heating or by reason of rain, snow, ice, sleet, fire, frost, storms and accidents or by reason of any acts or omission, negligence, or otherwise of the Lessor or its agents or servants.

7. In the event that the leased premises are totally destroyed by fire or other casualty, this Lease shall terminate.

8. This Lease shall not be assigned by the Lessee, nor shall the Lessee be permitted to sublet the leased premises. This Lease shall automatically terminate if, and only if, Lessee during the lease term shall vacate the leased premises.

9. This Lease shall, without further act on the part of the Lessee, be subject and subordinate to the lien of any mortgage and/or deed of trust, or other encumbrance which may now exist upon, or which may hereafter be placed by the Lessor, its successors and assigns, upon the leased premises or property including the leased premises.

10. To the extent permitted by law, it is agreed that Lessor shall not be liable, and the Lessee shall hold the Lessor harmless from liability for any injuries to the Lessee and/or any person on the leased premises , through or under Lessee including, without limitation, Lessee's family, agents, employees, invitees or guests, or for any loss or damage to any personal property belonging to Lessee and/or any such persons.

11. The Lessee agrees not to unreasonably interfere with the operations of Lessor, and its successors and assigns relating to the Subject Property, as that term is defined in that certain agreement bearing the caption AGREEMENT OF SALE AND PURCHASE having an effective date of November 23, 2005 entered into by and among American Capital Corporation, Tim L. Blixseth and Edra Blixseth.

Lessee hereby agrees to indemnify and hold free and harmless Lessor and its successors and assigns from any loss, damage or liability (including court costs and attorney's fees) arising from any claim made against Lessee as a result of or in any way arising from, relating to, or connected with Lessee's acts or omissions while occupying the leased premises.

12. Without obtaining the prior written consent of the Lessor, Lessee shall not change any existing locks nor place any additional locks on any doors to the leased premises.

13. The Lessee, performing all the terms, covenants and conditions of this Lease on his part to be performed, shall quietly enjoy the leased premises.

14. All notices given pursuant hereto by the Lessor and Lessee to the other shall be mailed, postage prepaid, first class mail, at the respective addresses set forth above. Lessor agrees a copy of all notices addressed to Lessee shall be sent to Guido R. Salvadore, Esq., 10 Weybosset Street, Suite 303, Providence, Rhode Island 02903.

15. Lessee is responsible to arrange for the removal of rubbish, trash, garbage and refuse, not less frequently than weekly.

16. Notwithstanding anything to the contrary contained herein, the Lessee agrees to promptly pay and be responsible for, all utilities (except for water and sewer) and without limiting the generality of the foregoing, heating bills and electrical bills.

**IN WITNESS WHEREOF**, the parties have executed this Residence Lease the day and year first written above.

**LESSEE ACKNOWLEDGES HAVING READ THE FOREGOING LEASE AND RECEIPT OF A COMPLETED COPY THEREOF.**

LESSOR:

R. Mark Johnson

LESSEE:

Andrew Panteleakis

STATE OF CALIFORNIA )
) ss.
County of Riverside )

On January 11, 2006, before me, Sally A. Christman, personally appeared R. Mark Johnson, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

SALLY A. CHRISTMAN
Commission # 1606404
Notary Public - California
Riverside County
My Comm. Expires Sep 13, 2009

Sally A Christman
Notary Public for California

STATE OF RHODE ISLAND
COUNTY OF NEWPORT

In Newport on the ______ day of ______________, 2006 before me personally appeared **ANDREW PANTELEAKIS,** by me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument, by him executed, to be his free act and deed.

______________________________
Notary Public
My Commission Expires:_________

# RESIDENCE LEASE

| | |
|---|---|
| LESSOR: | **R. Mark Johnson** |
| LESSEE | **Andrew Panteleakis**<br>Unit #1 (Carriage House), 646 Bellevue Avenue<br>Newport, Rhode Island 02840 |
| TERM: | TWO YEARS (1/17/06 - 1/16/08) |
| RENT: | None |

# RESIDENCE LEASE

**THIS RESIDENCE LEASE** made and entered into as of the 17th day of January, 2006, by and between R. Mark Johnson, of c/o 71-534 Sahara Road, Rancho Mirage, CA 92270, hereinafter called the "Lessor" and **ANDREW PANTELEAKIS**, of Unit #1 (Carriage House), 646 Bellevue Avenue, Newport, Rhode Island 02840, hereinafter called the "Lessee".

## W I T N E S S E T H:

That the Lessor, for good and valuable consideration acknowledged by Lessor to having been received from Lessee, does hereby lease unto said Lessee those certain premises designated as Unit #1 (Carriage House), 646 Bellevue Avenue, Newport, Rhode Island 02840, hereinafter sometimes called the "leased premises".

**TO HAVE AND TO HOLD** the leased premises unto the Lessee for and during the term of two (2) years beginning on the 17th day of January, 2006 and ending on the 16th day of January, 2008, rent free.

1. The Lessee shall use the leased premises as a private dwelling for the Lessee and for no other purposes .

2. The Lessee shall take good care of the leased premises including the setting of glass in windows and doors, and upon termination of this Lease as provided herein, shall peaceably surrender the leased premises to the Lessor, its successors and assigns, in as good condition as the same now are, ordinary wear and tear and damage by fire or other casualty excepted. The Lessee acknowledges that the following fixtures and equipment are now in or on the leased premises: Stove, refrigerator, dishwasher, washer and dryer. Lessee agrees not to remove said fixtures and equipment from the leased premises.

