**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **AMERICAN CAPITAL CORPORATION,** <br> **Plaintiff** <br> v. <br> **TIMOTHY L BLIXSETH; EDRA BLIXSETH; and MORTGAGE GUARANTEE & TITLE CO.** <br> **Defendants** | **C.A. No. 06-90S** |

**DEFENDANT'S SECOND EXPERT DISCLOSURE**

1. Michael W. Miller
Miller Scott & Holbrook
122 Touro Street
Newport, Rhode Island 02840-2967

See attached report.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record by electronic mail and regular mail on April 4, 2007.

Respectfully submitted
TIMOTHY AND EDRA BLIXSETH
By Their Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY

*/s/ Brian P. Voke*

Brian P. Voke, Esquire (RI Bar #: 4953)
One Constitution Plaza
Boston, MA 02129
Phone: 617-241-3042

MILLER SCOTT & HOLBROOK

*Attorneys and Counselors at Law*

MICHAEL W. MILLER
TURNER C. SCOTT
FRANCIS S. HOLBROOK II*

*Of Counsel*
ROLAND F. CHASE

*also admitted in Connecticut*

April 4, 2007

Brian P. Voke, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, MA 02129

***Re: American Capital Corporation v. Timothy L. Blixseth and Edra Blixseth***

Dear Mr. Voke:

Pursuant to your request, I have reviewed certain documents provided by you for the purpose of assisting you in making a determination as to the ability of American Capital Corporation to convey good and marketable title on January 17, 2006 and to enter into a contract to convey three (3) parcels of real estate, containing approximately eight (8) acres of land, located in Newport, Rhode Island, as identified in Sales and Purchase Agreement between American Capital Corporation and Tim L. Blixseth and Edra Blixseth dated November 23, 2005. In connection therewith, neither I nor this office has conducted a title examination of the properties in question. In addition, certain assumptions have been made based upon representations by you to me.

I have reviewed the following documents:

1. By-Laws of American Capital Corporation;
2. American Capital Corporation Consent of the Directors and Stockholders to Action Without a Meeting;
3. Certificate of Corporate Authority and Incumbency;
4. Unanimous Consent of Trustees;
5. Copy of the General Laws of Rhode Island, Section 7-1.2-1102;
6. Letter dated October 15, 2006 from Dr. H. Denman Scott regarding Andrew Panteleakis ;
7. Correspondence from Mortgage Guarantee & Title Insurance Company regarding the sale of the property to Timothy L. Blixseth;
8. Title Commitment issued by Mortgage Guarantee & Title Company, effective November 22, 2005;
9. Various documents purportedly held in escrow by Mortgage Guarantee & Title Insurance Company consisting of:

122 TOURO STREET NEWPORT, RHODE ISLAND 02840-2967 TEL 401-847-7500 FAX 401-848-5854 E-MAIL attorney@millerscott.com

a. Tax Reform Act of 1986 Reporting Information;
b. Commercial loan payoff request for Citizens Bank;
c. Mortgage Deed from R. Mark Johnson to Timothy L. Blixseth and Edra D. Blixseth, in the principal amount of twenty-five thousand one hundred twenty-two ($25,122.00) dollars containing an acknowledgment dated January 11, 2006;
d. American Capital Corporation's Certificate of Corporate Authority and Incumbency;
e. American Capital Corporation Consent of the Directors and Stockholders to Action Without a Meeting;
f. Promissory Note from R. Mark Johnson to Timothy L. Blixseth and Edra D. Blixseth in the principal amount of twenty-five thousand one hundred twenty-two ($25,122.00) dollars;
g. Residence Lease from R. Mark Johnson to Andrew Panteleakis for the term January 17, 2006 to January 16, 2008;

10. Rhode Island Corporation search for American Capital Corporation; and
11. Annual Reports for American Capital Corporation for the years 2005 and 2006.

Consistent with our review of the foregoing, we were advised that the signatures of Andrew Panteleakis as set forth on the Purchase and Sales Agreement, Unanimous Consent of Directors and Shareholders to Action Without a Meeting, and a Corporate Authority and Incumbency were actually signed by Nancy Waddell. Although the undersigned does not have any expertise in the analysis of handwriting, it should be pointed out that the signature on the offer to purchase shares of stock of American Capital Corporation dated January 2, 1964 purportedly signed by Andrew Panteleakis appears different from the signatures purporting to be that of Andrew Panteleakis on the identified documents.

Based upon review of the foregoing, it is my opinion that:

1. The By-Laws in Section 6 provide that every stockholder shall be entitled to one vote for each share of voting stock held. Section 4 provides that the holders of the majority of the voting stock then issued and outstanding shall constitute a quorum for the transaction of business.

