# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **AMERICAN CAPITAL CORPORATION,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**TIMOTHY L BLIXSETH; EDRA BLIXSETH; and MORTGAGE GUARANTEE & TITLE CO.**<br><br>**Defendants** | **C.A. No. 06-90S** |

**ANSWERS TO PLAINTIFF'S, AMERICAN CAPITAL CORPORATION, INTERROGATORIES TO DEFENDANT, TIMOTHY L. BLIXSETH**

**INTERROGATORY NO. 1.**

Set forth your full name and any other names by which you have been known; date of birth; Social Security number; driver's license number and state of issuance; marital status; residence addresses used during the last five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of the answers to these Interrogatories.

**RESPONSE NO. 1.**

Without waiving his objections, Timothy L. Blixseth states that these are his

responses, which have been prepared by and under the supervision of his attorneys, including counsel of record in this lawsuit. Timothy L. Blixseth further states that he is a resident of Rancho Mirage, California and is self employed as a businessman.

To the extent this Interrogatory seeks an additional or different response, Timothy L. Blixseth objects to this Interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the attorney work-product protection. Timothy L. Blixseth further objects on the grounds that this Interrogatory is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2.**

State the names and present addresses of those persons who have given you, your attorney or any person, firm or corporation acting on your behalf, statements, voice recordings, reports or memoranda relating to the matter complained of in Plaintiffs' complaint and Defendants' counterclaim, its causes or consequences, and provide the date of each item and the name and address of the person, firm or

corporation who now has possession or custody of such item.

**RESPONSE NO. 2.**

Subject to his objection Timothy L. Blixseth states that he received correspondence along with a postcard dated August 25, 2005, from Harry Kojoian a copy of which is attached. He received two real estate disclosure statements from American Capital Corporation signed by Andrew Panteleakis date November 18, 2005, which are attached. He received correspondence directed to his Attorney, Andrew Hawes, from Guido Salvadore in the form of various e-mails which are attached. He received from his Attorney, Andrew Hawes, zoning documents that were sent by Guido Salvadore which are attached. He received an Agreement for Sale and Purchase which is the subject matter of this lawsuit. He received a title report from First American Title Company which is attached. Guido Salvadore also had oral conversations with Timothy Blixseth regarding this property along with Nancy Wadell, when she showed Timothy and Edra Blixseth around Mirimar. Andy Hawes also received oral statements from Paige Brock of the City of Newport regarding the subject property. Timothy Blixseth objects to this interrogatory as drafted, as it is overly broad, unduly burdensome and vague and ambiguous and fails to specify with reasonable particularity the items sought.

**INTERROGATORY NO. 3.**

Do Defendants claim or allege that any defect or defective condition in the preparation, declarations and representations of information in the Rhode Island Real Estate Disclosure forms delivered to the them were in any way due to the negligence of Plaintiff, its agents and employees, and if so:

a. State each and every act that Plaintiff, its agents and employees, did or failed to do regarding the documentation which caused or contributed to the alleged defect of the Rhode Island Real Estate Disclosure forms delivered to the Defendants, Blixseths;

b. Describe each defect or defective condition in the Rhode Island Real Estate Disclosure forms that the conduct of Plaintiff, its agents and employees, is alleged to have been a direct cause of; and

c. Describe in detail what Plaintiff, its agents and employees, should have done or should have refrained from doing with regard to the Rhode Island Real Estate Disclosure forms delivered to Defendants, Blixseths, so as to prevent the alleged breach of sale as outlined in Plaintiff's complaint and Defendants' counterclaim.

**RESPONSE NO. 3.**

a. Yes, without waiving his objections Timothy L. Blixseth states American Capital negligently misrepresented the property by omitting the following information from the Real Estate Disclosure forms.

American Capital Corporation knew that the property was located within the Newport Historic District and that it was subject to the restrictions of the Newport Historic District Commission and, delivered inaccurate disclosure forms to the Blixseths. The disclosures by American Capital Corporation are in violation of Rhode Island G.L. § 1956 title 5 chapter 5-20.8 as American Capital Corporation failed to disclose the property described in the "Agreement for Sale and Purchase" was located within the Newport Historic District and failed to provide the Blixseths with the written disclosure stating as required by title chapter 5-20.8 (2) (xxiii) that "property located in the Historic District may be subject to construction, expansion or renovation limitations." "Contact the local building inspection official for details."

Rhode Island law required that these disclosures be made prior to the signing of the "Agreement For Sale and Purchase."

b. Yes, without waiving his objections Timothy L. Blixseth states American Capital negligently misrepresented the property by omitting the following information from the Real Estate Disclosure forms.

American Capital Corporation knew that the property was located within the Newport Historic District and that it was subject to the restrictions of the Newport Historic District Commission and, delivered inaccurate disclosure forms to the Blixseths. The disclosures by American Capital Corporation are in violation of Rhode Island G.L. § 1956 title 5 chapter 5-20.8 as American Capital Corporation failed to disclose the property described in the "Agreement for Sale and Purchase" was located within the Newport Historic District and failed to provide the Blixseths with the written disclosure stating as required by title chapter 5-20.8 (2) (xxiii) that "property located in the Historic District may be subject to construction, expansion or renovation limitations." "Contact the local building inspection official for details."

