# EXHIBIT K

# THE ANDREW PANTELEAKIS TRUST - 1997

THIS DECLARATION dated September 10, 1997, is established by me, ANDREW PANTELEAKIS, of Newport, Rhode Island.

FIRST: ESTABLISHMENT OF TRUST. I have set aside certain personal property for the establishment of this trust and will act as initial trustee under this declaration; and I may at any time (or any other person may after my death) transfer other property to my trustees; and my trustees may be entitled upon my death to insurance on my life. All said property, any rights in all said insurance and the proceeds of all said insurance (hereinafter collectively the "trust estate") shall be received and held, upon trust, as set forth in this declaration.

SECOND: DURING MY LIFETIME. During my lifetime my trustees shall pay the net income, if any, to me, or in such other manner as I may direct in writing. My trustees shall also pay to me, or in such other manner as I may direct, so much of the principal as I shall at any time or times request. If my independent trustee shall deem it advisable because of my ill health or for other cause, my trustees shall instead pay to me so much or all of the net income or principal as my trustees shall in their sole discretion deem advisable for my health care, maintenance, support, education or welfare in other respects. During such time my trustees may make such contribution (not to exceed net income) on my behalf for charitable, religious, education and public purposes as my trustees shall in their sole discretion deem advisable in light of my course of conduct with respect to such contributions, and may make such gifts to my trust beneficiaries named herein as my independent trustee shall at its sole discretion

AP

deem advisable in light of my estate plan and my desire to minimize federal and state income, estate and generation skipping taxes. My trustees shall add any balance of net income to principal, provided, that any income accrued to but unpaid at my death shall be paid to my estate.

THIRD: DEBTS, EXPENSES, TAXES, GIFTS. To the extent the estate disposed of by my will shall be insufficient to satisfy preresiduary gifts and to pay from the residue my debts, expenses of my last illness and funeral and of administering my estate and estate taxes (as hereinafter defined), my trustees, without requiring reimbursement from anyone, shall pay from the trust estate as a whole such sum or sums as my executors or administrators shall certify in writing to be required to make good such deficiency. Notwithstanding the foregoing, my trustees shall not use any proceeds of life insurance, qualified retirement plans or individual retirement accounts, or any other assets not subject to the claims of creditors of my estate to pay my debts or to make good any such deficiency arising from my debts.

FOURTH: AFTER MY DEATH.

1. DISTRIBUTION. At my death and subject to paragraph 2 of this Clause, my trustees shall distribute the trust estate as follows:

(a) [redacted] to [redacted] (hereinafter [redacted]") if [redacted] is then living, provided, that if there are issue then living of [redacted], the share to which [redacted] would have been entitled shall be distributed, subject to the provisions of paragraph 3 of this Clause, *per stirpes* to [redacted]

(b) [redacted] to [redacted] (hereinafter [redacted]) if [redacted] is then living, provided, that if there are issue then living of [redacted] the share to which [redacted] would have been entitled if then living shall be distributed, subject to the provisions of paragraph 3 of this Clause, <u>per stirpes</u> to [redacted]

(c) [redacted] to [redacted] if [redacted] is then living, provided, that if [redacted] is deceased with issue surviving [redacted], the share to which [redacted] would have been entitled to if then living shall be distributed, subject to the provisions of paragraph 3 of this Clause, <u>per stirpes</u> to [redacted]

(d) [redacted] if [redacted] is then living, provided, that if [redacted] is deceased with issue surviving [redacted] the share to which [redacted] would have been entitled to if then living shall be distributed, subject to the provisions of paragraph 3 of this Clause, <u>per stirpes</u> to [redacted] and

(e) [redacted] to [redacted]

(f) If any of the foregoing shares in the trust estate is not effectively disposed of under the foregoing provisions, it shall accrue to those other shares effectively



AG

disposed of in the proportions which they bear one to another and shall be distributed as part of such other shares.

2. TANGIBLE ASSETS INCLUDED IN VALUE OF TRUST ESTATE.

The value of any tangible property distributed to my trust beneficiaries pursuant to my will shall be deemed to be a part of the trust assets as a whole and a part of the share therein distributable to such beneficiary and such value shall be credited against said beneficiaries' distribution.

