# EXHIBIT O

**Andy Hawes**

**From:** GRSALVADORE@aol.com
**Sent:** Thursday, November 10, 2005 9:03 AM
**To:** Andy Hawes
**Subject:** Miramar
**Attachments:** AgreementforSalePurch-Miramar11-4-05.doc

Andy,

I couldn't reach you yesterday, but I did speak with Tim; however, his cell phone cut off before we could complete our conversation. Tim did wonder why he could not use a private residence for a private club. I tend to agree. If Tim and his wife buy Miramar for use as their private residence, they should have the right to entertain others periodically at their residence. I'm sure the details between Tim and his "club" can be worked out in a fashion that does not violate existing R-60 zoning.

My thought is that Tim and his Club would have an understanding whereby a member and his family and guests, if any, would have the privilege of visiting and staying at Miramar as guests of Tim for a specified time under specified conditions. No rent or charge is made by Tim. It's all handled through his Club. I assume that the visiting guest would want the exclusive use of Miramar for the specified period.

I have redrafted the proposed agreement including many of your revisions but I have eliminated the "intended use" condition for the above reasons. I have also clarified to what the additional $100,000.00 applied.

You may also consider purchasing the capital stock of American Capital Corporation in lieu of an asset purchase. That would avoid recording a deed and thereby disclosing the purchase price to public authorities. Proper indemnification would be given. Tim would save the $100,000.00 transfer cost.

I believe my client might consider a stock sale, but it would prevent a Section 1031 exchange and that might be a problem.

Let's talk.

Guido

PLAINTIFF'S
EXHIBIT
# 15 ID
1/4/07 JC