# EXHIBIT P

Title 17. ZONING

---

## Chapter 17.80. HISTORIC DISTRICT ZONING

17.80.010. Legislative intent.

17.80.020. Usages.

17.80.030. Designation of historic districts.

17.80.040. Historic district commission.

17.80.050. Failure of the commission to act.

17.80.060. Advisory role.

17.80.070. Exceptions.

17.80.080. Appeals.

17.80.090. Enforcement.

### 17.80.010. Legislative intent.

The regulations in this chapter have been adopted to preserve districts and specific buildings in the city of Newport which reflect elements of its cultural, social, economic, political and architectural history. This chapter is designed to stabilize and improve property values in such historic districts, to preserve specific buildings, to foster civic beauty, to strengthen the local economy and to promote the use of such districts and specific buildings for the education, pleasure and welfare of the residents of the city of Newport. (Ord. 2000-4 (part), 2000: Ord. 65-94 (part), 1994: prior code § 1262.02.01)

### 17.80.020. Usages.

The following terms shall have the following meanings:
"Alteration" means an act that changes one or more of the exterior architectural features of a structure or its appurtenances, including, but not limited to the erection, construction, reconstruction, or removal of any structure or appurtenance.
"Appurtenances" means features other than primary or secondary structures which contribute to the exterior historic appearance of a property, including, but not limited to paving, doors, windows, signs, materials, decorative accessories, fences, and historic landscape features, as inventoried and listed and approved by the council of the city of Newport.
"Certificates of appropriateness" means a certificate issued by the Newport historic district commission established under this chapter indicating approval of plans for alteration, construction, repair, removal, or demolition of a structure or appurtenances of a structure within a historic district. Appropriate for the purpose of passing upon an application for a certificate of appropriateness means not incongruous with those aspects of the structure, appurtenances, or the district which the commission has determined to be historically or architecturally significant.
"Construction" means the act of adding to an existing structure or erecting a new principal or accessory structure or appurtenances to a structure, including, but not limited to buildings, extensions, outbuildings, fire escapes, and retaining walls.
"Demolition" means an act or process that destroys a structure or its appurtenances in part or in

whole.
Historic District. As defined in Section 17.08.010 of this zoning code.
"Removal" means a relocation of a structure on its site or to another site.
"Repair" means a change meant to remedy damage or deterioration of a structure or its appurtenances.
"Structure" means anything constructed or erected, the use of which requires permanent or temporary location on or in the ground, including, but not limited to buildings, gazebos, billboards, outbuildings, decorative and retaining walls, and swimming pools. (Ord. 2000-4 (part), 2000: Ord. 65-94 (part), 1994: prior code § 1262.02.02)

### 17.80.030. Designation of historic districts.

For the purposes of this chapter, the boundaries of historic districts are established as shown on a map entitled "Historic District Zoning Map," which map is filed in the office of the city clerk. Such map is hereby incorporated as a part of this chapter. (Ord. 2006-36 § 1, 2006; Ord. 2005-20 § 1, 2005; Ord. 2000-4 (part), 2000: Ord. 65-94 (part), 1994: prior code § 1262.02.03)

### 17.80.040. Historic district commission.

A. There is hereby established a historic district commission to carry out the purpose of this chapter.
B. Membership and Appointment.
1. The commission shall consist of nine qualified members, residents of the city of Newport, to be appointed by the mayor of the city of Newport with the consent of the city council. Members shall be appointed for three-year terms, except that the initial appointments of some of the members shall be for less than three years to the end that the initial appointments shall not reoccur at the same time. Members shall be eligible for reappointment.
2. Members of the commission shall have a demonstrated interest in historic preservation. Duly organized and existing preservation societies may present to the mayor lists of qualified citizens to be considered for appointment.
3. The mayor of the city of Newport shall have the right with the consent of the council to name an auxiliary member to the commission in addition to the regular members, which auxiliary member shall sit as an active member, upon the request of the chairman of the commission when and if a regular member of the commission is unable to serve at any meeting of the commission.
4. In the event of a vacancy on the commission, the mayor shall promptly make an interim appointment, with the consent of the council, for the remainder of the unexpired term. Vacancies on the commission shall be filled within ninety (90) days.
C. Organization of the Commission.
1. The commission shall organize annually and, by election, shall select from its membership a chairman, vice-chairman and a secretary.
2. The commission shall:
a. Adopt and publish all rules and regulations necessary to carry out its functions under the provisions of this chapter; and
b. Adopt and publish standards of review which shall be in harmony with the Secretary of the Interior's Standards and Guidelines for Rehabilitating Historic Buildings, 36 CFR 671, as amended, within twelve (12) months following the adoption of this chapter to inform historic district residents, property owners, and the general public of those criteria by which the commission shall determine whether to issue a certificate of appropriateness. The commission may from time to time amend these standards as reasonably necessary, and it shall publish all such amendments.
c. Such rules, procedures and standards and any additions and amendments thereto shall be submitted to the council for its approval.
3. Conduct of Business.
a. The chairman shall preside over all commission meetings and shall have the right to vote.
b. The vice-chairman shall, in the case of absence or disability of the chairman, perform the duties of the chairman.
c. All meetings of the commission shall be open to the public and any person or his duly constituted representative shall be entitled to appear and be heard on any matter before the commission reaches its decision.