3. The Lessor may enter the leased premises at all reasonable times for the purpose of examining the condition thereof and to make such repairs as the Lessor may deem necessary; any repairs required because of the negligence or willful conduct of the Lessee may be made by the Lessor at the Lessee's expense, the amount thereof to be payable by the Lessee within thirty (30) days of receipt of invoice by Lessee. On or after December 1, 2007, Lessor shall have the right to enter the leased premises and show the same to prospective purchasers and/or tenants at all reasonable times.

4. The Lessee will not make or permit to be made (a) any disturbing noises, nor do or permit any acts which would unreasonably interfere with the rights, comfort or conveniences of others, and (b) inscribed,

engraved or affixed to any part of the interior of the leased premises or in the interior of the windows of the leased premises, any signs, advertisements, notices, door plates or similar items without the written permission of Lessor first had and obtained. The Lessee shall not (a) keep any dog, cat, bird or other animal or pet on the leased premises, and (b) make any alterations, additions, or improvements on the leased premises nor paint or paper the walls thereof without the written consent of the Lessor first had and obtained,.

5. Except as specifically set forth herein, the Lessor neither makes nor has made any representation of any kind with respect to the leased premises or the condition thereof. The Lessee accepts the leased premises as being in good and satisfactory condition at the time hereof and upon the taking of possession by the Lessee so accepts the leased premises as of the time of such taking of possession.

6. The Lessor shall not be liable to the Lessee or to the Lessee's invitees or licensees for any damage caused either to person or to property by reason of failure of water supply, electric current, mechanical refrigeration or heating or by reason of rain, snow, ice, sleet, fire, frost, storms and accidents or by reason of any acts or omission, negligence, or otherwise of the Lessor or its agents or servants.

7. In the event that the leased premises are totally destroyed by fire or other casualty, this Lease shall terminate.

8. This Lease shall not be assigned by the Lessee, nor shall the Lessee be permitted to sublet the leased premises. This Lease shall automatically terminate if, and only if, Lessee during the lease term shall vacate the leased premises.

9. This Lease shall, without further act on the part of the Lessee, be subject and subordinate to the lien of any mortgage and/or deed of trust, or other encumbrance which may now exist upon, or which may hereafter be placed by the Lessor, its successors and assigns, upon the leased premises or property including the leased premises.

10. To the extent permitted by law, it is agreed that Lessor shall not be liable, and the Lessee shall hold the Lessor harmless from liability for any injuries to the Lessee and/or any person on the leased premises , through or under Lessee including, without limitation, Lessee's family, agents, employees, invitees or guests, or for any loss or damage to any personal property belonging to Lessee and/or any such persons.

11. The Lessee agrees not to unreasonably interfere with the operations of Lessor, and its successors and assigns relating to the Subject Property, as that term is defined in that certain agreement bearing the caption AGREEMENT OF SALE AND PURCHASE having an effective date of November 23, 2005 entered into by and among American Capital Corporation, Tim L. Blixseth and Edra Blixseth.

Lessee hereby agrees to indemnify and hold free and harmless Lessor and its successors and assigns from any loss, damage or liability (including court costs and attorney's fees) arising from any claim made against Lessee as a result of or in any way arising from, relating to, or connected with Lessee's acts or omissions while occupying the leased premises.

12. Without obtaining the prior written consent of the Lessor, Lessee shall not change any existing locks nor place any additional locks on any doors to the leased premises.

13. The Lessee, performing all the terms, covenants and conditions of this Lease on his part to be performed, shall quietly enjoy the leased premises.

14. All notices given pursuant hereto by the Lessor and Lessee to the other shall be mailed, postage prepaid, first class mail, at the respective addresses set forth above. Lessor agrees a copy of all notices addressed to Lessee shall be sent to Guido R. Salvadore, Esq., 10 Weybosset Street, Suite 303, Providence, Rhode Island 02903.

15. Lessee is responsible to arrange for the removal of rubbish, trash, garbage and refuse, not less frequently than weekly.

16. Notwithstanding anything to the contrary contained herein, the Lessee agrees to promptly pay and be responsible for, all utilities (except for water and sewer) and without limiting the generality of the foregoing, heating bills and electrical bills.

**IN WITNESS WHEREOF**, the parties have executed this Residence Lease the day and year first written above.

**LESSEE ACKNOWLEDGES HAVING READ THE FOREGOING LEASE AND RECEIPT OF A COMPLETED COPY THEREOF.**

| LESSOR: | LESSEE: |
| --- | --- |
| R. Mark Johnson | Andrew Panteleakis |

STATE OF CALIFORNIA )
) ss.
County of Riverside )

On January 11, 2006, before me, Sally A. Christman personally appeared R. Mark Johnson, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

SALLY A. CHRISTMAN
Commission # 1606404
Notary Public - California
Riverside County
My Comm. Expires Sep 13, 2009

Sally A. Christman
Notary Public for California

STATE OF RHODE ISLAND
COUNTY OF NEWPORT

In Newport on the ______ day of _______________, 2006 before me personally appeared **ANDREW PANTELEAKIS,** by me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument, by him executed, to be his free act and deed.

______________________________
Notary Public
My Commission Expires:_________