Without having the benefit of reviewing any documents establishing the current owners of the shares of American Capital Corporation, but based upon the original stock offer letter suggesting that shares were issued to Andrew Panteleakis and the recent deposition of Guido Salvadore, which states that those shares were transferred to a Trust, and when read in conjunction with the Unanimous Consent of Trustees dated January 11, 2006, it would appear that the Trustees of the Trust would have the authority to vote the shares of American Capital Corporation. No opinion is given as to the actual authority of the Trustees to act on behalf of the Trust as the Trust document was not reviewed for purposes of this analysis. It is my understanding that you have requested a copy of the Trust and my opinion may be subject to revision upon receipt and review of the Trust instrument.

2. There is nothing in the By-Laws of American Capital Corporation that makes reference to a Board of Directors. However, a review of the Annual Reports for 2005 and 2006 for American Capital Corporation suggest that Andrew Panteleakis is the sole director of American Capital Corporation. Based upon this representation, since Mr. Panteleakis holds himself out as sole director of the corporation, it would be appropriate that any and all action of American Capital Corporation taken by, through and on behalf of its shareholders must also have the concurrence of the corporation through its sole director. In furtherance of this opinion, Rhode Island General Laws, Section 7-1.2-1102(a) requires the Board of Directors adoption of a resolution recommending a sale, lease or exchange or other disposition and directing the submission of the resolutions to a vote at a meeting of shareholders which may be either annual or a special meeting for a sale of assets other than in the regular course of business. In addition, after the shareholders have authorized such a sale, the Board of Directors under subsection (d) may choose to abandon the sale, lease exchange or disposition of assets subject to the rights of third parties, under any related contracts without any further action or approval by shareholders. Accordingly, based upon the annual reports for American Capital Corporation, it is my opinion that both the shareholders and directors of American Capital Corporation must approve any sale of the assets of the corporation.

3. My review of American Capital Corporation's Unanimous Consent of Directors and Stockholders to Action Without a Meeting suggests that Andrew Panteleakis, as sole director and sole stockholder, consented to the corporation taking the action described in certain resolutions authorizing the execution of Agreement of Sale and Purchase and

authorizing Andrew Panteleakis as President and Nancy Z. Waddell as Vice President to take such action and to execute such documents necessary or appropriate to effectuate the sale of the corporation's real estate and tangible personal property. It is my opinion that this document on its face requires both the signature of Andrew Panteleakis as President and Nancy Z. Waddell as Vice President in order to properly effect the transfer of any real estate or any tangible personal property. It is my understanding that the Unanimous Consent was not signed by Mr. Panteleakis and, accordingly, it validity is in question and there is no proper consent for the corporation needed to take the appropriate action to effect the sale of the real estate. In addition, assuming the validity of the Unanimous Consent, it would require the signature of both Mr. Panteleakis and Ms. Waddell as President and purported Vice President of the Corporation. The annual reports for the years 2005 and 2006 do not reflect that Nancy Z. Waddell was the Vice President of the Corporation. In fact, no Vice President is listed, Ms. Waddell is listed only as Secretary of the Corporation, Mr. Panteleakis is listed as President, Treasurer and sole director. Accordingly, the validity of the Consent and the action to be taken thereunder is, at best, questionable.

4. American Capital Corporation Certificate of Corporate Authority and Incumbency certifies that certain corporate resolutions were passed by the unanimous consent of the directors and stockholders of the corporation. Based upon representations by you, it is again my understanding that Mr. Panteleakis did not sign this document and, accordingly, the entire document may be invalid. The Certificate does reflect corporate resolutions taken requiring Mr. Panteleakis and Ms. Waddell as President and Vice President to act on behalf of the Corporation. As set forth in paragraph 3 above, the annual reports for 2005 and 2006 do not reflect that Nancy Waddell held the office of Vice President. Again, the validity of the Certificate and the action to be taken thereunder is, at best, questionable.

5. Mr. Salvadore, in his deposition, testified that the Trust is the owner of the shares of stock of American Capital Corporation and the Trustees have the right to vote the shares held by the Trust. The Unanimous Consent of the Directors and Shareholders states Andrew Panteleakis is the sole shareholder. The Annual Reports for American Capital Corporation for 2005 and 2006 indicate that Andrew Panteleakis was the sole director of the Corporation.

In the Unanimous Consent of Trustees, the Trustees authorize Andrew Panteleakis as President and/or Nancy Z. Waddell as Vice President to act on behalf of American Capital Corporation. This conflicts with the Unanimous Consent of Directors and Shareholders, which, as previously noted, requires the signature of both Mr. Panteleakis and Ms. Waddell to properly effect any transfer of real estate or personal property.