Rhode Island law required that these disclosures be made prior to the signing of the "Agreement For Sale and Purchase."

c. Blixseth objects to interrogatory subpart (c) as it is vague, ambiguous, and confusing as drafted. Without waiving his objections Blixseth states that to have prevented the misrepresentations, and violations of the Rhode Island Real Estate Disclosures Act, the plaintiff should have complied with Rhode Island G.L. §1956 title 5 and disclosed in writing that the subject property was located within the Newport Historic District, and that the "property located in the Historic

District may be subject to construction, expansion or renovation limitations. Contact the local building inspection official for details." Rhode Island G.L. 1956 title 5 chapter 5-20.8-4 provides that if prior to the time at which real estate is transferred from seller to buyer and consideration is delivered to the seller or to a settlement agent with the intention of imminent delivery upon the recording of pertinent documents and other ministerial acts associated with the settlement, the buyer discovers, that a material deficient condition exists which has not been disclosed to the buyer, the buyer may elect to terminate the agreement to transfer in which case the buyer shall receive all deposits paid by the buyer to the seller or his agent pursuant to the agreement. American Capital Corporation should have returned my deposit and accumulated interest following my counsel's March 10, 2006 letter to American Capital terminating the Agreement for Sale and Purchase and requesting the return of my deposit.

**INTERROGATORY NO. 4.**

If Defendants claim or allege through their counterclaim that any defect or defective condition of the Rhode Island Real Estate Disclosure forms was in any way due to the breach of warranty by Plaintiff, its agents and employees :

a. State each and every act that this Plaintiff, its agents and employees, did or

failed to do regarding the Rhode Island Real Estate Disclosure forms which caused or contributed to cause the matter which is the subject of Plaintiff's complaint and Defendants' counterclaim; and

b. Describe each defect or defective condition that Plaintiff's conduct and/or that of its agents and employees, is alleged to have been a direct cause of; and

c. Describe in detail what this Plaintiff, its agents and employees, should have done or should have refrained from doing with regard to the matter which is the subject of Plaintiff's complaint and the counterclaim of Defendants, Timothy L. Blixseth and Edra Blixseth.

**RESPONSE NO. 4.**

Timothy Blixseth objects to interrogatory as it is vague, ambiguous and confusing, without waiving his objection Timothy Blixseth states:

a. American Capital negligently misrepresented the property by omitting the following from the Real Estate Disclosure forms.

American Capital Corporation knew that the property was located within the Newport Historic District and that it was subject to the restrictions of the Newport Historic District Commission and delivered inaccurate disclosure forms to the Blixseths. The disclosures by American Capital Corporation are in violation of Rhode Island G.L. § 1956 title 5 chapter 5-20.8 as American Capital Corporation

failed to disclose that the property described in the "Agreement for Sale and Purchase" was located within the Newport Historic District and failed to provide the Blixseths with the written disclosure stating as required by title 5 chapter 5-20.8 (2) (xxiii) that "property located in the Historic District may be subject to construction, expansion or renovation limitations." "Contact the local building inspection official for details." Rhode Island law required that these disclosures be made prior to the signing of the "Agreement For Sale and Purchase."

b. American Capital negligently misrepresented the property by omitting the following from the Real Estate Disclosure forms.

American Capital Corporation knew that the property was located within the Newport Historic District and that it was subject to the restrictions of the Newport Historic District Commission and delivered inaccurate disclosure forms to the Blixseths. The disclosures by American Capital Corporation are in violation of Rhode Island G.L. § 1956 title 5 chapter 5-20.8 as American Capital Corporation failed to disclose that the property described in the "Agreement for Sale and Purchase" was located within the Newport Historic District and failed to provide the Blixseths with the written disclosure stating as required by title 5 chapter 5-20.8 (2) (xxiii) that "property located in the Historic District may be subject to construction, expansion or renovation limitations. Contact the local building

inspection official for details." Rhode Island law required that these disclosures be made prior to the signing of the "Agreement For Sale and Purchase."

c. Blixseth objects to interrogatory subpart (c) as it is vague, ambiguous, and confusing as drafted. Without waiving his objections Blixseth states as follows: to have prevented the misrepresentations and violations of the Rhode Island Real Estate Disclosures Act, the plaintiff should have complied with Rhode Island G.L. §1956 title 5 and disclosed in writing that the subject property was located within the Newport Historic District, and that the "property located in the Historic District may be subject to construction, expansion or renovation limitations. Contact the local building inspection official for details." Rhode Island G.L. 1956 title 5 chapter 5-20.8-4 provides that if prior to the time at which real estate is transferred from seller to buyer and consideration is delivered to the seller or to a settlement agent with the intention of imminent delivery upon the recording of pertinent documents and other ministerial acts associated with the settlement, the buyer discovers, that a material deficient condition exists which has not been disclosed to the buyer, the buyer may elect to terminate the agreement to transfer in which case the buyer shall receive all deposits paid by the buyer to the seller or his agent pursuant to the agreement. American Capital Corporation should have returned my deposit and accumulated interest following

my counsel's March 10, 2006 letter to American Capital terminating the Agreement for Sale and Purchase and requesting the return of my deposit.

**INTERROGATORY NO. 5.**

If Defendant claims that Plaintiff, its agents and employees, in any way violated any state, local or Federal government regulations and/or statues, please state:

a. The exact statute or regulation which Defendant claims that Plaintiff, its agents and employees, violated; and

b. How and in what manner this violation caused or contributed to the failure of Defendant to attend the closing.