3. CONTINUING TRUST FOR BENEFICIARIES UNDER 21. If any assets shall become distributable, subject to the provisions of this paragraph, to a beneficiary who is under age twenty-one (21), my trustees may (a) at any time distribute the same to a custodian for such beneficiary under any Uniform Transfers or Gifts to Minors Act or (b) continue to hold the same in trust, and shall pay to such beneficiary so much of the net income and principal from time to time as my trustees shall deem advisable for the health care, maintenance, support or education of such beneficiary (net income not so paid to be added to principal) until such beneficiary attains age twenty-one (21) or dies under that age. Thereupon my trustees shall distribute such assets to such beneficiary, if then living, or if not then living, to such beneficiary's executors or administrators.

FIFTH: CONTINGENT DISPOSITION. If the trust estate is not effectively disposed of under the foregoing provisions, then at the end of the interests effectively disposed of the same shall be distributed to my heirs-at-law. A distribution to the heirs-at-law of a named person shall be made to those persons who would be entitled to

inherit real estate situated in Rhode Island from such named persons under the laws of said State as if he or she had then died intestate and unmarried, and in the same proportions to which they would be so entitled.

SIXTH: DEFINITIONS AND ADMINISTRATIVE PROVISIONS.

1. The headings contained in this trust are for convenience only and shall not affect in any way the meaning or interpretation of this trust.

2. The term "my trustee" refers to any trustees or trustee serving at any time. No trustee shall be required to furnish any bond or surety. The term "my independent trustee" refers to any trustee having no vested or contingent beneficial interest hereunder. No trustee shall be required to furnish any bond or surety.

3. The term "estate taxes" refers to any federal, state or foreign estate, inheritance or like taxes as finally determined in the tax proceedings relating to my death, including any supplemental estate tax on certain qualified plan benefits and generation-skipping transfer taxes imposed on direct skips except those occurring as a result of a disclaimer, but not including (a) those on account of any property (i) held in any trust I did not establish, (ii) includible in my estate under section 2044, or (iii) which I irrevocably transferred during my lifetime but which is includible in my estate under sections 2035 through 2038, or (b) any other federal or state generation-skipping taxes. Any such taxes attributable to property includible in my gross estate by reason of section 2044 shall be paid as directed in the instruments creating such property interests and shall not be recovered from my estate pursuant to section 2207A. References to sections are to sections of the Internal Revenue Code of 1986, or any successor provisions.

4. The terms "trust estate" includes accumulations and reinvestments.

5. If any residential real estate shall be held as part of the trust estate, my trustees may permit any beneficiary or any member of any beneficiary's household to occupy such real estate rent free, but this shall not prevent sale or lease of such real estate if my trustees shall deem it advisable.

6. Instead of paying income or principal to a beneficiary, my trustees may apply the same for such beneficiary's benefit. If a beneficiary is a minor, my trustees may without responsibility for the application make payment to such minor, to a person having actual custody of such minor, or to a guardian, custodian or other fiduciary for such minor, and the receipt of such payee shall completely acquit my trustee. My trustees may select any person or entity, including my trustee, to act as custodian for such minor under any Uniform Transfers or Gifts to Minors Act. My trustees shall,

without requiring restitution, pay to, or apply for the benefit of, any person having actual custody of a minor beneficiary, any amount which my trustees shall deem advisable for the housing and domestic needs of the household of such person (even though not a beneficiary of any trust hereunder).

7. If any trust hereunder has been divided into separate trusts, my trustees shall consider making payments of principal from the trust having the highest inclusion ratio under the federal generation-skipping transfer tax.

8. Any reference herein to a child, children or issue shall include a child, children or issue claiming not only by blood but also by adoption, if such adoption occurred under age twenty-one (21).

9. Whenever herein a distribution is directed to be made per stirpes to the issue at the time living of any person then deceased, such distribution shall be made to the then living children of such person and to the then living issue of any such child who shall then have died, such children to take in equal shares and such issue through all degrees to take per stirpes the share or respective shares which his, her or their parent or respective parents would have taken if then living.