d. The secretary shall keep a record of all resolutions, proceedings, finding of fact, decisions and actions and such record shall be on file for public view in the department of planning, zoning, development and inspections.
e. Notice of the commission meetings shall appear in a newspaper of general circulation in the city seven days prior to such meetings.
f. Six members shall constitute a quorum and the concurring vote of a majority, but not less than five of the members present shall be necessary for approval of any plans before the commission for review and for establishing or amending commission rules, regulation and standards of review.
D. Powers and Procedures.
1. Certificate of Appropriateness Required.
a. Before a property owner may commence construction, alteration, repair, removal or demolition affecting the exterior appearance of a structure or its appurtenances within any designated historic district, the owner must apply for and receive a certificate of appropriateness from the commission approving such construction, alteration, repair, removal or demolition.
b. In applying for a certificate of appropriateness, a property owner must comply with the application procedures as established by the commission pursuant to Chapter 4524.1 of the General Laws, as amended, and the provisions of this chapter.
c. A certificate of appropriateness is necessary whether or not state law requires a permit from the building official. The building official shall not issue a building permit until the commission has granted a certificate of appropriateness.
2. Application for Certificate of Appropriateness.
a. applications for certificates of appropriateness shall be filed with the commission at the office of planning, zoning, development and inspections. The zoning enforcement officer or his designee shall determine if such application is complete and shall forward complete applications, together with all maps, plans, and other data to the commission. Incomplete applications shall be returned to the applicant within seven working days of receipt by the department of planning, zoning, development and inspections.
b. The commission shall require the applicant to submit information which is reasonably necessary to evaluate the proposed construction, alteration, repair, removal or demolition including, but not limited to site plans, elevation drawings, photographs or other information deemed appropriate by the commission and set forth in the commission's rules and regulations adopted pursuant to this chapter.
3. The Commission's Review of Applications. In reviewing the applications and plans, the commission shall give consideration to:
a. The historic and architectural significance of the structure and its appurtenances;
b. The way in which the structure and its appurtenances contribute to the historical and architectural significance of the district;
c. The appropriateness of the general design, arrangement, texture, material and siting proposed in the plans, and
d. The commission shall pass only on exterior features of a structure and its appurtenances and shall not consider interior arrangements.
4. Decisions of the Commission. All decisions of the commission shall be in writing. The commission shall articulate and explain the reasons and basis of each decision and in the case of a decision not to issue a certificate of appropriateness, the commission shall include the basis for its conclusion that the proposed activity would be incongruous with those aspects of the structure, appurtenances, or the district which the commission has determined to be historically or architecturally significant. The commission shall send a copy of the decision to the applicant.
5. Special considerations regarding valuable historic resources and demolition:
a. In the case of an application for construction, repair, or alteration, removal, or demolition affecting the exterior appearance of a structure or its appurtenances, which the commission deems so valuable to the city, state or nation that the loss which the commission deems so valuable to the city, state or nation that the loss thereof will be a great loss to the city, state or nation, the commission shall endeavor to work out with the applicant an economically feasible plan for the preservation of such structure.
b. Unless the commission is satisfied that the retention of such structure constitutes a hazard to public safety, which hazard cannot be eliminated by economic means available to the applicant, including the sale of the structure to any purchaser willing to preserve such structure, the commission shall file with the building official its rejection of such application.
c. Unless the commission votes to issue a certificate of appropriateness for such construction, alteration, and repair, removal and demolition, the commission shall file with the building official

its rejection of such application.
d. In the absence of change in such structure arising from casualty, no new application for the same or similar work shall be filed within one year after such rejection.
e. In the case of any structure deemed to be valuable for the period of architecture it represents and important to the neighborhood within which it exists, the commission may file with the building official its certificate of appropriateness for such application if any of the circumstances under which a certificate of appropriateness might have been given under the proceeding paragraphs are in existence, or if:
i. Preservation of such structure is a deterrent to a major improvement program which will be of substantial benefit to the community;
ii. Preservation of such structure would cause undue or unreasonable financial hardship to the applicant, taking into account the financial resources available to the applicant including sale of the structure to any purchaser willing to preserve such structure; or
iii. Preservation of such structure would not be in the best interest of the community;
iv. When considering an application to demolish or remove a structure of historic or architectural value, the commission shall assist the applicant in identifying and evaluating alternatives to demolition, including sale of the structure on its present site. In addition to any other criteria, the commission also shall consider whether there is a reasonable likelihood that some person or group other than the applicant is willing to purchase, move and preserve such structure and whether the applicant has made continuing bonafide and reasonable efforts to sell the structure to any such purchaser willing to move and preserve such structure.
f. Demolition Through Owner Neglect. The city council, in consultation with the historic district commission, may identify structures of historical or architectural value whose deteriorated physical condition endangers the preservation of the structure or its appurtenances. The council shall publish standards for maintenance of properties within the historic district. Upon the petition of the historic district commission that the historic structure is so deteriorated that its preservation is endangered, the council may establish a reasonable time not less than thirty (30) days within which the owner must begin repairs. If the owner has not begun repairs within the allowed time, the council shall hold a hearing at which the owner may appear and state his or her reasons for not commencing repairs. If the owner does not appear at the hearing or does not comply with the council's orders, the council may cause the required repairs to be made at the expense of the city and cause a lien to be placed against the property for repayments. (Ord. 2000-4 (part), 2000: Ord. 99-24 § 1, 1999; Ord. 65-94 (part), 1994: prior code § 1262.02.04)