6. The letter of H. Denman Scott, M.D., dated October 15, 2006 purports to be the opinion of Mr. Panteleakis' physician indicating that Mr. Panteleakis has physical impairments and cognitive deficits and therefore call into question his competency. It is my understanding that Nancy Waddell testified that Mr. Panteleakis was incapacitated for several years prior as a result of a stroke. Assuming that Mr. Panteleakis was incapacitated, American Capital Corporation had no qualified directors to authorize the sale of the real estate and execution and delivery of a deed and it is my opinion that further corporate action would be necessary to establish the appropriate corporate authority to transfer the corporation's real estate. The Trustees needed to vote the trust stock and elect one or more new directors and the directors and shareholders would need to authorize the sale of real estate and authorize the appropriate corporate officers to execute all documents necessary to effect the sale.

7. It is my understanding based upon Nancy Waddell's deposition, that Nancy Waddell purports to have a Power of Attorney for Mr. Panteleakis. While it is my opinion that the corporation would have to authorize someone other than Mr. Panteleakis to act on behalf of the corporation, at the very least any document purportedly signed for Mr. Panteleakis by Nancy Waddell must state her capacity, i.e., executed pursuant to the Power of Attorney. Any such document should state her capacity to execute such document and the actual Power of Attorney must be produced. The failure to follow the above procedure is a fatal defect and all documents, including the Sale and Purchase Agreement and Unanimous Consent of Directors and Stockholders and Certificate of Corporate Authority and Incumbency signed by Nancy Waddell on behalf of Andrew Panteleakis are defective and not sufficient proof to establish the authority of Mr. Panteleakis or the corporation to act as intended.

8. The copies of the escrow documents provided by you to me and identified as number 9 above, did not contain the Unanimous Consent of Trustees. Assuming those items were the complete escrow package, no document was presented at closing which properly demonstrated the vote

of the shareholders, the authority of the Trustees to vote the shares or the authority of the corporation to act.

Accordingly, based on the foregoing, it is the opinion of the undersigned that Mr. Panteleakis was incompetent during the period in question, all signatures purporting to be that of Mr. Panteleakis are defective and the corporation lacked the requisite authority to properly convey the real estate. That being so, based upon the documentation presented, I am of the opinion that on January 17, 2006, the corporation would be unable to convey good and marketable title to the real estate.

This opinion is based only upon the limited review of the documents referenced herein and no further independent investigation and/or title examination of the property in question has been conducted in rendering this opinion.

If I may be of further assistance, feel free to contact me.

Very truly yours,

Michael W. Miller

MWM/lep

# MICHAEL W. MILLER

122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500
Fax: (401) 848-5854


DATE OF BIRTH: August 30, 1952

ADMITTED TO BAR: October 1977

EDUCATION

Fordham Law School, J.D., 1977
- Honors: Urban Law Journal
  Dean's List
- Publication: Note, *Dealer Location Clauses and the Per Se Rule: From Schwinn to GTE Sylvania*, 5 *Fordham Urban Law Journal* 103 (1976).

University of Rhode Island, B.A., 1974
- Cum Laude, Elementary Education
- Area of Concentration: Political Science
- Honors: Vice-President of Education Honor Society (Kappa Delta Pi)
  Member of the Political Science Honor Society (Pi Sigma Alpha)
  Member of the Honors Colloquium

ACTIVITIES
- Past Member, Board of Directors, Newport County Mental Health Center
- Member, Middletown Personnel Review Board, 1984-1986
- Chairman, Middletown Tourism and Convention Authority Study Committee, 1980-1982
- Past Chairman, Middletown Heart Fund Campaign
- Delegate to the 1973 Rhode Island Constitutional Convention

PROFESSIONAL MEMBERSHIPS
- Member, Newport County, Rhode Island and American Bar Associations
- Member, National Institute of Municipal Law Officers
- Associate Member, Newport County Board of Realtors

EMPLOYMENT

Miller Scott & Holbrook, Partner, August 1991 - Present
- General Practice with emphasis on real estate, zoning and land use matters.

Probate Judge, Town of Middletown, November 1994 - Present

Town Solicitor, Town of Middletown, November 1986 - November 2002
- Responsibilities include advice and counsel to Town Council and all department heads and boards of the Town of Middletown; litigation on behalf of the Town when necessary.

Assistant Town Solicitor, Town of Middletown, November 1980 to November 1982 and November 2006 to Present

EMPLOYMENT (continued)

Sole Practitioner, February 1991 - July 1991
- Emphasis on real estate, zoning and land use matters. General Counsel for Newport County Regional Special Education Program.

Going & Miller, Ltd., Partner, April 1980 - February 1991

- General Practice with emphasis on real estate, zoning and land use matters. Assistant to General Counsel for Newport County Regional Special Education Program.

Law Offices of Robert M. Silva, Ltd., Associate, October 1977 - April 1980

- Responsibilities for all matters in general practice office.