**RESPONSE NO. 5.**

a. Timothy L. Blixseth states that American Capitol Corporation violated Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 et. seq., The Rhode Island Real Estate Disclosure Act, by its failure to disclose that the subject property is located within the Newport Historic District and is subject to the restrictions of the Newport Historic District Commission.

Further, Timothy L. Blixseth states that American Capital Corporation, through its agents and employees, violated the Rhode Island Unfair and Deceptive Trade Practice and Consumer Protection Act.

American Capitol Corporation lacked the capacity to enter into the "Agreement for Sale and Purchase" dated November 23, 2005, because when it was signed by Andrew Panteleakis the board of directors of American Capitol Corporation had not authorized the sale of the subject property as required by Rhode Island law, including R.I.G.L. §7-1.2-1102.

b. I did not learn of American Capital Corporation's violations of the Rhode Island Real Estate Disclosure Act, the Rhode Island Unfair and Deceptive Trade Practice and Consumer Protection Act and the R.I. G.L. §7-1.2 – 1102 until after January 16, 2006.

**INTERROGATORY NO. 6.**

Please state each and every fact which supports the Sixth Affirmative Defense which states, "Plaintiff's claims are barred to the extent that the Plaintiff did not have good, marketable and insurable title at the time it purported to sell the real estate to the Blixseths."

**RESPONSE NO. 6.**

Timothy L. Blixseth states that American Capitol Corporation lacked the capacity to enter into the "Agreement for Sale and Purchase" dated November 23, 2005, because when it was signed by Andrew Panteleakis the board of directors of

American Capitol Corporation had not authorized the sale of the subject property as required by Rhode Island law, including R.I.G.L. §7-1.2-1102.

**INTERROGATORY NO. 7.**

Have you ever been involved in any other legal action, either as a defendant or as a plaintiff? If so, please state:

a. The date and place of each such action filed, giving the name of the court, the name of the other party or parties involved, the number of such actions and the names of the attorneys representing each party;

b. A description of the nature of each such action; and

c. The result of each such action, whether there was an appeal and the result of the appeal and whether such case was reported and the name, volume number and page citation of such report.

**RESPONSE NO. 7.**

Timothy L. Blixseth objects on the grounds that this Interrogatory is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8.**

Please state each and every fact which supports the Eighth Affirmative Defense which states, "Plaintiff's claims are barred to the extent that there was no meeting of the minds between the parties concerning the alleged 'Agreement for Sale and Purchase.'"

**RESPONSE NO. 8.**

Subject to his objections, Timothy Blixseth states that as an inducement to him to execute the Agreement For Sale and Purchase, American Capital represented and warranted to him that by entering into the Agreement American Capital was not violating any law or regulation in the state of Rhode Island and that Andrew Panteleakis was authorized on behalf of American Capital Corporation to enter into the Agreement For Sale and Purchase and to consumate the terms and conditions of the Agreement on behalf of the seller. American Capital further represented and warranted that Andrew Panteleakis had the full right, power, and authority to execute, perform and consumate the Agreement without any further consent or joinder by any other person, firm, or corporation and that signing the Agreement and selling the property on behalf of American Capital Corporation did not violate any provision of Rhode Island law. Mr. Panteleakis had not been authorized by the board of directors at American Capital Corporation to enter into the Agreement and he was not authorized to sell the

property on behalf of American Capital Corporation contrary to the representations made in the Agreement. Further, American Capital Corporation violated title 5 Chapter 5-20.8-2 the Real Estate Disclose Act as the disclosure forms provided by Andrew Panteleakis on behalf of American Capital Corporation to the Blixseths violated title 5 chapter 5-20.8-2. American Capital Corporation also knew that the subject property was within the Newport Historic District and pursuant to title 5 chapter 5-20.8-2 was required to disclose that the property was located within the Historic District, along with a notification that "property located in a historic district may be subject to construction, expansion or renovation limitations. Contact the local building inspection official for details."

American Capital's failure to make this disclosure violated Rhode Island law and constitutes a breach of the representations and warranties section set forth in the Agreement For Sale and Purchase. Finally, American Capital Corporation through Harry Kojorian and Guido Salvadore made representations that the property could be used as part of the Yellowstone Club World. Those representations were also in violation of Rhode Island law. American Capital Corporation through its agents and employees violated the Rhode Island Unfair and Deceptive Trade Practice in Consumer Protection Act when it delivered Rhode Island Real Estate Disclosure Forms to the Blixseths which were in

violation of Rhode Island law. Further the purpose of the Rhode Island Real Estate Disclosure Act is to allow purchasers such as the Blixseths to make informed decisions after full disclosure by seller which was not done. As a result of the above, there was no meeting of the minds.

**INTERROGATORY NO. 9.**

Set forth the name and address of each and every person believed or known by you, or anyone acting on your behalf, to have been a witness with respect to this matter or to have any knowledge concerning this matter and the events leading to it, including in your answer the name of the person or persons having any knowledge concerning the claims set forth in your counterclaim.

**RESPONSE NO. 9.**

Harry Kojoian, American Capital

Andrew Panteleakis, American Capital

Guido Salvadore, 10 Weybosset Street, Suite 303, Providence, RI 02903

First American Title Company

Nancy Wadell,

Brock Paige, City of Newport, 43 Broadway, Newport, Rhode Island 02840

Timothy Blixseth, 71534 Sahara Road, Rancho Mirage, CA 92270

Edra Blixseth, 71534 Sahara Road, Rancho Mirage, CA 92270

Andrew Hawes, 101 S. Capital Blvd., Suite 1601, Boise, ID 83702

R. Mart Johnson, 136 Wikil Place, Palm Dessert, California 92260

Employees of the city of Newport's Zoning, Planning and Historic District.