10. My trustees are authorized to receive additions to any trust hereunder and may, if my trustees shall deem it advisable, add the assets of any trust hereunder to any other trust held by my trustees upon substantially the same terms. My trustees are authorized to refuse, disclaim or decline to act with respect to any property to be added to any trust hereunder, whether for administrative considerations, avoiding potential liability for environmental or business matters, or otherwise.

11. My trustees, in making a discretionary distribution of income or principal, may distribute specific assets (whether or not such assets constitute principal or income) in lieu of cash.

12. Any and all net income paid to the trust from my estate shall be treated as trust income, and interest or dividends accrued on property added to the trust shall be treated as trust income.

13. A trustee need not require an accounting by or pursue any claim against any predecessor trustee and shall be responsible only for the trust assets on hand at the date of such trustee's appointment.

14. A certificate of my independent trustee shall be conclusive evidence to all persons and for all purposes of the facts stated in said certificate with respect to any trust hereunder, any decisions made or action taken hereunder by any person, and the identity of the trustee then in office.

15. Any trustee may at any time or times release or spend for a specified period of time any power conferred on such trustee under this instrument, notwithstanding that the same may limit beneficial interests. Such release or suspension shall be irrevocable if the document by which the release or suspension is effected states that it shall be irrevocable and shall bind all of such trustee's successors if such document states that it is intended to bind such successors. Any such release or suspension shall be effected by a written instrument signed by the trustee making the release or suspension and delivered to each other trustee.

16. I retain all rights of ownership over policies of insurance on my life which may be payable to the trust, including, without limitation, all rights to change beneficiaries, to withdraw such insurance policies from the trust, to borrow upon or surrender such policies, to assign or pledge such policies or other assets of the trust, and to exercise all privileges, benefits and options available to me as the insured under such policies. Neither I nor any trustee shall be required to pay premiums on or keep any such insurance in force.

17. No beneficiary shall assign, transfer or encumber in any way any interest in net income or principal of any trust hereof, nor shall any such interest be subject to any legal process, bankruptcy proceeding or interference or control by creditors.

18. Rhode Island law shall govern the validity, construction, effect and administration of each of the trusts hereof.

19. My trustees may divide any trust or trusts hereunder into separate trusts, as my trustees shall deem advisable in all the circumstances, including the desirability of having trusts with different inclusion ratios under the federal generation-skipping transfer tax, and including potential environmental or business liability and any other tax, investment, administrative or other considerations.

20. Notwithstanding any other provision hereof, if the share in the trust estate of any beneficiary for whose primary benefit assets are held hereunder is comprised, in whole or in part, of stock of an S corporation (as defined in the Internal Revenue Code), my trustee shall hold such stock in a separate trust for the exclusive benefit of such beneficiary. During such beneficiary's lifetime, (a) no person other than such beneficiary shall be entitled to receive income or principal from such trust, (b) all the net income of such trust shall be distributed to such beneficiary, and (c) my trustee shall otherwise administer such trust as a qualified subchapter S trust within the meaning of the Internal Revenue Code. Except to the extent inconsistent with the foregoing, such trust shall in all respects be subject to the same provisions herein as are applicable to such beneficiary's share in the trust estate. This paragraph shall not apply if such beneficiary fails effectively to make any election necessary to allow such trust to be a shareholder of stock of an S corporation. For the purposes of this paragraph, if a share in the Trust Estate is being held for the benefit of beneficiaries of more than one generation, the

persons in the eldest generation shall be deemed the primary beneficiaries, and each such person shall be the sole beneficiary of an equal and separate trust.

21. My independent trustee shall establish the rules and guidelines by which an appraisal is to be obtained with respect to any of my assets.

22. If any beneficiary of this trust contests my will or this trust or opposes the probate of my will then any gift, bequest or distribution to such beneficiary shall be null and void and such gift, bequest or distribution shall be disposed of as if such beneficiary had predeceased me leaving no issue surviving him or her.