### 17.80.050. Failure of the commission to act.

The failure of the commission to act within forty-five (45) days from the date of a completed application filed with it shall be deemed to constitute approval, unless an extension is agreed upon mutually by the applicant and the commission. In the event, however, that the commission shall make a finding of fact that the circumstances of a particular application require further time for additional study and information than can be obtained within the aforesaid period of forty-five (45) days, then and in said event, the commission shall have a period of up to ninety days within which to act upon such application. (Ord. 2000-4 (part), 2000: Ord. 65-94 (part), 1994: prior code § 1262.02.05)

### 17.80.060. Advisory role.

In order to assist the city, its agencies, boards, commissions, staff, mayor and council on matters of historic preservation, the commission shall provide its expertise and advice as appropriate, at the request of any of said agencies, boards, commissions, staff or elected officials. (Ord. 2000-4 (part), 2000: Ord. 65-94 (part), 1994: prior code § 1262.02.06)

### 17.80.070. Exceptions.

Nothing in this chapter shall be construed to prevent painting, routine maintenance or repair of any structure within a historic district, provided that such maintenance or repair does not result in any change of design, type of material, or appearance of the structure or appurtenance; nor shall anything in this chapter be construed to prevent the construction, alteration, repair, moving, or

demolition of any structure under a permit issued by the building official prior to the passage of this chapter. The following are actions which are exempt from review:
A. Paint colors, surface preparation or paint composition;
B. Decorating--holiday or other;
C. Normal landscaping, including shrubs, trees, flowers, window flower boxes, and other plantings, as long as historic landscape features as defined in the commission's adopted standards are not altered or removed, also, exterior lighting and flags and flag poles, lawn furniture, park benches, birdbaths;
D. Repair of any existing walkway, driveway, wall, fence, or terrace if in the same location and with the same materials;
E. Window air conditioning units;
F. Temporary structures or signs used for special events and whose duration will not exceed any guidelines established by the commission;
G. The reconstruction, in the same design, of a building, structure or exterior architectural feature damaged or destroyed by fire, storm or other disaster, provided such reconstruction is begun within one year and is continued to completion without substantial interruption;
H. Storm windows and doors;
I. All ordinary maintenance and repair of any of the existing features of a structure or building that does not involve a change in design, materials or the outward appearance. (Ord. 2000-4 (part), 2000: Ord. 65-94 (part), 1994: prior code § 1262.02.07)

### 17.80.080. Appeals.

An aggrieved party with respect to a decision of the historic district commission shall have the right to appeal such decision to the zoning board of review. When hearing appeals from the commission decisions, the zoning board of review shall not substitute its own judgment for that of the commission, but must consider the issue upon the findings and the record of the commission. The zoning board of review shall not reverse a commission decision except on a finding of prejudicial procedural error, clear error or lack of support by the weight of the evidence in the record. The zoning board of review shall articulate and explain the reasons and basis of each decision of the record, and the zoning board of review shall send a copy of the decision to the aggrieved party, to the historic district commission, and to all parties entering an appearance. An aggrieved party may appeal the decision of the zoning board of review on a matter appealed under this chapter to the superior court of Newport County. (Ord. 2000-4 (part), 2000: Ord. 65-94 (part), 1994: prior code § 1262.02.08)

### 17.80.090. Enforcement.

Where there is a violation of any of the provisions of this chapter or of any section taken thereunder, the zoning officer, through the city solicitor, shall institute an appropriate action to prevent, enjoin, abate or remove such violation.
The zoning officer may bring an action against any property owner who fails to comply with the requirements of the chapter. Such actions shall be brought in the superior court having jurisdiction where the violation occurred or is likely to occur. Plaintiffs may seek restraining orders and injunctive relief to restrain and enjoin violations or threatened violations of this chapter. (Ord. 2000-4 (part), 2000: Ord. 99-6 § 1, 1999: Ord. 65-94 (part), 1994: prior code § 1262.02.09)




<< previous | next >>