Lawyers retained by American Capital Corporation to represent it before the zoning board of review:

Patrick Cole'n. Haze Jr., Cochran Peckum and Haze, Newport, RI

Guy E. Westin, Zoning Officer City of Newport, Rhode Island

**INTERROGATORY NO. 10.**

State the name, address and specialty of each and every expert you have consulted, retained or intend to have testify for you regarding this case, and set forth:

a. The subject matter on which the expert is expected to testify;

b. The substance of the facts and opinions to which the expert is expected to testify;

c. A summary of the grounds of each opinion; and

d. Attach a copy of each said expert's curriculum vitae.

**RESPONSE NO. 10.**

Subject to his objection, Timothy L. Blixseth states that he has not yet determined who he will call as an expert witness at the time of trial, reserves the right to supplement this response according to the Court's scheduling order. Mr. Blixseth objects to this interrogatory on the grounds that it seeks information beyond the scope of Federal Rules Civil Procedure 26 in the courts scheduling order.

**INTERROGATORY NO. 11.**

Please state each and every fact which supports the Twelfth Affirmative Defense which states, "The Plaintiff, through its own acts or omissions or those of its agents, has waived its claim for breach of contract and specific performance."

**RESPONSE NO. 11.**

Timothy L. Blixseth states American Capital negligently misrepresented the property by omitting the following information from the Real Estate Disclosure forms. American Capital Corporation knew that the property was located within the Newport Historic District and that it was subject to the restrictions of the Newport Historic District Commission and, delivered inaccurate disclosure forms

to the Blixseths. The disclosures by American Capital Corporation are in violation of Rhode Island G.L. § 1956 title 5 chapter 5-20.8 as American Capital Corporation failed to disclose the property described in the "Agreement for Sale and Purchase" was located within the Newport Historic District and failed to provide the Blixseths with the written disclosure stating as required by title chapter 5-20.8 (2) (xxiii) that "property located in the Historic District will be subject to construction, expansion or renovation limitations. Contact the local building inspection official for details." Rhode Island law required that these disclosures be made prior to the signing of the "Agreement For Sale and Purchase."

Rhode Island G.L. 1956 title 5 chapter 5-20.8-4 provides that if prior to the time at which real estate is transferred from seller to buyer and consideration is delivered to the seller or to a settlement agent with the intention of imminent delivery upon the recording of pertinent documents and other ministerial acts associated with the settlement, the buyer discovers, that a material deficient condition exists which has not been disclosed to the buyer, the buyer may elect to terminate the agreement to transfer in which case the buyer shall receive all deposits paid by the buyer to the seller or his agent pursuant to the agreement.

Timothy Blixseth further states that as an inducement to him to execute the Agreement For Sale and Purchase, American Capital represented and warranted to him that by entering into the agreement American Capital was not violating any law or regulation in the state of Rhode Island and that Andrew Panteleakis was authorized on behalf of American Capital Corporation to enter into the Agreement For Sale and Purchase and to consumate the terms and conditions of the Agreement on behalf of the seller. American Capital further represented and warranted that Andrew Panteleakis had the full right, power, and authority to execute, perform and consumate the agreement without any further consent or joinder by any other person, firm, or corporation and that signing the agreement and selling the property on behalf of American Capital Corporation did not violate any provision of Rhode Island law. Mr. Panteleakis had not been authorized by the board of directors at American Capital Corporation to enter into the agreement and he was not authorized to sell the property on behalf of American Capital Corporation contrary to the representations made in the agreement. Further, American Capital Corporation violated title 5 Chapter 5-20.8-2 the Real Estate Disclose Act as the disclosure forms provided by Andrew Panteleakis on behalf of American Capital Corporation to the Blixseths violated title 5 chapter 5-20.8-2. American Capital Corporation knew that the subject property was within the

Newport Historic District and pursuant to title 5 chapter 5-20.8-2 was required to disclose that the property was located within the Historic District, along with a notification that "property located in a historic district may be subject to construction, expansion or renovation limitations. Contact the local building inspection official for details."

American Capital's failure to make this disclosure violated Rhode Island law and constitutes a breach of the representations and warranties section set forth in the Agreement For Sale and Purchase. Finally, American Capital Corporation through Harry Kojorian and Guido Salvadore made representations that the property could be used as part of the Yellowstone Club World. Those representations were also in violation of Rhode Island law. American Capital Corporation through its agents and employees violated the Rhode Island Unfair and Deceptive Trade Practice in Consumer Protection Act when it delivered Rhode Island Real Estate Disclosure Forms to the Blixseths which were in violation of Rhode Island law. Further the purpose of the Rhode Island Real Estate Disclosure Act is to allow purchasers such as the Blixseths to make informed decisions after full disclosure by seller which was not done. As a result of the above, American Capital has waived its rights under the contract and any right to specific performance.

**INTERROGATORY NO. 12.**

Please describe all inspections conducted by Defendant prior to and after the signing of the Purchase and Sale Agreement, including:

a. The name and address of each person who inspected the property or reviewed records concerning the property; and

b. The manner in which the property was inspected on each occasion that it was inspected and the method of reviewing the records concerning the property.