23. My trustee or trustees hereunder shall be liable only to the extent that my trustee has acted with gross negligence or willful misconduct.

24. If my health care needs require medical attention (such as may be provided by a nursing home or rehabilitative facility, for example) but not necessarily hospitalization, I strongly desire that I be kept at home and all appropriate personnel be brought to my home to care for me.

SEVENTH: POWERS OF TRUSTEES. I empower my trustees without order or license of any court:

1. To collect income and to pay therefrom such taxes, insurance premiums, repair expenses and other expenses as shall be chargeable to income.

2. To invest and reinvest either in real estate or personal property, including, without limitation, shares of and interests in investment companies and trusts and common trust funds, in partnerships whether as a limited or as a general partner, and in property which may be productive of little or no income or which may be speculative or unseasoned and in such securities and other property as my trustees deem appropriate, including any participation in an investment company registered under the Investment Company Act of 1940 for which any corporate trustee or any affiliate is acting as investment advisor; and to continue to hold any investments received from me, including stock of any corporate trustee or any affiliate and any additional such securities received as a result of a dividend, stock split or exercise of subscription rights, without regard to the proportion which such investments may bear to the total investments.

3. To sell assets at public or private sale, for cash or upon credit, together or in parcels; to lease for any term whether terminating during the continuance of any of the foregoing trusts or thereafter; to partition, whether by suit or deed; and to exchange assets for any sum of money or other property, all upon such terms as may be deemed advisable.

4. To appropriate to any trust, share or pecuniary gift, cash or specific assets, including undivided interests therein, at their fair value at the time of distribution in the good faith opinion of my trustees.

5. To collect from income and principal a reasonable compensation for services in the trusteeship; and to collect the portion thereof chargeable to principal from time to time during continuance, as well as upon the termination, of the trusts hereof.

6. To appoint general or specific proxies, and to place stock in voting trusts.

7. To participate in or disapprove any reorganization, recapitalization, consolidation, merger, winding up or readjustment of the indebtedness of any corporation or association; to give investment representations, warranties, indemnities and guarantees; to reject any exchange or other offer for property even though substantially above quoted current market values; and to seek appraisal rights or other rights in court or otherwise.

8. To compromise or submit to arbitration any matters in dispute.

9. To give options to purchase or lease upon such terms and conditions as may be deemed fitting; to purchase and sell option contracts even though such transactions may be speculative; to rescind or vary, on terms or gratuitously, any contract of sale; and to bid in any property sold at auction and to resell the same, without being accountable for any resulting loss.

10. To hold securities or property in a form not indicating the trust, whether in bearer, unregistered or other negotiable form, or in the name of a nominee; and upon receipt of any securities registered in my name, to execute on my behalf and in my name any instruments required to transfer such securities into the name of the trust or a nominee or into bearer, unregistered or other negotiable form.

11. To borrow money from any lender and establish margin accounts, but without individual liability therefor, and as security for such borrowing to mortgage or pledge any assets, real or personal, upon such terms as shall be deemed advisable; and in connection with such borrowing to deal with any corporate trustee or any affiliate in the same manner as with a stranger; and no lender shall be responsible for the application of the proceeds.

12. To employ investment counsel and attorneys; to maintain any assets under a custodian or agency arrangement with a bank, broker or depositary; and to pay the expenses of the foregoing as additional costs of administration.

13. To purchase assets from my estate at their fair value, and to make loans to my estate, either secured or unsecured, at a reasonable rate of interest, even though a trustee or trustees may also be an executor or administrator of my estate.

14. To collect proceeds of any life insurance on my life payable to the trust and to exercise settlement options so long as such exercise shall not preclude observance of the provisions hereof. My trustees shall not be required to maintain any litigation in the enforcement of any claim unless indemnified to their satisfaction. Payment of such proceeds to my trustees shall fully acquit the insurance company.

15. To determine whether a receipt or expenditure shall be allocated, in whole or in part, to income or principal; and provided, that if all or any part of certain deductions shall be claimed as income tax deductions rather than as estate tax deductions, no adjustment of income or principal accounts of the trust shall be made as a result of such action, unless my trustees shall in their sole discretion decide otherwise.