**RESPONSE NO. 12.**

Timothy and Edra Blixseth inspected the property with Nancy Wadell. The property was inspected visually by them. The Blixseths retained First American Title Company to perform a Title Search on the property. Andrew Hawes, attorney for the Blixseth, reviewed information sent to his Atty Guido Salvadore concerning the Title to the property and information concerning the zoning of the property received from Guido Salvadore. The Blixseths also reviewed the Real Estate Disclosure Forms issued by American Capital Corporation.

**INTERROGATORY NO. 13.**

Please set forth each and every fact in support of the allegations set forth in Count 11, Paragraph 16 of Defendants' Counterclaim which states, "The Blixseths would not have entered into the 'Agreement of Sale and Purchase' dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property absent the representations of American Capital Corporation, agents, representatives and employees."

**RESPONSE NO. 13.**

I signed a document entitled "Agreement for Sale and Purchase" dated November 23, 2005, attached as Exhibit A and provided a deposit of $1,250,000.00 for the purchase of the property described in the "Agreement for Sale and Purchase" dated November 23, 2005, which was delivered to an escrow agent, Mortgage Guarantee & Title Co. based upon the Real Estate Disclosure Forms provided to me by American Capital and the representations of American Capital that the property could be used as part of Yellowstone Club World.

Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 required American Capital Corporation to disclose in writing prior to signing the document "Agreement for Sale and Purchase" dated November 23, 2005 whether the property was located in a Historic District and if so to disclose in writing that "property located in a Historic District may be subject to construction expansion or renovation limits.

Contact the local building inspection official for details."

The Real Estate Disclosure forms provided to me by American Capital Corporation were in violation of Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 as American Capital Corporation failed to disclose to me that the property described in the "Agreement for Sale and Purchase" dated November 23, 2005 (the "subject property"), was located within the Newport Historic District and failed to provide me with the written disclosure stating as required by Title 5 Chapter 5-20.8 (2)(xxiii) that "property located in a historic district may be subject to construction expansion or renovation limitations. Contact the local building inspection official for details."

American Capital Corporation failed to make the above disclosure despite its knowledge that the subject property was located within the Newport Historic District and was subject to the restrictions of the Newport Historic District Commission. My wife Edra and I reasonably relied on the Real Estate Disclosure forms and were induced into signing the "Agreement for Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property because of American Capital Corporation's Real Estate Disclosure form representations.

I would not have signed the "Agreement of Sale and Purchase" dated November 23, 2005 and delivered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property if I knew the subject property was located within the Newport Historic District and subject to the restrictions of the Newport Historic District Commission. If I had known that the property was located within the Newport Historic District and subject to the approval of the Newport Historic District Commission for any construction or exterior renovation, the general uncertainty of having such a Commission controlling my use of the property would have been inconsistent with my choice of property selection for my business strategy in developing Yellowstone Club World.

American Capital Corporation through it agents and employees, including Guido Salvatore and Harry Kojoian made representations to me, that I could use the subject property as a private club, that Yellowstone Club World members' use of the subject property would not be restricted by any local Newport regulations, that my wife Edra and I could purchase the property and use it as part of Yellowstone Club World, and that the property could be purchased by us and used as part of Yellowstone Club World without violating existing R-60 zoning. American Capital Corporation, through its agents, representatives and employees

continued to make these representations even after the signing of the Agreement for Purchase and Sale.

Harry Kojoian, the Plaintiff's business manager, contacted me by letter, dated August 25, 2005, (Attached hereto as Exhibit C) representing that he had learned through an article published in the Wall Street Journal that Yellowstone Club World was purchasing properties and that the subject property should fit into my "business model flawlessly."

The above representations were false or made without any knowledge or reasonable belief as to their truth. I reasonably relied upon the representations of American Capital Corporation's representatives, agents, and employees which were material misrepresentations.

**INTERROGATORY NO. 14.**

Please state each and every fact which supports the Fourteenth Affirmative Defense which states, "Plaintiff's claims are barred by its failure to mitigate its damages."

**REPONSE NO. 14.**

Timothy L. Blixseth states that discovery is on going.

**INTERROGATORY NO. 15.**

Please state each and every fact which supports the Eighteenth Affirmative Defense which states, "Plaintiff's claims are barred as its conduct combined with the 'Agreement for Sale and Purchase' is unconscionable against public policy and, therefore, void and/or voidable."

**RESPONSE NO. 15.**

Subject to and without waiving his objections Timothy Blixseth states as follows, I signed a document entitled "Agreement for Sale and Purchase" dated November 23, 2005, attached as Exhibit A and provided a deposit of $1,250,000.00 for the purchase of the property described in the "Agreement for Sale and Purchase" dated November 23, 2005, which was delivered to an escrow agent, Mortgage Guarantee & Title Co. based upon the Real Estate Disclosure Forms provided to me by American Capital and the representations of American Capital that the property could be used as part of Yellowstone Club World.

Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 required American Capital Corporation to disclose in writing prior to signing the document "Agreement for Sale and Purchase" dated November 23, 2005 whether the property was located in a Historic District and if so to disclose in writing that "property located in a Historic District may be subject to construction expansion or renovation limits.

Contact the local building inspection official for details."