16. To continue in all respects operations of any business in which I may be engaged at my death, including delegation of management responsibility, providing working capital and otherwise acting with respect to this business; provided that this shall not prevent sale or lease of such business if my trustees shall deem it advisable.

17. To exercise any of the foregoing powers, including powers of sale, after the termination of any trust hereunder and prior to distributing the trust assets.

18. To execute all deeds, mortgages and other documents to carry out any of the foregoing powers.

<u>EIGHTH</u>: <u>TRUSTEE</u>. I am the initial trustee. When I cease to serve due to death or incompetency (determined per the terms of this Clause EIGHTH) there shall always be an independent trustee serving hereunder. Karen G. DelPonte of Cumberland, Rhode Island shall serve as the initial independent trustee hereunder. Each independent trustee shall have the right to appoint a successor independent trustee, such appointment to be revocable until the appointing trustee ceases to serve. No exercise of this power nor any revocation of any appointment shall exhaust this power. Whenever my independent trustee shall be serving as sole trustee it shall be permissible but unnecessary for the independent trustee to appoint a cotrustee.

When I cease to serve as trustee, I appoint Nancy Waddell and Joan Williams, or the survivor, to serve as cotrustees hereunder with my independent trustee. Whenever Nancy Waddell and/or Joan Williams are serving as cotrustees with my independent trustee hereunder, any action of my trustees permitted hereunder (excluding powers specifically delegated to my independent trustee) shall require the approval of my independent trustee and at least any one of the trustees serving as cotrustee hereunder (after consultation with or notice to all of my trustees then serving hereunder).

Any individual trustee other than the sole independent trustee may from time to time delegate all or any of the powers or discretions vested in such trustee to my independent trustee. My independent trustee, acting alone, may perform any ministerial act, including, without limitation, the signing of checks and withdrawal orders and endorsement of checks.

Any trustee may resign at any time without necessity of judicial action or a court accounting. A resignation shall be effective only upon the acceptance of a successor trustee, if any.

Any individual trustee shall cease to serve without necessity of judicial action upon disability determined by (a) the filing with my independent trustee (or a successor independent trustee designate) of a certificate by an attending physician that such individual trustee is no longer able to make decisions concerning the trust (the determination as to whether the certifying physician is an attending physician of such individual trustee to be made solely by my independent trustee or the successor

independent trustee designate), or (b) the appointment of a guardian or conservator of such individual trustee.

Any appointment of a trustee shall be effective without necessity of judicial action upon such trustee's acceptance. Any appointment, acceptance or resignation under this Clause shall be made by a duly acknowledged instrument.

Notwithstanding any other provision hereof, no payment of income or principal shall be in discharge of a trustee's legal obligation to support or maintain any other person.

NINTH: REVOCATION OR MODIFICATION.

1. I may at any time or times during my lifetime by a duly acknowledged instrument delivered to my trustees modify, amend or revoke this trust instrument and the trusts hereby created in whole or in part.

2. At my death I shall have power to appoint, by my will specifically referring to this power, all or any portion of the trust estate to my estate or to any person or entity. My trustees shall on my death hold any portion of the trust estate not effectively so appointed as hereinbefore set forth.

3. Unless authorized by court order, no guardian, conservator or agent acting under a power of attorney shall have authority to exercise my powers under the preceding paragraphs of this Clause or my powers to direct the payment of income and principal during my lifetime.

IN WITNESS WHEREOF I have executed this instrument and one counterpart hereof.

WITNESS:

Kathleen S. Hall

Carmen B. Burley

Andrew Panteleakis

ANDREW PANTELEAKIS

STATE OF RHODE ISLAND
COUNTY OF NEWPORT

In said County and State on September 10, 1997, before me personally appeared Andrew Panteleakis, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him so executed to be his free act and deed.

Karen G. DelPonte

Notary Public

w:\wpwin\docs\crb\estates\pantelea.k/s\#2

KAREN G. DELPONTE, Notary Public
State of Rhode Island and Providence Plantations
My Commission Expires 7-2-2001