The Real Estate Disclosure forms provided to me by American Capital Corporation were in violation of Rhode Island G.L. § 1956 Title 5 chapter 5-20.8 as American Capital Corporation failed to disclose to me that the property described in the "Agreement for Sale and Purchase" dated November 23, 2005 (the "subject property"), was located within the Newport Historic District and failed to provide me with the written disclosure stating as required by Title 5 Chapter 5-20.8 (2)(xxiii) that "property located in a historic district may be subject to construction expansion or renovation limitations. Contact the local building inspection official for details."

American Capital Corporation failed to make the above disclosure despite its knowledge that the subject property was located within the Newport Historic District and was subject to the restrictions of the Newport Historic District Commission. My wife Edra and I reasonably relied on the Real Estate Disclosure forms and were induced into signing the "Agreement for Sale and Purchase" dated November 23, 2005 and tendered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property because of American Capital Corporation's Real Estate Disclosure form representations.

I would not have signed the "Agreement of Sale and Purchase" dated November 23, 2005 and delivered the deposit of $1,250,000.00 into escrow to Mortgage Guarantee & Title Co. for the purchase of the property if I knew the subject property was located within the Newport Historic District and subject to the restrictions of the Newport Historic District Commission. If I had known that the property was located within the Newport Historic District and subject to the approval of the Newport Historic District Commission for any construction or exterior renovation, the general uncertainty of having such a Commission controlling my use of the property would have been inconsistent with my choice of property selection for my business strategy in developing Yellowstone Club World. Further, the purpose of the Rhode Island Real Estate Disclosure Act is to allow purchasers to make informed decisions after full disclosure by the seller which was not done. This type of conduct is against public policy.

American Capital Corporation through it agents and employees, including Guido Salvatore and Harry Kojoian made representations to me, that I could use the subject property as a private club, that Yellowstone Club World members' use of the subject property would not be restricted by any local Newport regulations, that my wife Edra and I could purchase the property and use it as part of Yellowstone Club World, and that the property could be purchased by us and used

as part of Yellowstone Club World without violating existing R-60 zoning. American Capital Corporation, through its agents, representatives and employees continued to make these representations even after the signing of the Agreement for Purchase and Sale.

Harry Kojoian, the Plaintiff's business manager, contacted me by letter, dated August 25, 2005, (Attached hereto as Exhibit C) representing that he had learned through an article published in the Wall Street Journal that Yellowstone Club World was purchasing properties and that the subject property should fit into my "business model flawlessly."

The above representations were false or made without any knowledge or reasonable belief as to their truth. I reasonably relied upon the representations of American Capital Corporation's representatives, agents, and employees which were material misrepresentations. This type of conduct runs contrary to public policy.

Timothy Blixseth also refers the plaintiff to his counterclaims.

Timothy Blixseth objects to this interrogatory as it calls for legal conclusions and attorney work product.

INTERROGATORY NO. 16.

Please state each and every fact which supports the Twenty-Fourth Affirmative Defense which states, "Plaintiff's claims are barred to the extent that there was a failure to fulfill one or more conditions precedent or subsequent by the Plaintiff or its agents under the alleged agreement."

**RESPONSE NO. 16.**

American Capital Corporation warranted and represented in the Agreement For Sale and Purchase that by entering into this Agreement it was not violating any Rhode Island laws. American Capital further warranted and represented that Andrew Panteleakis was authorized to enter into the Agreement and to consummate the sale on behalf of the seller. American Capital further represented and warranted that American Capital had the full right, power, and authority to execute perform and consummate the Agreement without any further consents or joinders from any other person, and doing so will not violate any provision of law.

Full disclosure under the Rhode Island Real Estate Disclosure Act was a condition precedent for entering into the Agreement For Sale and Purchase dated November 8, 2005. American Capital Corporation failed to fully disclose that the property was located in the Newport Historic District. American Capital Corporation also failed to provide mandatory information set forth in the Rhode Island Real Estate Disclosure Act in G.L. §1956 title 5 chapter 5-20.8 that

"property located in the Historic District may be subject to construction, expansion or renovation limitation. "Contact the local building inspection official for details."

Further, prior approval by a vote of the American Capital Corporation Board of Directors authorizing the sale of the subject property was a condition precedent to the execution of the Agreement for Sale and Purchase. No such vote in fact had taken place, prior to the execution of the Agreement.

Further, the use of the property as part of Yellowstone Club World was condition for purchase of the property.

**INTERROGATORY NO. 17.**

Please state each and every fact which supports the Twenty-Fifth Affirmative Defense which states, "Plaintiff's claims are barred to the extent that the plaintiff was not ready, willing and able to perform its obligations under the Agreement for Sale and Purchase."

**RESPONSE NO. 17.**

American Capital Corporation lacked the capacity to enter into the Agreement for Sale and Purchase dated November 18, 2005, because when it was signed by Andrew Panteleakis the board of directors of American Capital

Corporation had not authorize the sale of the subject property as required by Rhode Island law.

Timothy Blixseth states that as an inducement to him to execute the Agreement For Sale and Purchase, American Capital represented and warranted to him that by entering into the agreement American Capital was not violating any law or regulation in the state of Rhode Island and that Andrew Panteleakis was authorized on behalf of American Capital Corporation to enter into the Agreement For Sale and Purchase and to consumate the terms and conditions of the Agreement on behalf of the seller. American Capital further represented and warranted that Andrew Panteleakis had the full right, power, and authority to execute, perform and consumate the agreement without any further consent or joinder by any other person, firm, or corporation and that signing the agreement and selling the property on behalf of American Capital Corporation did not violate any provision of Rhode Island law. Mr. Panteleakis had not been authorized by the board of directors at American Capital Corporation to enter into the agreement and he was not authorized to sell the property on behalf of American Capital Corporation contrary to the representations made in the agreement. Further, American Capital Corporation violated title 5 Chapter 5-20.8-2 the Real Estate Disclose Act as the disclosure forms provided by Andrew Panteleakis on behalf of

American Capital Corporation to the Blixseths violated title 5 chapter 5-20.8-2. American Capital Corporation knew that the subject property was within the Newport Historic District and pursuant to title 5 chapter 5-20.8-2 was required to disclose that the property was located within the Historic District, along with a notification that "property located in a historic district may be subject to construction, expansion or renovation limitations. Contact the local building inspection official for details."

American Capital's failure to make this disclosure violated Rhode Island law and constitutes a breach of the representations and warranties section set forth in the Agreement For Sale and Purchase. Finally, American Capital Corporation through Harry Kojorian and Guido Salvadore made representations that the property could be used as part of the Yellowstone Club World. Those representations were also in violation of Rhode Island law. American Capital Corporation through its agents and employees violated the Rhode Island Unfair and Deceptive Trade Practice in Consumer Protection Act when it delivered Rhode Island Real Estate Disclosure Forms to the Blixseths which were in violation of Rhode Island law. Further the purpose of the Rhode Island Real Estate Disclosure Act is to allow purchasers such as the Blixseths to make informed decisions after full disclosure by seller which was not done

**INTERROGATORY NO. 18.**

Please state each and every fact which supports the Twenty-Eighth Affirmative Defense which states, "Plaintiff's claims are barred as there was a failure of consideration under the alleged agreement."

**RESPONSE NO. 18.**

Subject to his objections, Timothy Blixseth states that as an inducement to him to execute the Agreement For Sale and Purchase, American Capital represented and warranted to him that by entering into the agreement American Capital was not violating any law or regulation in the state of Rhode Island and that Andrew Panteleakis was authorized on behalf of American Capital Corporation to enter into the Agreement For Sale and Purchase and to consumate the terms and conditions of the Agreement on behalf of the seller. American Capital further represented and warranted that Andrew Panteleakis had the full right, power, and authority to execute, perform and consumate the agreement without any further consent or joinder by any other person, firm, or corporation and that signing the agreement and selling the property on behalf of American Capital Corporation did not violate any provision of Rhode Island law. Mr. Panteleakis had not been authorized by the board of directors at American Capital

Corporation to enter into the agreement and he was not authorized to sell the property on behalf of American Capital Corporation contrary to the representations made in the agreement. Further, American Capital Corporation violated title 5 Chapter 5-20.8-2 the Real Estate Disclose Act as the disclosure forms provided by Andrew Panteleakis on behalf of American Capital Corporation to the Blixseths violated title 5 chapter 5-20.8-2. American Capital Corporation knew that the subject property was within the Newport Historic District and pursuant to title 5 chapter 5-20.8-2 was required to disclose that the property was located within the Historic District, along with a notification that "property located in a historic district may be subject to construction, expansion or renovation limitations. Contact the local building inspection official for details."

American Capital's failure to make this disclosure violated Rhode Island law and constitutes a breach of the representations and warranties section set forth in the Agreement For Sale and Purchase. Finally, American Capital Corporation through Harry Kojorian and Guido Salvadore made representations that the property could be used as part of the Yellowstone Club World. Those representations were also in violation of Rhode Island law. American Capital Corporation through its agents and employees violated the Rhode Island Unfair and Deceptive Trade Practice in Consumer Protection Act when it delivered

Rhode Island Real Estate Disclosure Forms to the Blixseths which were in violation of Rhode Island law.

American Capital Corporation breached its promises set forth in the Agreement for Sale and Purchase as set forth above. Further American Capital Corporation promised to disclose to the Blixseths all deficient conditions with respect to the property of which American Capital had knowledge. By statute this included whether the subject property was located in a historic district. American Capital Corporation knew that the subject property was located within the Newport Historic District and failed to comply with its statutory requirement as provided for under the Real Estate Disclosure Act. American Capital Corporation also promised in the real estate disclosure statements that the real estate disclosure statement was a complete real estate disclosure and that the form was in compliance was in compliance of Rhode Island G.L. 5-20.8 when in fact it was not. American Capital also acknowledged that the information in the Real Estate Disclosure Statement was accurate, true and complete and that no information was knowingly withheld when in fact American Capital Corporation had knowledge that the property was within a historic district and the form was not in compliance with the law, accurate, true and complete. I relied upon the Rhode Island Real

Estate Disclosure forms submitted to me by American Capital in signing the Agreement for Sale and Purchase.

Further, American Capital failed to provide consideration for the alleged agreement because Andrew Panteleakis lacked the capacity to enter into the Agreement of Sale and Purchase dated November 23, 2005, because when he signed it, the board of directors of American Capital Corporation had not authorized the Sale of the subject property as require by Rhode Island law. Because American Capital Corporation lacked capacity to enter into the agreement for Sale and Purchase, it failed to provide the Blixseths with adequate consideration. American Capital Corporation's promises to the Blixseths concerning the authority of Mr. Panteleakis to enter into the agreement were untrue.

**INTERROGATORY NO. 19.**

State whether Defendant, Timothy L. Blixseth, had ever been arrested, pleaded guilty, been convicted or had a sentence imposed because of any criminal offense; and if so, state the charge, date, court and disposition.

**RESPONSE NO. 19.**

Timothy Blixseth objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and calls for irrelevant information.

**INTERROGATORY NO. 20.**

Please set forth each and every fact in support of the allegations set forth in Paragraph 7, Count I, of Defendants' answer to Plaintiff's Verified Complaint, which states that Defendants deny that they refused to accept delivery of said Warranty deed and Bill of Sale and refused to pay Seller the Purchase Price as provided in the Agreement."

**RESPONSE NO. 20.**

Timothy Blixseth did not accept delivery of the deed and pay the seller the purchase price as American Capital Corporation had misrepresented to him that the property could be used for Yellow Stone World Club. Further, Timothy Blixseth exercised his statutory rights under the Rhode Island Real Estate Disclosure Act G.L. §1956 title 5 chapter 5-20.8-4 to terminate the Agreement after he discovered that a material deficient condition existed which was not disclosed to him as required by law. The Real Estate Disclosure Statement provided by American Capital Corporation to the Blixseths failed to disclose that the subject property was located within the Newport Historic District and that

"property located within a historic district may be subject to construction, expansion or renovation limitation. Contact local building inspection officials for details" as required by the Rhode Island Real Estate Disclosure Act.

**INTERROGATORY NO. 21.**

Set forth all communication between the parties, their agents, employees or assigns concerning the subject property. Include in the answer:

a. The date of the communication;

b. Whether oral or in writing;

c. The individuals who communicated; and

d. The subject matter of the communication.

**RESPONSE NO. 21.**

Subject to his objection Timothy L. Blixseth states that he received correspondence along with a postcard dated August 25, 2005, from Harry Kojoian a copy of which is attached. He received two real estate disclosure statements from American Capital Corporation signed by Andrew Panteleakis dated November 18, 2005, which are attached. He received correspondence directed to his Attorney, Andrew Hawes, from Guido Salvadore in the form of various e-mails which are attached. He received from his Attorney, Andrew Hawes, zoning

documents that were sent by Guido Salvadore which are attached. He received an Agreement for Sale and Purchase which is the subject matter of this lawsuit. He received a title report from First American Title Company which is attached. Guido Salvadore also had oral conversations with Timothy Blixseth regarding this property along with Nancy Wadell, when she showed Timothy and Edra Blixseth around Mirimar. Andy Hawes also received oral statements from Paige Brock of the City of Newport regarding the subject property. Timothy Blixseth objects to this interrogatory as drafted, as it is overly broad, unduly burdensome and vague and ambiguous and fails to specify what the reasonable particularity the items sought.

**INTERROGATORY NO. 22.**

Please set forth each and every fact in support of the allegations set forth in Count II, Paragraph 13 of Defendants' Counterclaim, which states that "American Capital Corporation through its agents and employees, including Guido Salvatore and Harry Kojoian made representations to Timothy L. Blixseth and Edra Blixseth, including among other specific representations, that the Blixseths could use the subject property as a private club, that Yellowstone Club World members' use of the subject property would not be restricted by any local Newport regulations, that

the Blixseths could purchase the property and use it as part of Yellowstone Club World, and that the property could be purchased by the Blixseths and used as part of Yellowstone Club World without violating existing R-60 zoning. American Capital Corporation, through its agents, representatives and employees continued to make these representations even after the signing of the 'Agreement.'"

**RESPONSE NO. 22.**

Harry Kojoian made representations in that attached letter dated August 25, 2005, that the Mirimar property should flawlessly fit into my business model for Yellowstone Club World.

Guido Salvadore orally represented to me that I could purchase and use the Mirimar property as a private club under the local zoning regulations and that Yellowstone Club World members would not be restricted by any local Newport regulations from using the property. Guido Salvadore made similar representations to my Attorney Andrew Hawes.

**INTERROGATORY NO. 23.**

Please state when Defendants, their agents/assigns or employees first learned that the subject property was in a Historic District and include the name of the

individual(s) who first learned of the Historic District status.

**RESPONSE NO. 23.**

I learned shortly before March 10, 2006, that the subject property was located in the a Newport Historic District and that property in the Newport Historic District was subject to the rules and regulations of the Newport Historic District Commission.

**INTERROGATORY NO. 24.**

Please state what due diligence was conducted to determine what use the subject property could be put to and the information obtained about the property that the due diligence produced.

**RESPONSE NO. 24.**

I had a title search completed on the property by First American Title Company, my counsel reviewed the R60 zoning regulations sent to us by Guido Salvadore and I spoke with Guido Salvadore who assured me that we would be able to use the property as part of Yellowstone Club World under the existing zoning.

**INTERROGATORY NO. 25.**

State the name, occupation and business address of each individual with whom Defendant, his agents, employees or assigns communicated to obtain information on zoning status about the subject property.

**RESPONSE NO. 25.**

Guido Salvadore, Andrew Hawes, Paige Brock of the City of Newport Zoning Department.

**Objections by Attorney Brian P. Voke.**

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.**

9/25/06
Date

Timothy Blixseth

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Plaintiff's counsel by regular mail on September 26, 2006.

Respectfully submitted
TIMOTHY AND EDRA BLIXSETH
By Their Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

Brian P. Voke, Esquire (RI Bar #: 4953)

One Constitution Plaza
Boston, MA 02129
(617) 241-3042
(617) 241-5115 fax