# EXHIBIT R

will reclaim the certificate and plaque, if any, issued for that landmark.

(i) An owner shall not be considered as having exhausted administrative remedies with respect to dedesignation of a National Historic Landmark until after submitting an appeal and receiving a response from NPS in accord with these procedures.

### § 65.10 Appeals for designation.

(a) Any applicant seeking to have a property designated a National Historic Landmark may appeal, stating the grounds for appeal, directly to the Director, National Park Service, Department of the Interior, Washington, DC 20240, under the following circumstances:

Where the applicant—

(1) Disagrees with the initial decision of NPS that the property is not likely to meet the criteria of the National Historic Landmarks Program and will not be submitted to the Advisory Board; or

(2) Disagrees with the decision of the Secretary that the property does not meet the criteria of the National Historic Landmarks Program.

(b) The Director will respond to the appellant within 60 days. After reviewing the appeal the Director may:

(1) Deny the appeal;

(2) Direct that a National Historic Landmark nomination be prepared and processed according to the regulations if this has not yet occurred; or

(3) Resubmit the nomination to the Secretary for reconsideration and final decision.

(c) Any person or organization which supports or opposes the consideration of a property for National Historic Landmark designation may submit an appeal to the Director, NPS, during the designation process either supporting or opposing the designation. Such appeals received by the Director before the study of the property or before its submission to the National Park System Advisory Board will be considered by the Director, the Advisory Board and the Secretary, as appropriate, in the designation process.

(d) No person shall be considered to have exhausted administrative remedies with respect to failure to designate a property a National Historic Landmark until he or she has complied with the procedures set forth in this section.

## PART 67—HISTORIC PRESERVATION CERTIFICATIONS PURSUANT TO SEC. 48(g) AND SEC. 170(h) OF THE INTERNAL REVENUE CODE OF 1986

Sec.
67.1 Sec. 48(g) and Sec. 170(h) of the Internal Revenue Code of 1986.
67.2 Definitions.
67.3 Introduction to certifications of significance and rehabilitation and information collection.
67.4 Certifications of historic significance.
67.5 Standards for Evaluating Significance within Registered Historic Districts.
67.6 Certifications of rehabilitation.
67.7 Standards for Rehabilitation.
67.8 Certifications of statutes.
67.9 Certifications of State or local historic districts.
67.10 Appeals.
67.11 Fees for processing rehabilitation certification requests.

AUTHORITY: Sec. 101(a)(1) of the National Historic Preservation Act of 1966, 16 U.S.C. 470a–1(a)(170 ed.), as amended; Sec. 48(g) of the Internal Revenue Code of 1986 (90 Stat. 1519, as amended by 100 Stat. 2085) 26 U.S.C. 48(g); and Sec. 170(h) of the Internal Revenue Code of 1986 (94 Stat. 3204) 26 U.S.C. 170(h).

SOURCE: 54 FR 6771, Feb. 26, 1990, unless otherwise noted.

### § 67.1 Sec. 48(g) and Sec. 170(h) of the Internal Revenue Code of 1986.

(a) Sec. 48(g) of the Internal Revenue Code of 1986, 90 Stat. 1519, as amended by 100 Stat. 2085, and Sec. 170(h) of the Internal Revenue Code of 1986, 94 Stat. 3204, require the Secretary to make certifications of historic district statutes and of State and local districts, certifications of significance, and certifications of rehabilitation in connection with certain tax incentives involving historic preservation. These certification responsibilities have been delegated to the National Park Service (NPS); the following five regional offices issue certifications for the States listed below them.

Alaska Regional Office, National Park Service, 2525 Gambell Street, Room 107, Anchorage, Alaska 99503:

Alaska

Mid-Atlantic Regional Office, National Park Service, U.S. Customs House, Second Floor, Second and Chestnut Streets, Philadelphia, Pennsylvania 19106:

Connecticut
Delaware
District of Columbia
Indiana
Maine
Maryland
Massachusetts
Michigan
New Hampshire
New Jersey
New York
Ohio
Pennsylvania
Rhode Island
Vermont
Virginia
West Virginia

Rocky Mountain Regional Office, National Park Service, 12795 West Alameda Parkway, P.O. Box 25287, Denver, Colorado 80225:

Colorado
Illinois
Iowa
Kansas
Minnesota
Missouri
Montana
Nebraska
New Mexico
North Dakota
Oklahoma
South Dakota
Texas
Utah
Wisconsin
Wyoming

Southeast Regional Office, National Park Service, 75 Spring Street SW, Atlanta, Georgia 30303:

Alabama
Arkansas
Florida
Georgia
Kentucky
Louisiana
Mississippi
North Carolina
Puerto Rico
South Carolina
Tennessee
Virgin Islands

Western Regional Office, National Park Service, 450 Golden Gate Avenue, P.O. Box 36063, San Francisco, California 94102:

Arizona
California
Hawaii
Idaho
Nevada
Oregon
Washington

(b) The Washington office of the NPS establishes program direction and considers appeals of certification denials. The procedures for obtaining certifications are set forth below. It is the responsibility of owners wishing certifications to provide sufficient documentation to the Secretary to make certification decisions. These procedures, upon their effective date, are applicable to future and pending certification requests, except as otherwise provided herein.

(c) States receiving Historic Preservation Fund grants from the Department participate in the review of requests for certification, through recommendations to the Secretary by the State Historic Preservation Officer (SHPO). The SHPO acts on behalf of the State in this capacity and, therefore, the NPS is not responsible for any actions, errors or omissions of the SHPO.

(1) Requests for certifications and approvals of proposed rehabilitation work are sent by an owner first to the appropriate SHPO for review. State comments are recorded on National Park Service Review Sheets (NPS Forms 10–168 (d) and (e)) and are carefully considered by the Secretary before a certification decision is made. Recommendations of States with approved State programs are generally followed, but by law, all certification decisions are made by the Secretary, based upon professional review of the application and related information. The decision of the Secretary may differ from the recommendation of the SHPO.

(2) A State may choose not to participate in the review of certification requests. States not wishing to participate in the comment process should notify the Secretary in writing of this fact. Owners from such nonparticipating States may request certifications by sending their applications directly to the appropriate NPS regional office listed above. In all other situations, certification requests are sent first to the appropriate SHPO.

(d) The Internal Revenue Service is responsible for all procedures, legal determinations, and rules and regulations concerning the tax consequences of the historic preservation provisions

described in this part. Any certification made by the Secretary pursuant to this part shall not be considered as binding upon the Internal Revenue Service or the Secretary of the Treasury with respect to tax consequences under the Internal Revenue Code. For example, certifications made by the Secretary do not constitute determinations that a structure is of the type subject to the allowance for depreciation under section 167 of the Code.

**§ 67.2 Definitions.**

As used in these regulations:

*Certified Historic Structure* means a building (and its structural components) which is of a character subject to the allowance for depreciation provided in section 167 of the Internal Revenue Code of 1986 which is either:

(a) Individually listed in the National Register; or

(b) Located in a registered historic district and certified by the Secretary as being of historic significance to the district.

Portions of larger buildings, such as single condominium apartment units, are no independently considered certified historic structures. Rowhouses, even with abutting or party walls, are considered as separate buildings. For purposes of the certification decisions set forth in this part, a certified historic structure encompasses the historic building and its site, landscape features, and environment, generally referred to herein as a "property" as defined below. The NPS decision on listing a property in the National Register of Historic Places, including boundary determinations, does not limit the scope of review of the rehabilitation project for tax certification purposes. Such review will include the entire historic property as it existed prior to rehabilitation and any related new construction. For purposes of the charitable contribution provisions only, a certified historic structure need not be depreciable to qualify; may be a structure other than a building; and may also be a remnant of a building such as a facade, if that is all that remains. For purposes of the other rehabilitation tax credits under section 48(g) of the Internal Revenue Code, any property located in a registered historic district is considered a certified historic structure so that other rehabilitation tax credits are not available; exemption from this provision can generally occur only if the Secretary has determined, prior to the rehabilitation of the property, that it is not of historic significance to the district.

*Certified Rehabilitation* means any rehabilitation of a certified historic structure which the Secretary has certified to the Secretary of the Treasury as being consistent with the historic character of the certified historic structure and, where applicable, with the district in which such structure is located.

*Duly Authorized Representative* means a State or locality's Chief Elected Official or his or her representative who is authorized to apply for certification of State/local statutes and historic districts.

*Historic District* means a geographically definable area, urban or rural, that possesses a significant concentration, linkage or continuity of sites, buildings, structures or objects united historically or aesthetically by plan or physical development. A district may also comprise individual elements separated geographically during the period of significance but linked by association or function.

*Inspection* means a visit by an authorized representative of the Secretary or a SHPO to a certified historic structure for the purposes of reviewing and evaluating the significance of the structure and the ongoing or completed rehabilitation work.

*National Register of Historic Places* means the National Register of districts, sites, buildings, structures, and objects significant in American history, architecture, archeology, engineering, and culture that the Secretary is authorized to expand and maintain pursuant to section 101(a)(1) of the National Historic Preservation Act of 1966, as amended. The procedures of the National Register appear in 36 CFR part 60 *et seq.*

*Owner* means a person, partnership, corporation, or public agency holding a fee-simple interest in a property or any other person or entity recognized by the Internal Revenue Code for purposes of the applicable tax benefits.

described in this part. Any certification made by the Secretary pursuant to this part shall not be considered as binding upon the Internal Revenue Service or the Secretary of the Treasury with respect to tax consequences under the Internal Revenue Code. For example, certifications made by the Secretary do not constitute determinations that a structure is of the type subject to the allowance for depreciation under section 167 of the Code.

### § 67.2 Definitions.

As used in these regulations:

*Certified Historic Structure* means a building (and its structural components) which is of a character subject to the allowance for depreciation provided in section 167 of the Internal Revenue Code of 1986 which is either:

(a) Individually listed in the National Register; or

(b) Located in a registered historic district and certified by the Secretary as being of historic significance to the district.

Portions of larger buildings, such as single condominium apartment units, are no independently considered certified historic structures. Rowhouses, even with abutting or party walls, are considered as separate buildings. For purposes of the certification decisions set forth in this part, a certified historic structure encompasses the historic building and its site, landscape features, and environment, generally referred to herein as a "property" as defined below. The NPS decision on listing a property in the National Register of Historic Places, including boundary determinations, does not limit the scope of review of the rehabilitation project for tax certification purposes. Such review will include the entire historic property as it existed prior to rehabilitation and any related new construction. For purposes of the charitable contribution provisions only, a certified historic structure need not be depreciable to qualify; may be a structure other than a building; and may also be a remnant of a building such as a facade, if that is all that remains. For purposes of the other rehabilitation tax credits under section 48(g) of the Internal Revenue Code, any property located in a registered historic district is considered a certified historic structure so that other rehabilitation tax credits are not available; exemption from this provision can generally occur only if the Secretary has determined, prior to the rehabilitation of the property, that it is not of historic significance to the district.

*Certified Rehabilitation* means any rehabilitation of a certified historic structure which the Secretary has certified to the Secretary of the Treasury as being consistent with the historic character of the certified historic structure and, where applicable, with the district in which such structure is located.

*Duly Authorized Representative* means a State or locality's Chief Elected Official or his or her representative who is authorized to apply for certification of State/local statutes and historic districts.

*Historic District* means a geographically definable area, urban or rural, that possesses a significant concentration, linkage or continuity of sites, buildings, structures or objects united historically or aesthetically by plan or physical development. A district may also comprise individual elements separated geographically during the period of significance but linked by association or function.

*Inspection* means a visit by an authorized representative of the Secretary or a SHPO to a certified historic structure for the purposes of reviewing and evaluating the significance of the structure and the ongoing or completed rehabilitation work.

*National Register of Historic Places* means the National Register of districts, sites, buildings, structures, and objects significant in American history, architecture, archeology, engineering, and culture that the Secretary is authorized to expand and maintain pursuant to section 101(a)(1) of the National Historic Preservation Act of 1966, as amended. The procedures of the National Register appear in 36 CFR part 60 *et seq.*

*Owner* means a person, partnership, corporation, or public agency holding a fee-simple interest in a property or any other person or entity recognized by the Internal Revenue Code for purposes of the applicable tax benefits.

*Property* means a building and its site and landscape features.

*Registered Historic District* means any district listed in the National Register or any district which is:

(a) Designated under a State or local statute which has been certified by the Secretary as containing criteria which will substantially achieve the purpose of preserving and rehabilitating buildings of significance to the district, and

(b) Certified by the Secretary as meeting substantially all of the requirements for the listing of districts in the National Register.

*Rehabilitation* means the process of returning a building or buildings to a state of utility, through repair or alteration, which makes possible an efficient use while preserving those portions and features of the building and its site and environment which are significant to its historic, architectural, and cultural values as determined by the Secretary.

*Standards for Rehabilitation* means the Secretary's Standards for Rehabilitation set forth in section 67.7 hereof.

*State Historic Preservation Officer* means the official within each State designated by the Governor or a State statute to act as liaison for purposes of administering historic preservation programs within that State.

*State or Local Statute* means a law of a State or local government designating, or providing a method for the designation of, a historic district or districts.

[54 FR 6771, Feb. 26, 1990, as amended at 62 FR 30235, June 3, 1997]

### § 67.3 Introduction to certifications of significance and rehabilitation and information collection.

(a) Who may apply:

(1) Ordinarily, only the fee simple owner of the property in question may apply for the certifications described in §§ 67.4 and 67.6 hereof. If an application for an evaluation of significance or rehabilitation project is made by someone other than the fee simple owner, however, the application must be accompanied by a written statement from the fee simple owner indicating that he or she is aware of the application and has no objection to the request for certification.

(2) Upon request of a SHPO the Secretary may determine whether or not a particular property located within a registered historic district qualifies as a certified historic structure. The Secretary shall do so, however, only after notifying the fee simple owner of record of the request, informing such owner of the possible tax consequences of such a decision, and permitting the property owner a 30-day time period to submit written comments to the Secretary prior to decision. Such time period for comment may be waived by the fee simple owner.

(3) The Secretary may undertake the certifications described in §§ 67.4 and 67.6 on his own initiative after notifying the fee simple owner and the SHPO and allowing a comment period as specified in § 67.3(a)(2).

(4) Owners of properties which appear to meet National Register criteria but are yet listed in the National Register or which are located within potential historic districts may request preliminary determinations from the Secretary as to whether such properties may qualify as certified historic structures when and if the properties or the potential historic districts in which they are located are listed in the National Register. Preliminary determinations may also be requested for properties outside the period or area of significance of registered historic districts as specified in § 67.5(c). Procedures for obtaining these determinations shall be the same as those described in § 67.4. Such determinations are preliminary only and are not binding on the Secretary. Preliminary determinations of significance will become final as of the date of the listing of the individual property or district in the National Register. For properties outside the period or area of significance of a registered historic district, preliminary determinations of significance will become final, except as provided below, when the district documentation on file with the NPS is formally amended. If during review of a request for certification of rehabilitation, it is determined that the property does not contribute to the significance of the district because of changes which occurred after the preliminary determination of significance was

*Property* means a building and its site and landscape features.

*Registered Historic District* means any district listed in the National Register or any district which is:

(a) Designated under a State or local statute which has been certified by the Secretary as containing criteria which will substantially achieve the purpose of preserving and rehabilitating buildings of significance to the district, and

(b) Certified by the Secretary as meeting substantially all of the requirements for the listing of districts in the National Register.

*Rehabilitation* means the process of returning a building or buildings to a state of utility, through repair or alteration, which makes possible an efficient use while preserving those portions and features of the building and its site and environment which are significant to its historic, architectural, and cultural values as determined by the Secretary.

*Standards for Rehabilitation* means the Secretary's Standards for Rehabilitation set forth in section 67.7 hereof.

*State Historic Preservation Officer* means the official within each State designated by the Governor or a State statute to act as liaison for purposes of administering historic preservation programs within that State.

*State or Local Statute* means a law of a State or local government designating, or providing a method for the designation of, a historic district or districts.

[54 FR 6771, Feb. 26, 1990, as amended at 62 FR 30235, June 3, 1997]

### §67.3 Introduction to certifications of significance and rehabilitation and information collection.

(a) Who may apply:

(1) Ordinarily, only the fee simple owner of the property in question may apply for the certifications described in §§67.4 and 67.6 hereof. If an application for an evaluation of significance or rehabilitation project is made by someone other than the fee simple owner, however, the application must be accompanied by a written statement from the fee simple owner indicating that he or she is aware of the application and has no objection to the request for certification.

(2) Upon request of a SHPO the Secretary may determine whether or not a particular property located within a registered historic district qualifies as a certified historic structure. The Secretary shall do so, however, only after notifying the fee simple owner of record of the request, informing such owner of the possible tax consequences of such a decision, and permitting the property owner a 30-day time period to submit written comments to the Secretary prior to decision. Such time period for comment may be waived by the fee simple owner.

(3) The Secretary may undertake the certifications described in §§67.4 and 67.6 on his own initiative after notifying the fee simple owner and the SHPO and allowing a comment period as specified in §67.3(a)(2).

(4) Owners of properties which appear to meet National Register criteria but are yet listed in the National Register or which are located within potential historic districts may request preliminary determinations from the Secretary as to whether such properties may qualify as certified historic structures when and if the properties or the potential historic districts in which they are located are listed in the National Register. Preliminary determinations may also be requested for properties outside the period or area of significance of registered historic districts as specified in §67.5(c). Procedures for obtaining these determinations shall be the same as those described in §67.4. Such determinations are preliminary only and are not binding on the Secretary. Preliminary determinations of significance will become final as of the date of the listing of the individual property or district in the National Register. For properties outside the period or area of significance of a registered historic district, preliminary determinations of significance will become final, except as provided below, when the district documentation on file with the NPS is formally amended. If during review of a request for certification of rehabilitation, it is determined that the property does not contribute to the significance of the district because of changes which occurred after the preliminary determination of significance was

made, certified historic structure designation will be denied.

(5) Owners of properties not yet designated certified historic structures may obtain determinations from the Secretary on whether or not rehabilitation proposals meet the Secretary's Standards for Rehabilitation. Such determinations will be made only when the owner has requested a preliminary determination of the significance of the property as described in paragraph (a)(4) of this section and such request for determination has been acted upon by the NPS. Final certifications of rehabilitation will be issued only to owners of certified historic structures. Procedures for obtaining these determinations shall be the same as those described in sec. 67.6.

(b) How to apply:

(1) Requests for certifications of historic significance and of rehabilitation shall be made on Historic Preservation Certification Applications (NPS Form No. 10–168). Normally, two copies of the application are required; one to be retained by the SHPO and the other to be forwarded to the NPS. The information collection requirements contained in the application and in this part have been approved by the Office of Management and Budget under 44 U.S.C. 3507 and assigned clearance number 1024–0009. Part 1 of the application shall be used in requesting a certification of historic significance or nonsignificance and preliminary determinations, while part 2 of the application shall be used in requesting an evaluation of a proposed rehabilitation project or, in conjunction with a Request for Certification of Completed Work, a certification of a completed rehabilitation project. Information contained in the application is required to obtain a benefit. Public reporting burden for this form is estimated to average 2.5 hours per response including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form. Direct comments regarding this burden estimate or any aspect of this form may be made to the Chief, Administrative Services Division, National Park Service, P.O. Box 37127, Washington, DC 20013–7127 and to the Office of Management and Budget, Paperwork Reduction Project Number 1024–0009, Washington, DC 20503.

(2) Application forms are available from NPS regional offices or the SHPOs.

(3) Requests for certifications, preliminary determinations, and approvals of proposed rehabilitation projects shall be sent to the SHPO in participating States. Requests in nonparticipating States shall be sent directly to the appropriate NPS regional office.

(4) Generally reviews of certification requests are concluded within 60 days of receipt of a complete, adequately documented application, as defined § 67.4 and § 67.6 (30 days at the State level and 30 days at the Federal level). Where a State has chosen not to participate in the review process, review by the NPS generally is concluded within 60 days of receipt of a complete, adequately documented application. Where adequate documentation is not provided, the owner will be notified of the additional information needed to undertake or complete review. The time periods in this part are based on the receipt of a complete application; they will be adhered to as closely as possible and are defined as calendar days. They are not, however, considered to be mandatory, and the failure to complete review within the designated periods does not waive or alter any certification requirement.

(5) Approval of applications and amendments to applications is conveyed only in writing by duly authorized officials of the NPS acting on behalf of the Secretary. Decisions with respect to certifications are made on the basis of the descriptions contained in the application form and other available information. In the event of any discrepancy between the application form and other, supplementary material submitted with it (such as architectural plans, drawings, specifications, etc.), the applicant shall be requested to resolve the discrepancy in writing. In the event the discrepancy is not resolved, the description in the application form shall take precedence. Falsification of factual representations in the application is subject to criminal sanctions of up to $10,000 in fines or imprisonment for up to five years pursuant to 18 U.S.C. 1001.

(6) It is the owner's responsibility to notify the Secretary if application reviews are not completed within the time periods specified above. The Secretary in turn will consult with the appropriate office to ensure that the review is completed in as timely manner as possible in the circumstances.

(7) Although certifications of significance and rehabilitation are discussed separately below, owners must submit part 1 of the Historic Preservation Certification Application prior to, or with, part 2. Part 2 of the application will not be processed until an adequately documented part 1 is on file and acted upon unless the property is already a certified historic structure. Reviews of rehabilitation projects will also not be undertaken if the owner has objected to the listing of the property in the National Register.

**§67.4 Certifications of historic significance.**

(a) Requests for certifications of historic significance should be made by the owner to determine—

(1) That a property located within a registered historic district is of historic significance to such district; or

(2) That a property located within a registered historic district is not of historic significance to such district; or

(3) That a property not yet on the National Register appears to meet National Register criteria; or

(4) That a property located within a potential historic district appears to contribute to the significance of such district.

(b) To determine whether or not a property is individually listed or is part of a district in the National Register, the owner may consult the listing of National Register properties in the FEDERAL REGISTER (found in most large libraries), or contact the appropriate SHPO for current information.

(c) If a property is located within the boundaries of a registered historic district and the owner wishes the Secretary to certify whether the property contributes or does not contribute to the historic significance of the district or if the owner is requesting a preliminary determination of significance in accordance with §67.3(a)(4), the owner must complete part 1 of the Historic Preservation Certification Application according to instructions accompanying the application. Such documentation includes but is not limited to:

(1) Name and mailing address of owner;

(2) Name and address of property;

(3) Name of historic district;

(4) Current photographs of property; photographs of the building and its site and landscape features prior to alteration if rehabilitation has been completed; photograph(s) showing the property along with adjacent properties and structures on the street; and photographs of interior features and spaces adequate to document significance;

(5) Brief description of appearance including alterations, distinctive features and spaces, and date(s) of construction;

(6) Brief statement of significance summarizing how the property does or does not reflect the values that give the district its distinctive historical and visual character, and explaining any significance attached to the property itself (i.e., unusual building techniques, important event that took place there, etc.).

(7) Sketch map clearly delineating property's location within the district; and

(8) Signature of fee simple owner requesting or concurring in a request for evaluation.

(d) If a property is individually listed in the National Register, it is generally considered a certified historic structure and no further certification is required. More specific considerations in this regard are as follows:

(1) If the property is individually listed in the National Register and the owner believes it has lost the characteristics which caused it to be nominated and therefore wishes it delisted, the owner should refer to the delisting procedures outlined in 36 CFR part 60.

(2) Some properties individually listed in the National Register include more than one building. In such cases, the owner must submit a single part 1 application, as described in paragraph (c) of this section, which includes descriptions of all the buildings within the listing. The Secretary will utilize

(6) It is the owner's responsibility to notify the Secretary if application reviews are not completed within the time periods specified above. The Secretary in turn will consult with the appropriate office to ensure that the review is completed in as timely manner as possible in the circumstances.

(7) Although certifications of significance and rehabilitation are discussed separately below, owners must submit part 1 of the Historic Preservation Certification Application prior to, or with, part 2. Part 2 of the application will not be processed until an adequately documented part 1 is on file and acted upon unless the property is already a certified historic structure. Reviews of rehabilitation projects will also not be undertaken if the owner has objected to the listing of the property in the National Register.

**§67.4 Certifications of historic significance.**

(a) Requests for certifications of historic significance should be made by the owner to determine—

(1) That a property located within a registered historic district is of historic significance to such district; or

(2) That a property located within a registered historic district is not of historic significance to such district; or

(3) That a property not yet on the National Register appears to meet National Register criteria; or

(4) That a property located within a potential historic district appears to contribute to the significance of such district.

(b) To determine whether or not a property is individually listed or is part of a district in the National Register, the owner may consult the listing of National Register properties in the FEDERAL REGISTER (found in most large libraries), or contact the appropriate SHPO for current information.

(c) If a property is located within the boundaries of a registered historic district and the owner wishes the Secretary to certify whether the property contributes or does not contribute to the historic significance of the district or if the owner is requesting a preliminary determination of significance in accordance with §67.3(a)(4), the owner must complete part 1 of the Historic Preservation Certification Application according to instructions accompanying the application. Such documentation includes but is not limited to:

(1) Name and mailing address of owner;

(2) Name and address of property;

(3) Name of historic district;

(4) Current photographs of property; photographs of the building and its site and landscape features prior to alteration if rehabilitation has been completed; photograph(s) showing the property along with adjacent properties and structures on the street; and photographs of interior features and spaces adequate to document significance;

(5) Brief description of appearance including alterations, distinctive features and spaces, and date(s) of construction;

(6) Brief statement of significance summarizing how the property does or does not reflect the values that give the district its distinctive historical and visual character, and explaining any significance attached to the property itself (i.e., unusual building techniques, important event that took place there, etc.).

(7) Sketch map clearly delineating property's location within the district; and

(8) Signature of fee simple owner requesting or concurring in a request for evaluation.

(d) If a property is individually listed in the National Register, it is generally considered a certified historic structure and no further certification is required. More specific considerations in this regard are as follows:

(1) If the property is individually listed in the National Register and the owner believes it has lost the characteristics which caused it to be nominated and therefore wishes it delisted, the owner should refer to the delisting procedures outlined in 36 CFR part 60.

(2) Some properties individually listed in the National Register include more than one building. In such cases, the owner must submit a single part 1 application, as described in paragraph (c) of this section, which includes descriptions of all the buildings within the listing. The Secretary will utilize

the Standards for Evaluating Significance within Registered Historic Districts (§ 67.5) for the purpose of determining which of the buildings included within the listing are of historic significance to the property. The requirements of this paragraph are applicable to certification requests received by the SHPOs (and the NPS regional offices in the case of nonparticipating States only) upon the effective date of these regulations.

(e) Properties containing more than one building where the buildings are judged by the Secretary to have been functionally related historically to serve an overall purpose, such as a mill complex or a residence and carriage house, will be treated as a single certified historic structure, whether the property is individually listed in the National Register or is located within a registered historic district, when rehabilitated as part of an overall project. Buildings that are functionally related historically are those which have functioned together to serve an overall purpose during the property's period of significance. In the case of a property within a registered historic district which contains more than one building where the buildings are judged to be functionally related historically, an evaluation will be made to determine whether the component buildings contribute to the historic significance of the property and whether the property contributes to the significance of the historic district as in § 67.4(i). For questions concerning demolition of separate structures as part of an overall rehabilitation project, see § 67.6.

(f) Applications for preliminary determinations for individual listing must show how the property individually meets the National Register Criteria for Evaluation. An application for a property located in a potential historic district must document how the district meets the criteria and how the property contributes to the significance of that district. An application for a preliminary determination for a property in a registered historic district which is outside the period or area of significance in the district documentation on file with the NPS must document and justify the expanded significance of the district and how the property contributes to the significance of the district or document the individual significance of the property. Applications must contain substantially the same level of documentation as National Register nominations, as specified in 36 CFR part 60 and National Register Bulletin 16, "Guidelines for Completing National Register of Historic Places Forms" (available from SHPOs and NPS regional offices). Applications must also include written assurance from the SHPO that the district nomination is being revised to expand its significance or, for certified districts, written assurance from the duly authorized representative that the district documentation is being revised to expand its significance, or that the SHPO is planning to nominate the property or the district. Owners should understand that confirmation of intent to nominate by a SHPO does not constitute listing in the National Register, nor does it constitute a certification of significance as required by law for Federal tax incentives. Owners should further understand that they are proceeding at their own risk. If the property or district is not listed in the National Register for procedural, substantive or other reasons; if the district documentation is not formally amended; or if the significance of the property has been lost as a result of alterations or damage, these preliminary determinations of significance will not become final. The SHPO must nominate the property or the district or the SHPO for National Register districts and the duly authorized representative in the case of certified districts must submit documentation and have it approved by the NPS to amend the National Register nomination or certified district or the property or district must be listed before the preliminary certification of significance can become final.

(g) For purposes of the other rehabilitation tax credits under sec. 48(g) of the Internal Revenue Code, properties within registered historic districts are presumed to contribute to the significance of such districts unless certified as nonsignificant by the Secretary. Owners of nonhistoric properties within registered historic districts, therefore, must obtain a certification of

nonsignificance in order to qualify for those investment tax credits. If an owner begins or completes a substantial alteration (within the meaning of sec. 167(n) of the Internal Revenue Code) of a property in a registered historic district without knowledge of requirements for certification of nonsignificance, he or she may request certification that the property was not of historic significance to the district prior to substantial alteration in the same manner as stated in sec. 67.4(c). The owner should be aware, however, of the requirements under sec. 48(g) of the Internal Revenue Code that the taxpayer must certify to the Secretary of the Treasury that, at the beginning of such substantial alteration, he or she in good faith was not aware of the certification requirement by the Secretary of the Interior.

(h) The Secretary discourages the moving of historic buildings from their original sites. However, if a building is to be moved as part of a rehabilitation for which certification is sought, the owner must follow different procedures depending on whether the building is individually listed in the National Register or is within a registered historic district. When a building is moved, every effort should be made to re-establish its historic orientation, immediate setting, and general environment. Moving a building may result in removal of the property from the National Register or, for buildings within a registered historic district, denial or revocation of a certification of significance; consequently, a moved building may, in certain circumstances, be ineligible for rehabilitation certification.

(1) Documentation must be submitted that demonstrates:

(i) The effect of the move on the building's integrity and appearance (any proposed demolition, proposed changes in foundations, etc.);

(ii) Photographs of the site and general environment of the proposed site;

(iii) Evidence that the proposed site does not possess historical significance that would be adversely affected by the moved building;

(iv) The effect of the move on the distinctive historical and visual character of the district, where applicable; and

(v) The method to be used for moving the building.

(2) For buildings individually listed in the National Register, the procedures contained in 36 CFR part 60 must be followed prior to the move, or the building will be removed from the National Register, will not be considered a certified historic structure, and will have to be renominated for listing. The owner may submit a part 1 application in order to receive a preliminary determination from the NPS of whether a move will cause the property to be removed from the National Register. However, preliminary approval of such a part 1 application does not satisfy the requirements of 36 CFR part 60. The SHPO must follow the remaining procedures in that regulation so that the NPS can determine that the moved building will remain listed in the National Register and retain its status as a certified historic structure.

(3) If an owner moves (or proposes to move) a building into a registered historic district or moves (or proposes to move) a building elsewhere within a registered historic district, a part 1 application containing the required information described in paragraph (h)(1) of this section must be submitted. The building to be moved will be evaluated to determine if it contributes to the historic significance of the district both before and after the move as in §67.4(i).

(i) Properties within registered historic districts will be evaluated to determine if they contribute to the historic significance of the district by application of the Secretary's Standards for Evaluating Significance within Registered Historic Districts as set forth in §67.5.

(j) Once the significance of a property located within a registered historic district or a potential historic district has been determined by the Secretary, written notification will be sent to the owner and the SHPO in the form of a certification of significance or nonsignificance.

(k) Owners shall report to the Secretary through the SHPO any substantial damage, alteration or changes to a property that occurs after issuance of a certification of significance and prior

to a final certification of rehabilitation. The Secretary may withdraw a certification of significance, upon thirty days notice to the owner, if a property has been damaged, altered or changed effective as of the date of the occurrence. The property may also be removed from the National Register, in accordance with the procedures in 36 CFR part 60. A revocation of certification of significance pursuant to this part may be appealed under § 67.10. For damage, alteration or changes caused by unacceptable rehabilitation work, see § 67.6(f).

**§ 67.5 Standards for Evaluating Significance within Registered Historic Districts.**

(a) Properties located within registered historic districts are reviewed by the Secretary to determine if they contribute to the historic significance of the district by applying the following Standards for Evaluating Significance within Registered Historic Districts.

(1) A building contributing to the historic significance of a district is one which by location, design, setting, materials, workmanship, feeling and association adds to the district's sense of time and place and historical development.

(2) A building not contributing to the historic significance of a district is one which does not add to the district's sense of time and place and historical development; or one where the location, design, setting, materials, workmanship, feeling and association have been so altered or have so deteriorated that the overall integrity of the building has been irretrievably lost.

(3) Ordinarily buildings that have been built within the past 50 years shall not be considered to contribute to the significance of a district unless a strong justification concerning their historical or architectural merit is given or the historical attributes of the district are considered to be less than 50 years old.

(b) A condemnation order may be presented as evidence of physical deterioration of a building but will not of itself be considered sufficient evidence to warrant certification of nonsignificance for loss of integrity. In certain cases it may be necessary for the owner to submit a structural engineer's report to help substantiate physical deterioration and/or structural damage. Guidance on preparing a structural engineer's report is available from the appropriate SHPO or NPS regional office.

(c) Some properties listed in the National Register, primarily districts, are resources whose concentration or continuity possesses greater historical significance than many of their individual component buildings and structures. These usually are documented as a group rather than individually. Accordingly, this type of National Register documentation is not conclusive for the purposes of this part and must be supplemented with information on the significance of the specific property. Certifications of significance and nonsignificance will be made on the basis of the application documentation, existing National Register documentation, and other available information as needed. The Keeper may amend the National Register documentation by issuing a supplementary record if the application material warrants such an amendment. If a certification request is received for a property which is not yet listed on the National Register or which is outside a district's established period or area of significance, a preliminary determination of significance will be issued only if the request includes adequate documentation and if there is written assurance from the SHPO that the SHPO plans to nominate the property or district or that the district nomination in question is being revised to expand its significance or for certified districts, written assurance from the duly authorized representative that the district documentation is being revised to expand the significance. Certifications will become final when the property or district is listed or when the district documentation is officially amended unless the significance of the property has been lost as a result of alteration or damage. For procedures on amending listings to the National Register and additional information on the use of National Register documentation and the supplementary record which is

to a final certification of rehabilitation. The Secretary may withdraw a certification of significance, upon thirty days notice to the owner, if a property has been damaged, altered or changed effective as of the date of the occurrence. The property may also be removed from the National Register, in accordance with the procedures in 36 CFR part 60. A revocation of certification of significance pursuant to this part may be appealed under § 67.10. For damage, alteration or changes caused by unacceptable rehabilitation work, see § 67.6(f).

### § 67.5 Standards for Evaluating Significance within Registered Historic Districts.

(a) Properties located within registered historic districts are reviewed by the Secretary to determine if they contribute to the historic significance of the district by applying the following Standards for Evaluating Significance within Registered Historic Districts.

(1) A building contributing to the historic significance of a district is one which by location, design, setting, materials, workmanship, feeling and association adds to the district's sense of time and place and historical development.

(2) A building not contributing to the historic significance of a district is one which does not add to the district's sense of time and place and historical development; or one where the location, design, setting, materials, workmanship, feeling and association have been so altered or have so deteriorated that the overall integrity of the building has been irretrievably lost.

(3) Ordinarily buildings that have been built within the past 50 years shall not be considered to contribute to the significance of a district unless a strong justification concerning their historical or architectural merit is given or the historical attributes of the district are considered to be less than 50 years old.

(b) A condemnation order may be presented as evidence of physical deterioration of a building but will not of itself be considered sufficient evidence to warrant certification of nonsignificance for loss of integrity. In certain cases it may be necessary for the owner to submit a structural engineer's report to help substantiate physical deterioration and/or structural damage. Guidance on preparing a structural engineer's report is available from the appropriate SHPO or NPS regional office.

(c) Some properties listed in the National Register, primarily districts, are resources whose concentration or continuity possesses greater historical significance than many of their individual component buildings and structures. These usually are documented as a group rather than individually. Accordingly, this type of National Register documentation is not conclusive for the purposes of this part and must be supplemented with information on the significance of the specific property. Certifications of significance and nonsignificance will be made on the basis of the application documentation, existing National Register documentation, and other available information as needed. The Keeper may amend the National Register documentation by issuing a supplementary record if the application material warrants such an amendment. If a certification request is received for a property which is not yet listed on the National Register or which is outside a district's established period or area of significance, a preliminary determination of significance will be issued only if the request includes adequate documentation and if there is written assurance from the SHPO that the SHPO plans to nominate the property or district or that the district nomination in question is being revised to expand its significance or for certified districts, written assurance from the duly authorized representative that the district documentation is being revised to expand the significance. Certifications will become final when the property or district is listed or when the district documentation is officially amended unless the significance of the property has been lost as a result of alteration or damage. For procedures on amending listings to the National Register and additional information on the use of National Register documentation and the supplementary record which is

contained in National Register Bulletin 19, "Policies and Procedures for Processing National Register Nominations," consult the appropriate SHPO or NPS regional office.

(d) Where rehabilitation credits are sought, certifications of significance will be made on the appearance and condition of the property before rehabilitation was begun.

(e) If a nonhistoric surface material obscures a facade, it may be necessary for the owner to remove a portion of the surface material prior to requesting certification so that a determination of significance or nonsignificance can be made. After the material has been removed, if the obscured facade has retained substantial historic integrity and the property otherwise contributes to the historic district, it will be determined to be a certified historic structure. However, if the obscuring material remains when a determination of nonsignificance is requested under §67.4(a)(2), the property will be presumed to contribute to the historic significance of the district, if otherwise qualified, and, therefore, not eligible for the other tax credits under section 48(g) of the Internal Revenue Code.

(f) Additional guidance on certifications of historic significance is available from SHPOs and NPS regional offices.

### §67.6 Certifications of rehabilitation.

(a) Owners who want rehabilitation projects for certified historic structures to be certified by the Secretary as being consistent with the historic character of the structure, and, where applicable, the district in which the structure is located, thus qualifying as a certified rehabilitation, shall comply with the procedures listed below. A fee, as described in §67.11, for reviewing all proposed, ongoing, or completed rehabilitation work is charged by the Secretary. No certification decisions will be issued on any application until the appropriate remittance is received.

(1) To initiate review of a rehabilitation project for certification purposes, an owner must complete part 2 of the Historic Preservation Certification Application according to instructions accompanying the application. These instructions explain in detail the documentation required for certification of a rehabilitation project. The application may describe a proposed rehabilitation project, a project in progress, or a completed project. In all cases, documentation, including photographs adequate to document the appearance of the structure(s), both on the exterior and on the interior, and its site and environment prior to rehabilitation must accompany the application. The social security or taxpayer identification number(s) of all owners must be provided in the application. Other documentation, such as window surveys or cleaning specifications, may be required by reviewing officials to evaluate certain rehabilitation projects. Plans for any attached, adjacent, or related new construction must also accompany the application. Where necessary documentation is not provided, review and evaluation may not be completed and a denial of certification will be issued on the basis of lack of information. Owners are strongly encouraged to submit part 2 of the application prior to undertaking any rehabilitation work. Owners who undertake rehabilitation projects without prior approval from the Secretary do so strictly at their own risk. Because the circumstances of each rehabilitation project are unique to the particular certified historic structure involved, certifications that may have been granted to other rehabilitations are not specifically applicable and may not be relied on by owners as applicable to other projects.

(2) A project does not become a certified rehabilitation until it is completed and so designated by the NPS. A determination that the completed rehabilitation of a property not yet designated a certified historic structure meets the Secretary's Standards for Rehabilitation does not constitute a certification of rehabilitation. When requesting certification of a completed rehabilitation project, the owner shall submit a Request for Certification of Completed Work (NPS Form 10-168c) and provide the project completion date and a signed statement that the completed rehabilitation project meets the Secretary's Standards for Rehabilitation and is consistent with the work

contained in National Register Bulletin 19, "Policies and Procedures for Processing National Register Nominations," consult the appropriate SHPO or NPS regional office.

(d) Where rehabilitation credits are sought, certifications of significance will be made on the appearance and condition of the property before rehabilitation was begun.

(e) If a nonhistoric surface material obscures a facade, it may be necessary for the owner to remove a portion of the surface material prior to requesting certification so that a determination of significance or nonsignificance can be made. After the material has been removed, if the obscured facade has retained substantial historic integrity and the property otherwise contributes to the historic district, it will be determined to be a certified historic structure. However, if the obscuring material remains when a determination of nonsignificance is requested under §67.4(a)(2), the property will be presumed to contribute to the historic significance of the district, if otherwise qualified, and, therefore, not eligible for the other tax credits under section 48(g) of the Internal Revenue Code.

(f) Additional guidance on certifications of historic significance is available from SHPOs and NPS regional offices.

### §67.6 Certifications of rehabilitation.

(a) Owners who want rehabilitation projects for certified historic structures to be certified by the Secretary as being consistent with the historic character of the structure, and, where applicable, the district in which the structure is located, thus qualifying as a certified rehabilitation, shall comply with the procedures listed below. A fee, as described in §67.11, for reviewing all proposed, ongoing, or completed rehabilitation work is charged by the Secretary. No certification decisions will be issued on any application until the appropriate remittance is received.

(1) To initiate review of a rehabilitation project for certification purposes, an owner must complete part 2 of the Historic Preservation Certification Application according to instructions accompanying the application. These instructions explain in detail the documentation required for certification of a rehabilitation project. The application may describe a proposed rehabilitation project, a project in progress, or a completed project. In all cases, documentation, including photographs adequate to document the appearance of the structure(s), both on the exterior and on the interior, and its site and environment prior to rehabilitation must accompany the application. The social security or taxpayer identification number(s) of all owners must be provided in the application. Other documentation, such as window surveys or cleaning specifications, may be required by reviewing officials to evaluate certain rehabilitation projects. Plans for any attached, adjacent, or related new construction must also accompany the application. Where necessary documentation is not provided, review and evaluation may not be completed and a denial of certification will be issued on the basis of lack of information. Owners are strongly encouraged to submit part 2 of the application prior to undertaking any rehabilitation work. Owners who undertake rehabilitation projects without prior approval from the Secretary do so strictly at their own risk. Because the circumstances of each rehabilitation project are unique to the particular certified historic structure involved, certifications that may have been granted to other rehabilitations are not specifically applicable and may not be relied on by owners as applicable to other projects.

(2) A project does not become a certified rehabilitation until it is completed and so designated by the NPS. A determination that the completed rehabilitation of a property not yet designated a certified historic structure meets the Secretary's Standards for Rehabilitation does not constitute a certification of rehabilitation. When requesting certification of a completed rehabilitation project, the owner shall submit a Request for Certification of Completed Work (NPS Form 10–168c) and provide the project completion date and a signed statement that the completed rehabilitation project meets the Secretary's Standards for Rehabilitation and is consistent with the work

described in part 2 of the Historic Preservation Certification Application. Also required in requesting certification of a completed rehabilitation project are costs attributed to the rehabilitation, photographs adequate to document the completed rehabilitation, and the social security or taxpayer identification number(s) of all owners.

(b) A rehabilitation project for certification purposes encompasses all work on the interior and exterior of the certified historic structure(s) and its site and environment, as determined by the Secretary, as well as related demolition, new construction or rehabilitation work which may affect the historic qualities, integrity or site, landscape features, and environment of the certified historic structure(s). More specific considerations in this regard are as follows:

(1) All elements of the rehabilitation project must meet the Secretary's ten Standards for Rehabilitation (§ 67.7); portions of the rehabilitation project not in conformance with the Standards may not be exempted. In general, an owner undertaking a rehabilitation project will not be held responsible for prior rehabilitation work not part of the current project, or rehabilitation work that was undertaken by previous owners or third parties.

(2) However, if the Secretary considers or has reason to consider that a project submitted for certification does not include the entire rehabilitation project subject to review hereunder, the Secretary may choose to deny a rehabilitation certification or to withhold a decision on such a certification until such time as the Internal Revenue Service, through a private letter ruling, has determined, pursuant to these regulations and applicable provisions of the Internal Revenue Code and income tax regulations, the proper scope of the rehabilitation project to be reviewed by the Secretary. Factors to be taken into account by the Secretary and the Internal Revenue Service in this regard include, but are not limited to, the facts and circumstance of each application and (i) whether previous demolition, construction or rehabilitation work irrespective of ownership or control at the time was in fact undertaken as part of the rehabilitation project for which certification is sought, and (ii) whether property conveyances, reconfigurations, ostensible ownership transfers or other transactions were transactions which purportedly limit the scope of a rehabilitation project for the purpose of review by the Secretary without substantially altering beneficial ownership or control of the property. The fact that a property may still qualify as a certified historic structure after having undergone inappropriate rehabilitation, construction or demolition work does not preclude the Secretary or the Internal Revenue Service from determining that such inappropriate work is part of the rehabilitation project to be reviewed by the Secretary.

(3) Conformance to the Standards will be determined on the basis of the application documentation and other available information by evaluating the property as it existed prior to the commencement of the rehabilitation project, regardless of when the property becomes or became a certified historic structure.

(4) For rehabilitation projects involving more than one certified historic structure where the structures are judged by the Secretary to have been functionally related historically to serve an overall purpose, such as a mill complex or a residence and carriage house, rehabilitation certification will be issued on the merits of the overall project rather than for each structure or individual component. For rehabilitation projects where there is no historic functional relationship among the structures, the certification decision will be made for each separate certified historic structure regardless of how they are grouped for ownership or development purposes.

(5) Demolition of a building as part of a rehabilitation project involving multiple buildings may result in denial of certification of the rehabilitation. In projects where there is no historic functional relationship among the structures being rehabilitated, related new construction which physically expands one certified historic structure undergoing rehabilitation and, therefore, directly causes the demolition of

an adjacent structure will generally result in denial of certification of the rehabilitation unless a determination has been made that the building to be demolished is not a certified historic structure as in §67.4(a). In rehabilitation projects where the structures have been determined to be functionally related historically, demolition of a component may be approved, in limited circumstances, when:

(i) The component is outside the period of significance of the property, or

(ii) The component is so deteriorated or altered that its integrity has been irretrievably lost; or

(iii) The component is a secondary one that generally lacks historic, engineering, or architectural significance or does not occupy a major portion of the site and persuasive evidence is present to show that retention of the component is not technically or economically feasible.

(6) In situations involving rehabilitation of a certified historic structure in a historic district, the Secretary will review the rehabilitation project first as it affects the certified historic structure and second as it affects the district and make a certification decision accordingly.

(7) In the event that an owner of a portion of a certified historic structure requests certification for a rehabilitation project related only to that portion, but there is or was a larger related rehabilitation project(s) occurring with respect to the certified historic structure, the Secretary's decision on the requested certification will be based on review of the overall rehabilitation project(s) for the certified historic structure.

(8) For rehabilitation projects which are to be completed in phases over the alternate 60-month period allowed in section 48(g) of the Internal Revenue Code, the initial part 2 application and supporting architectural plans and specifications should identify the project as a 60-month phased project and describe the number and order of the phases and the general scope of the overall rehabilitation project. If the initial part 2 application clearly identifies the project as a phased rehabilitation, the NPS will consider the project in all its phases as a single rehabilitation. If complete information on the rehabilitation work of the later phases is not described in the initial part 2 application, it may be submitted at a later date but must be clearly identified as a later phase of a 60-month phased project that was previously submitted for review. Owners are cautioned that work undertaken in a later phase of a 60-month phased project that does not meet the Standards for Rehabilitation, whether or not submitted for review, will result in a denial of certification of the entire rehabilitation with the tax consequences of such a denial to be determined by the Secretary of the Treasury. Separate certifications for portions of phased rehabilitation projects will not be issued. Rather the owner will be directed to comply with Internal Revenue Service regulations governing late certifications contained in 26 CFR 1.48–12.

(c) Upon receipt of the complete application describing the rehabilitation project, the Secretary shall determine if the project is consistent with the Standards for Rehabilitation. If the project does not meet the Standards for Rehabilitation, the owner shall be advised of that fact in writing and, where possible, will be advised of necessary revisions to meet such Standards. For additional procedures regarding rehabilitation projects determined not to meet the Standards for Rehabilitation, see §67.6(f).

(d) Once a proposed or ongoing project has been approved, substantive changes in the work as described in the application must be brought promptly to the attention of the Secretary by written statement through the SHPO to ensure continued conformance to the Standards; such changes should be made using a Historic Preservation Certification Application Continuation/Amendment Sheet (NPS Form 10–168b). The Secretary will notify the owner and the SHPO in writing whether the revised project continues to meet the Standards. Oral approvals of revisions are not authorized or valid.

(e) Completed projects may be inspected by an authorized representative of the Secretary to determine if the work meets the Standards for Rehabilitation. The Secretary reserves the right to make inspections at any

time up to five years after completion of the rehabilitation and to revoke a certification, after giving the owner 30 days to comment on the matter, if it is determined that the rehabilitation project was not undertaken as represented by the owner in his or her application and supporting documentation, or the owner, upon obtaining certification, undertook further unapproved project work inconsistent with the Secretary's Standards for Rehabilitation. The tax consequences of a revocation of certification will be determined by the Secretary of the Treasury.

(f) If a proposed, ongoing, or completed rehabilitation project does not meet the Standards for Rehabilitation, an explanatory letter will be sent to the owner with a copy to the SHPO. A rehabilitated property not in conformance with the Standards for Rehabilitation and which is determined to have lost those qualities which caused it to be nominated to the National Register, will be removed from the National Register in accord with Department of the Interior regulations 36 CFR part 60. Similarly, if a property has lost those qualities which caused it to be designated a certified historic structure, it will be certified as noncontributing (see § 67.4 and § 67.5). In either case, the delisting or certification of nonsignificance is considered effective as of the date of issue and is not considered to be retroactive. In these situations, the Internal Revenue Service will be notified of the substantial alterations. The tax consequences of a denial of certification will be determined by the Secretary of the Treasury.

**§ 67.7 Standards for Rehabilitation.**

(a) The following Standards for Rehabilitation are the criteria used to determine if a rehabilitation project qualifies as a certified rehabilitation. The intent of the Standards is to assist the long-term preservation of a property's significance through the preservation of historic materials and features. The Standards pertain to historic buildings of all materials, construction types, sizes, and occupancy and encompass the exterior and the interior of historic buildings. The Standards also encompass related landscape features and the building's site and environment, as well as attached, adjacent, or related new construction. To be certified, a rehabilitation project must be determined by the Secretary to be consistent with the historic character of the structure(s) and, where applicable, the district in which it is located.

(b) The following Standards are to be applied to specific rehabilitation projects in a reasonable manner, taking into consideration economic and technical feasibility. (The application of these Standards to rehabilitation projects is to be the same as under the previous version so that a project previously acceptable would continue to be acceptable under these Standards.)

(1) A property shall be used for its historic purpose or be placed in a new use that requires minimal change to the defining characteristics of the building and its site and environment.

(2) The historic character of a property shall be retained and preserved. The removal of historic materials or alteration of features and spaces that characterize a property shall be avoided.

(3) Each property shall be recognized as a physical record of its time, place, and use. Changes that create a false sense of historical development, such as adding conjectural features or architectural elements from other buildings, shall not be undertaken.

(4) Most properties change over time; those changes that have acquired historic significance in their own right shall be retained and preserved.

(5) Distinctive features, finishes, and construction techniques or examples of craftsmanship that characterize a historic property shall be preserved.

(6) Deteriorated historic features shall be repaired rather than replaced. Where the severity of deterioration requires replacement of a distinctive feature, the new feature shall match the old in design, color, texture, and other visual qualities and, where possible, materials. Replacement of missing features shall be substantiated by documentary, physical, or pictorial evidence.

(7) Chemical or physical treatments, such as sandblasting, that cause damage to historic materials shall not be

time up to five years after completion of the rehabilitation and to revoke a certification, after giving the owner 30 days to comment on the matter, if it is determined that the rehabilitation project was not undertaken as represented by the owner in his or her application and supporting documentation, or the owner, upon obtaining certification, undertook further unapproved project work inconsistent with the Secretary's Standards for Rehabilitation. The tax consequences of a revocation of certification will be determined by the Secretary of the Treasury.

(f) If a proposed, ongoing, or completed rehabilitation project does not meet the Standards for Rehabilitation, an explanatory letter will be sent to the owner with a copy to the SHPO. A rehabilitated property not in conformance with the Standards for Rehabilitation and which is determined to have lost those qualities which caused it to be nominated to the National Register, will be removed from the National Register in accord with Department of the Interior regulations 36 CFR part 60. Similarly, if a property has lost those qualities which caused it to be designated a certified historic structure, it will be certified as noncontributing (see § 67.4 and § 67.5). In either case, the delisting or certification of nonsignificance is considered effective as of the date of issue and is not considered to be retroactive. In these situations, the Internal Revenue Service will be notified of the substantial alterations. The tax consequences of a denial of certification will be determined by the Secretary of the Treasury.

### § 67.7 Standards for Rehabilitation.

(a) The following Standards for Rehabilitation are the criteria used to determine if a rehabilitation project qualifies as a certified rehabilitation. The intent of the Standards is to assist the long-term preservation of a property's significance through the preservation of historic materials and features. The Standards pertain to historic buildings of all materials, construction types, sizes, and occupancy and encompass the exterior and the interior of historic buildings. The Standards also encompass related landscape features and the building's site and environment, as well as attached, adjacent, or related new construction. To be certified, a rehabilitation project must be determined by the Secretary to be consistent with the historic character of the structure(s) and, where applicable, the district in which it is located.

(b) The following Standards are to be applied to specific rehabilitation projects in a reasonable manner, taking into consideration economic and technical feasibility. (The application of these Standards to rehabilitation projects is to be the same as under the previous version so that a project previously acceptable would continue to be acceptable under these Standards.)

(1) A property shall be used for its historic purpose or be placed in a new use that requires minimal change to the defining characteristics of the building and its site and environment.

(2) The historic character of a property shall be retained and preserved. The removal of historic materials or alteration of features and spaces that characterize a property shall be avoided.

(3) Each property shall be recognized as a physical record of its time, place, and use. Changes that create a false sense of historical development, such as adding conjectural features or architectural elements from other buildings, shall not be undertaken.

(4) Most properties change over time; those changes that have acquired historic significance in their own right shall be retained and preserved.

(5) Distinctive features, finishes, and construction techniques or examples of craftsmanship that characterize a historic property shall be preserved.

(6) Deteriorated historic features shall be repaired rather than replaced. Where the severity of deterioration requires replacement of a distinctive feature, the new feature shall match the old in design, color, texture, and other visual qualities and, where possible, materials. Replacement of missing features shall be substantiated by documentary, physical, or pictorial evidence.

(7) Chemical or physical treatments, such as sandblasting, that cause damage to historic materials shall not be

used. The surface cleaning of structures, if appropriate, shall be undertaken using the gentlest means possible.

(8) Significant archeological resources affected by a project shall be protected and preserved. If such resources must be disturbed, mitigation measures shall be undertaken.

(9) New additions, exterior alterations, or related new construction shall not destroy historic materials that characterize the property. The new work shall be differentiated from the old and shall be compatible with the massing, size, scale, and architectural features to protect the historic integrity of the property and its environment.

(10) New additions and adjacent or related new construction shall be undertaken in such a manner that if removed in the future, the essential form and integrity of the historic property and its environment would be unimpaired.

(c) The quality of materials and craftsmanship used in a rehabilitation project must be commensurate with the quality of materials and craftsmanship of the historic building in question. Certain treatments, if improperly applied, or certain materials by their physical properties, may cause or accelerate physical deterioration of historic buildings. Inappropriate physical treatments include, but are not limited to: improper repointing techniques; improper exterior masonry cleaning methods; or improper introduction of insulation where damage to historic fabric would result. In almost all situations, use of these materials and treatments will result in denial of certification. Similarly, exterior additions that duplicate the form, material, and detailing of the structure to the extent that they compromise the historic character of the structure will result in denial of certification. For further information on appropriate and inappropriate rehabilitation treatments, owners are to consult the Guidelines for Rehabilitating Historic Buildings published by the NPS. "Preservation Briefs" and additional technical information to help property owners formulate plans for the rehabilitation, preservation, and continued use of historic properties consistent with the intent of the Secretary's Standards for Rehabilitation are available from the SHPOs and NPS regional offices. Owners are responsible for procuring this material as part of property planning for a certified rehabilitation.

(d) In certain limited cases, it may be necessary to dismantle and rebuild portions of a certified historic structure to stabilize and repair weakened structural members and systems. In such cases, the Secretary will consider such extreme intervention as part of a certified rehabilitation if:

(1) The necessity for dismantling is justified in supporting documentation;

(2) Significant architectural features and overall design are retained; and

(3) Adequate historic materials are retained to maintain the architectural and historic integrity of the overall structure.

Section 48(g) of the Internal Revenue Code of 1986 exempts certified historic structures from meeting the physical test for retention of external walls and internal structural framework specified therein for other rehabilitated buildings. Nevertheless, owners are cautioned that the Standards for Rehabilitation require retention of distinguishing historic materials of external and internal walls as well as structural systems. In limited instances, rehabilitations involving removal of existing external walls, *i.e.*, external walls that detract from the historic character of the structure such as in the case of a nonsignificant later addition or walls that have lost their structural integrity due to deterioration, may be certified as meeting the Standards for Rehabilitation.

(e) Prior approval of a project by Federal, State, and local agencies and organizations does not ensure certification by the Secretary for Federal tax purposes. The Secretary's Standards for Rehabilitation take precedence over other regulations and codes in determining whether the rehabilitation project is consistent with the historic character of the property and, where applicable, the district in which it is located.

(f) The qualities of a property and its environment which qualify it as a certified historic structure are determined

taking into account all available information, including information derived from the physical and architectural attributes of the building; such determinations are not limited to information contained in National Register or related documentation.

**§ 67.8 Certifications of statutes.**

(a) State or local statutes which will be certified by the Secretary. For the purpose of this regulation, a State or local statute is a law of the State or local government designating, or providing a method for the designation of, a historic district or districts. This includes any by-laws or ordinances that contain information necessary for the certification of the statute. A statute must contain criteria which will substantially achieve the purpose of preserving and rehabilitating properties of historic significance to the district. To be certified by the Secretary, the statute generally must provide for a duly designated review body, such as a review board or commission, with power to review proposed alterations to structures of historic significance within the boundaries of the district or districts designated under the statute except those owned by governmental entities which, by law, are not under the jurisdiction of the review body.

(b) When the certification of State statutes will have an impact on districts in specific localities, the Secretary encourages State governments to notify and consult with appropriate local officials prior to submitting a request for certification of the statute.

(c) State enabling legislation which authorizes local governments to designate, or provides local governments with a method to designate, a historic district or districts will not be certified unless accompanied by local statutes that implement the purposes of the State law. Adequate State statutes which designate specific historic districts and do not require specific implementing local statutes will be certified. If the State enabling legislation contains provisions which do not meet the intent of the law, local statutes designated under the authority of the enabling legislation will not be certified. When State enabling legislation exists, it must be certified before any local statutes enacted under its authority can be certified.

(d) Who may apply. Requests for certification of State or local statutes may be made only by the Chief Elected Official of the government which enacted the statute or his or her authorized representative. The applicant shall certify in writing that he or she is authorized by the appropriate State or local governing body to apply for certification.

(e) Statute certification process. Requests for certification of State or local statutes shall be made as follows:

(1) The request shall be made in writing from the duly authorized representative certifying that he or she is authorized to apply for certification. The request should include the name or title of a person to contact for further information and his or her address and telephone number. The authorized representative is responsible for providing historic district documentation for review and certification prior to the first certification of significance in a district unless another responsible person is indicated including his or her address and telephone number. The request shall also include a copy of the statute(s) for which certification is requested, including any by-laws or ordinances that contain information necessary for the certification of the statute. Local governments shall also submit a copy of the State enabling legislation, if any, authorizing the designation of historic districts.

(2) Requests shall be sent to the SHPO in participating States and directly to appropriate NPS regional offices in nonparticipating States.

(3) The Secretary shall review the statute(s) and assess whether the statute(s) and any by-laws or ordinances that contain information necessary for the certification of the statute contain criteria which will substantially achieve the purposes of preserving and rehabilitating properties of historic significance to the district(s) based upon the standards set out above in § 67.8(a). The SHPO shall be given a 30-day opportunity to comment upon the request. Comments received from the SHPO within this time period will be considered by the Secretary in the review process. If the statute(s) contain

taking into account all available information, including information derived from the physical and architectural attributes of the building; such determinations are not limited to information contained in National Register or related documentation.

**§ 67.8 Certifications of statutes.**

(a) State or local statutes which will be certified by the Secretary. For the purpose of this regulation, a State or local statute is a law of the State or local government designating, or providing a method for the designation of, a historic district or districts. This includes any by-laws or ordinances that contain information necessary for the certification of the statute. A statute must contain criteria which will substantially achieve the purpose of preserving and rehabilitating properties of historic significance to the district. To be certified by the Secretary, the statute generally must provide for a duly designated review body, such as a review board or commission, with power to review proposed alterations to structures of historic significance within the boundaries of the district or districts designated under the statute except those owned by governmental entities which, by law, are not under the jurisdiction of the review body.

(b) When the certification of State statutes will have an impact on districts in specific localities, the Secretary encourages State governments to notify and consult with appropriate local officials prior to submitting a request for certification of the statute.

(c) State enabling legislation which authorizes local governments to designate, or provides local governments with a method to designate, a historic district or districts will not be certified unless accompanied by local statutes that implement the purposes of the State law. Adequate State statutes which designate specific historic districts and do not require specific implementing local statutes will be certified. If the State enabling legislation contains provisions which do not meet the intent of the law, local statutes designated under the authority of the enabling legislation will not be certified. When State enabling legislation exists, it must be certified before any local statutes enacted under its authority can be certified.

(d) Who may apply. Requests for certification of State or local statutes may be made only by the Chief Elected Official of the government which enacted the statute or his or her authorized representative. The applicant shall certify in writing that he or she is authorized by the appropriate State or local governing body to apply for certification.

(e) Statute certification process. Requests for certification of State or local statutes shall be made as follows:

(1) The request shall be made in writing from the duly authorized representative certifying that he or she is authorized to apply for certification. The request should include the name or title of a person to contact for further information and his or her address and telephone number. The authorized representative is responsible for providing historic district documentation for review and certification prior to the first certification of significance in a district unless another responsible person is indicated including his or her address and telephone number. The request shall also include a copy of the statute(s) for which certification is requested, including any by-laws or ordinances that contain information necessary for the certification of the statute. Local governments shall also submit a copy of the State enabling legislation, if any, authorizing the designation of historic districts.

(2) Requests shall be sent to the SHPO in participating States and directly to appropriate NPS regional offices in nonparticipating States.

(3) The Secretary shall review the statute(s) and assess whether the statute(s) and any by-laws or ordinances that contain information necessary for the certification of the statute contain criteria which will substantially achieve the purposes of preserving and rehabilitating properties of historic significance to the district(s) based upon the standards set out above in § 67.8(a). The SHPO shall be given a 30-day opportunity to comment upon the request. Comments received from the SHPO within this time period will be considered by the Secretary in the review process. If the statute(s) contain

such provisions and if this and other provisions in the statute will substantially achieve the purpose of preserving and rehabilitating properties of historic significance to the district, the Secretary will certify the statute(s).

(4) The Secretary generally provides written notification within 30 days of receipt by the NPS to the duly authorized representative and to the SHPO when certification of the statute is given or denied. If certification is denied, the notification will provide an explanation of the reason(s) for such denial.

(f) Amendment or repeal of statute(s). State or local governments, as appropriate, must notify the Secretary in the event that certified statutes are repealed, whereupon the certification of the statute (and any districts designated thereunder) will be withdrawn by the Secretary. If a certified statute is amended, the duly authorized representative shall submit the amendment(s) to the Secretary, with a copy to the SHPO, for review in accordance with the procedures outlined above. Written notification of the Secretary's decision as to whether the amended statute continues to meet these criteria will be sent to the duly authorized representative and the SHPO within 60 days of receipt.

(g) The Secretary may withdraw certification of a statute (and any districts designated thereunder) on his own initiative if it is repeal or amended to be inconsistent with certification requirements after providing the duly authorized representative and the SHPO 30 days in which to comment prior to the withdrawal of certification.

**§67.9 Certifications of State or local historic districts.**

(a) The particular State or local historic district must also be certified by the Secretary as substantially meeting National Register criteria, thereby qualifying it as a registered historic district, before the Secretary will process requests for certification of individual properties within a district or districts established under a certified statute.

(b) The provision described herein will not apply to properties within a State or local district until the district has been certified, even if the statute creating the district has been certified by the Secretary.

(c) The Secretary considers the duly authorized representative requesting certification of a statute to be the official responsible for submitting district documentation for certification. If another person is to assume responsibility for the district documentation, the letter requesting statute certification shall indicate that person's name, address, and telephone number. The Secretary considers the authorizing statement of the duly authorized representative to indicate that the jurisdiction involved wishes not only that the statute in question be certified but also wishes all historic districts designated by the statute to be certified unless otherwise indicated.

(d) Requests shall be sent to the SHPO in participating States and directly to the appropriate NPS regional office in nonparticipating States. The SHPO shall be given a 30-day opportunity to comment upon an adequately documented request. Comments received from the SHPO within this time period will be considered by the Secretary in the review process. The guidelines in National Register Bulletin 16, "Guidelines for Completing National Register of Historic Places Forms," provide information on how to document historic districts for the National Register. Each request should include the following documentation:

(1) A description of the general physical or historical qualities which make this a district; and explanation for the choice of boundaries for the district; descriptions of typical architectural styles and types of buildings in the district.

(2) A concise statement of why the district has significance, including an explanation of the areas and periods of significance, and why it meets National Register criteria for listing (see 36 CFR part 60); the relevant criteria should be identified (A, B, C, and D).

(3) A definition of what types of properties contribute and do not contribute to the significance of the district as well as an estimate of the percentage of properties within the district that do not contribute to its significance.

such provisions and if this and other provisions in the statute will substantially achieve the purpose of preserving and rehabilitating properties of historic significance to the district, the Secretary will certify the statute(s).

(4) The Secretary generally provides written notification within 30 days of receipt by the NPS to the duly authorized representative and to the SHPO when certification of the statute is given or denied. If certification is denied, the notification will provide an explanation of the reason(s) for such denial.

(f) Amendment or repeal of statute(s). State or local governments, as appropriate, must notify the Secretary in the event that certified statutes are repealed, whereupon the certification of the statute (and any districts designated thereunder) will be withdrawn by the Secretary. If a certified statute is amended, the duly authorized representative shall submit the amendment(s) to the Secretary, with a copy to the SHPO, for review in accordance with the procedures outlined above. Written notification of the Secretary's decision as to whether the amended statute continues to meet these criteria will be sent to the duly authorized representative and the SHPO within 60 days of receipt.

(g) The Secretary may withdraw certification of a statute (and any districts designated thereunder) on his own initiative if it is repeal or amended to be inconsistent with certification requirements after providing the duly authorized representative and the SHPO 30 days in which to comment prior to the withdrawal of certification.

### §67.9 Certifications of State or local historic districts.

(a) The particular State or local historic district must also be certified by the Secretary as substantially meeting National Register criteria, thereby qualifying it as a registered historic district, before the Secretary will process requests for certification of individual properties within a district or districts established under a certified statute.

(b) The provision described herein will not apply to properties within a State or local district until the district has been certified, even if the statute creating the district has been certified by the Secretary.

(c) The Secretary considers the duly authorized representative requesting certification of a statute to be the official responsible for submitting district documentation for certification. If another person is to assume responsibility for the district documentation, the letter requesting statute certification shall indicate that person's name, address, and telephone number. The Secretary considers the authorizing statement of the duly authorized representative to indicate that the jurisdiction involved wishes not only that the statute in question be certified but also wishes all historic districts designated by the statute to be certified unless otherwise indicated.

(d) Requests shall be sent to the SHPO in participating States and directly to the appropriate NPS regional office in nonparticipating States. The SHPO shall be given a 30-day opportunity to comment upon an adequately documented request. Comments received from the SHPO within this time period will be considered by the Secretary in the review process. The guidelines in National Register Bulletin 16, "Guidelines for Completing National Register of Historic Places Forms," provide information on how to document historic districts for the National Register. Each request should include the following documentation:

(1) A description of the general physical or historical qualities which make this a district; and explanation for the choice of boundaries for the district; descriptions of typical architectural styles and types of buildings in the district.

(2) A concise statement of why the district has significance, including an explanation of the areas and periods of significance, and why it meets National Register criteria for listing (see 36 CFR part 60); the relevant criteria should be identified (A, B, C, and D).

(3) A definition of what types of properties contribute and do not contribute to the significance of the district as well as an estimate of the percentage of properties within the district that do not contribute to its significance.

(4) A map showing all district properties with, if possible, identification of contributing and noncontributing properties; the map should clearly show the district's boundaries.

(5) Photographs of typical areas in the district as well as major types of contributing and noncontributing properties; all photographs should be keyed to the map.

(e) Districts designated by certified State or local statutes shall be evaluated using the National Register criteria (36 CFR part 60) within 30 days of the receipt of the required documentation by the Secretary. Written notification of the Secretary's decision will be sent to the duly authorized representative or to the person designated as responsible for the district documentation.

(f) Certification of statutes and districts does not constitute certification of significance of individual properties within the district or of rehabilitation projects by the Secretary.

(g) Districts certified by the Secretary as substantially meeting the requirements for listing will be determined eligible for listing in the National Register at the time of certification and will be published as such in the FEDERAL REGISTER.

(h) Documentation on additional districts designated under a State or local statute the has been certified by the Secretary should be submitted to the Secretary for certification following the same procedures and including the same information outlined in the section above.

(i) State or local governments, as appropriate, shall notify the Secretary if a certified district designation is amended (including boundary changes) or repealed. If a certified district designation is amended, the duly authorized representative shall submit documentation describing the change(s) and, if the district has been increased in size, information on the new areas as outlined in § 67.9. A revised statement of significance for the district as a whole shall also be included to reflect any changes in overall significance as a result of the addition or deletion of areas. Review procedures shall follow those outlined in § 67.9 (d) and (e). The Secretary will withdraw certification of repealed or inappropriately amended certified district designations, thereby disqualifying them as registered historic districts.

(j) The Secretary may withdraw certification of a district on his own initiative if it ceases to meet the National Register Criteria for Evaluation after providing the duly authorized representative and the SHPO 30 days in which to comment prior to withdrawal of certification.

(k) The Secretary urges State and local review boards of commissions to become familiar with the Standards used by the Secretary of the Interior for certifying the rehabilitation of historic properties and to consider their adoption for local design review.

**§ 67.10 Appeals.**

(a) An appeal by the owner, or duly authorized representative as appropriate, may be made from any of the certifications or denials of certification made pursuant to this part or any decisions made pursuant to § 67.6(f). Such appeals must be in writing and received by the Chief Appeals Officer, Cultural Resources, National Park Service, U.S. Department of the Interior, P.O. Box 37127, Washington, DC 20013–7127, within 30 days of receipt of the decision which is the subject of the appeal. The appellant may request an opportunity for a meeting to discuss the appeal but all information the owner wishes the Chief Appeals Officer to consider must be submitted in writing. The SHPO will be notified that an appeal is pending. The Chief Appeals Officer will consider the record of the decision in question, any further written submissions by the owner, and other available information and shall provide the appellant a written decision as promptly as circumstances permit. Such appeals constitute an administrative review of the decision appealed from and are not conducted as an adjudicative proceeding.

(b) The denial of a preliminary determination of significance for an individual property may not be appealed by the owner because the denial itself does not exhaust the administrative remedy that is available. The owner instead must seek recourse by undertaking the usual nomination process (36 CFR part

(4) A map showing all district properties with, if possible, identification of contributing and noncontributing properties; the map should clearly show the district's boundaries.

(5) Photographs of typical areas in the district as well as major types of contributing and noncontributing properties; all photographs should be keyed to the map.

(e) Districts designated by certified State or local statutes shall be evaluated using the National Register criteria (36 CFR part 60) within 30 days of the receipt of the required documentation by the Secretary. Written notification of the Secretary's decision will be sent to the duly authorized representative or to the person designated as responsible for the district documentation.

(f) Certification of statutes and districts does not constitute certification of significance of individual properties within the district or of rehabilitation projects by the Secretary.

(g) Districts certified by the Secretary as substantially meeting the requirements for listing will be determined eligible for listing in the National Register at the time of certification and will be published as such in the FEDERAL REGISTER.

(h) Documentation on additional districts designated under a State or local statute the has been certified by the Secretary should be submitted to the Secretary for certification following the same procedures and including the same information outlined in the section above.

(i) State or local governments, as appropriate, shall notify the Secretary if a certified district designation is amended (including boundary changes) or repealed. If a certified district designation is amended, the duly authorized representative shall submit documentation describing the change(s) and, if the district has been increased in size, information on the new areas as outlined in § 67.9. A revised statement of significance for the district as a whole shall also be included to reflect any changes in overall significance as a result of the addition or deletion of areas. Review procedures shall follow those outlined in § 67.9 (d) and (e). The Secretary will withdraw certification of repealed or inappropriately amended certified district designations, thereby disqualifying them as registered historic districts.

(j) The Secretary may withdraw certification of a district on his own initiative if it ceases to meet the National Register Criteria for Evaluation after providing the duly authorized representative and the SHPO 30 days in which to comment prior to withdrawal of certification.

(k) The Secretary urges State and local review boards of commissions to become familiar with the Standards used by the Secretary of the Interior for certifying the rehabilitation of historic properties and to consider their adoption for local design review.

### § 67.10 Appeals.

(a) An appeal by the owner, or duly authorized representative as appropriate, may be made from any of the certifications or denials of certification made pursuant to this part or any decisions made pursuant to § 67.6(f). Such appeals must be in writing and received by the Chief Appeals Officer, Cultural Resources, National Park Service, U.S. Department of the Interior, P.O. Box 37127, Washington, DC 20013–7127, within 30 days of receipt of the decision which is the subject of the appeal. The appellant may request an opportunity for a meeting to discuss the appeal but all information the owner wishes the Chief Appeals Officer to consider must be submitted in writing. The SHPO will be notified that an appeal is pending. The Chief Appeals Officer will consider the record of the decision in question, any further written submissions by the owner, and other available information and shall provide the appellant a written decision as promptly as circumstances permit. Such appeals constitute an administrative review of the decision appealed from and are not conducted as an adjudicative proceeding.

(b) The denial of a preliminary determination of significance for an individual property may not be appealed by the owner because the denial itself does not exhaust the administrative remedy that is available. The owner instead must seek recourse by undertaking the usual nomination process (36 CFR part

60). Similarly, the denial of preliminary certification for a rehabilitation for a rehabilitation project for a property that is not a certified historic structure may not be appealed. The owner must seek a final certification of significance as the next step, rather than appealing the denial of rehabilitation certification. Administrative reviews in these circumstances may be performed at the discretion of the Chief Appeals Officer. The decision to undertaken an administrative review will be made on a case-by-case basis, depending on particular facts and circumstances and the Chief Appeals Officer's schedule, the expected date for nomination, and the nature of the rehabilitation project (proposed, ongoing, or completed). Administrative reviews of rehabilitation projects will not be undertaken if the owner has objected to the listing of the property in the National Register.

(c) In considering such appeals or administrative reviews, the Chief Appeals Officer shall take in account alleged errors in professional judgment or alleged prejudicial procedural errors by NPS officials. The Chief Appeals Officer's decision may:

(1) Reverse the appealed decision;

(2) Affirm the appealed decision;

(3) Resubmit the matter to the appropriate Regional Director for further consideration; or

(4) Where appropriate, withhold a decision until issuance of a ruling from the Internal Revenue Service pursuant to §67.6(b)(2).

The Chief Appeals Officer may base his decision in whole or part on matters or factors not discussed in the decision appealed from. The Chief Appeals Officer is authorized to issue the certifications discussed in this part only if he considers that the requested certification meets the applicable statutory standard upon application of the Standards set forth herein or he considers that prejudicial procedural error by a Federal official legally compels issuance of the requested certification.

(d) The decision of the Chief Appeals Officer shall be the final administrative decision on the appeal. No person shall be considered to have exhausted his or her administrative remedies with respect to the certifications or decisions described in this part until the Chief Appeals Officer has issued a final administrative decision pursuant to this section.

**§67.11 Fees for processing rehabilitation certification requests.**

(a) Fees are charged for reviewing rehabilitation certification requests in accordance with the schedule below.

(b) Payment shall not be made until requested by the NPS regional office according to instructions accompanying the Historic Preservation Certification Application. All checks shall be made payable to: *National Park Services*. A certification decision will not be issued on an application until the appropriate remittance is received. Fees are nonrefundable.

(c) The fee for review of proposed or ongoing rehabilitation projects for projects over $20,000 is $250. The fees for review of completed rehabilitation projects are based on the dollar amount of the costs attributed solely to the rehabilitation of the certified historic structure as provided by the owner in the Historic Preservation Certification Application, Request for Certification of Completed Work (NPS Form 10–168c), as follows:

| Fee | Size of rehabilitation |
|---|---|
| $500 | $20,000 to $99,999 |
| $800 | $100,000 to $499,999 |
| $1,500 | $500,000 to $999,999 |
| $2,500 | $1,000,000 or more |

If review of a proposed or ongoing rehabilitation project had been undertaken by the Secretary prior to submission of Request for Certification of Completed Work, the initial fee of $250 will be deducted from these fees. No fee will be charged for rehabilitations under $20,000.

(d) In general, each rehabilitation of a separate certified historic structure will be considered a separate project for purposes of computing the size of the fee.

(1) In the case of a rehabilitation project which includes more than one certified historic structure where the structures are judged by the Secretary to have been functionally related historically to serve an overall purpose, the fee for preliminary review is $250 and the fee for final review is computed

60). Similarly, the denial of preliminary certification for a rehabilitation for a rehabilitation project for a property that is not a certified historic structure may not be appealed. The owner must seek a final certification of significance as the next step, rather than appealing the denial of rehabilitation certification. Administrative reviews in these circumstances may be performed at the discretion of the Chief Appeals Officer. The decision to undertaken an administrative review will be made on a case-by-case basis, depending on particular facts and circumstances and the Chief Appeals Officer's schedule, the expected date for nomination, and the nature of the rehabilitation project (proposed, ongoing, or completed). Administrative reviews of rehabilitation projects will not be undertaken if the owner has objected to the listing of the property in the National Register.

(c) In considering such appeals or administrative reviews, the Chief Appeals Officer shall take in account alleged errors in professional judgment or alleged prejudicial procedural errors by NPS officials. The Chief Appeals Officer's decision may:

(1) Reverse the appealed decision;

(2) Affirm the appealed decision;

(3) Resubmit the matter to the appropriate Regional Director for further consideration; or

(4) Where appropriate, withhold a decision until issuance of a ruling from the Internal Revenue Service pursuant to §67.6(b)(2).

The Chief Appeals Officer may base his decision in whole or part on matters or factors not discussed in the decision appealed from. The Chief Appeals Officer is authorized to issue the certifications discussed in this part only if he considers that the requested certification meets the applicable statutory standard upon application of the Standards set forth herein or he considers that prejudicial procedural error by a Federal official legally compels issuance of the requested certification.

(d) The decision of the Chief Appeals Officer shall be the final administrative decision on the appeal. No person shall be considered to have exhausted his or her administrative remedies with respect to the certifications or decisions described in this part until the Chief Appeals Officer has issued a final administrative decision pursuant to this section.

### §67.11 Fees for processing rehabilitation certification requests.

(a) Fees are charged for reviewing rehabilitation certification requests in accordance with the schedule below.

(b) Payment shall not be made until requested by the NPS regional office according to instructions accompanying the Historic Preservation Certification Application. All checks shall be made payable to: *National Park Services*. A certification decision will not be issued on an application until the appropriate remittance is received. Fees are nonrefundable.

(c) The fee for review of proposed or ongoing rehabilitation projects for projects over $20,000 is $250. The fees for review of completed rehabilitation projects are based on the dollar amount of the costs attributed solely to the rehabilitation of the certified historic structure as provided by the owner in the Historic Preservation Certification Application, Request for Certification of Completed Work (NPS Form 10–168c), as follows:

| Fee | Size of rehabilitation |
|---|---|
| $500 | $20,000 to $99,999 |
| $800 | $100,000 to $499,999 |
| $1,500 | $500,000 to $999,999 |
| $2,500 | $1,000,000 or more |

If review of a proposed or ongoing rehabilitation project had been undertaken by the Secretary prior to submission of Request for Certification of Completed Work, the initial fee of $250 will be deducted from these fees. No fee will be charged for rehabilitations under $20,000.

(d) In general, each rehabilitation of a separate certified historic structure will be considered a separate project for purposes of computing the size of the fee.

(1) In the case of a rehabilitation project which includes more than one certified historic structure where the structures are judged by the Secretary to have been functionally related historically to serve an overall purpose, the fee for preliminary review is $250 and the fee for final review is computed

on the basis of the total rehabilitation costs.

(2) In the case of multiple building projects where there is no historic functional relationship among the structures and which are under the same ownership; are located in the same historic district; are adjacent or contiguous; are of the same architectural type (*e.g.*, rowhouses, loft buildings, commercial buildings); and are submitted by the owner for review at the same time, the fee for preliminary review is $250 per structure to a maximum of $2,500 and the fee for final review is computed on the basis of the total rehabilitation costs of the entire multiple building project to a maximum of $2,500. If the $2,500 maximum fee was paid at the time of review of the proposed or ongoing rehabilitation project, no further fee will be charged for review of a Request for Certification of Completed Work.

## PART 68—THE SECRETARY OF THE INTERIOR'S STANDARDS FOR THE TREATMENT OF HISTORIC PROPERTIES

Sec.
68.1 Intent.
68.2 Definitions.
68.3 Standards.

AUTHORITY: The National Historic Preservation Act of 1966, as amended (16 U.S.C. 470 *et seq.*); sec. 2124 of the Tax Reform Act of 1976, 90 Stat. 1918; EO 11593, 3 CFR part 75 (1971); sec. 2 of Reorganization Plan No. 3 of 1950 (64 Stat. 1262).

SOURCE: 60 FR 35843, July 12, 1995, unless otherwise noted.

### § 68.1 Intent.

The intent of this part is to set forth standards for the treatment of historic properties containing standards for preservation, rehabilitation, restoration and reconstruction. These standards apply to all proposed grant-in-aid development projects assisted through the National Historic Preservation Fund. 36 CFR part 67 focuses on "certified historic structures" as defined by the IRS Code of 1986. Those regulations are used in the Preservation Tax Incentives Program. 36 CFR part 67 should continue to be used when property owners are seeking certification for Federal tax benefits.

### § 68.2 Definitions.

The standards for the treatment of historic properties will be used by the National Park Service and State historic preservation officers and their staff members in planning, undertaking and supervising grant-assisted projects for preservation, rehabilitation, restoration and reconstruction. For the purposes of this part:

(a) *Preservation* means the act or process of applying measures necessary to sustain the existing form, integrity and materials of an historic property. Work, including preliminary measures to protect and stabilize the property, generally focuses upon the ongoing maintenance and repair of historic materials and features rather than extensive replacement and new construction. New exterior additions are not within the scope of this treatment; however, the limited and sensitive upgrading of mechanical, electrical and plumbing systems and other code-required work to make properties functional is appropriate within a preservation project.

(b) *Rehabilitation* means the act or process of making possible an efficient compatible use for a property through repair, alterations and additions while preserving those portions or features that convey its historical, cultural or architectural values.

(c) *Restoration* means the act or process of accurately depicting the form, features and character of a property as it appeared at a particular period of time by means of the removal of features from other periods in its history and reconstruction of missing features from the restoration period. The limited and sensitive upgrading of mechanical, electrical and plumbing systems and other code-required work to make properties functional is appropriate within a restoration project.

(d) *Reconstruction* means the act or process of depicting, by means of new construction, the form, features and detailing of a non-surviving site, landscape, building, structure or object for the purpose of replicating its appearance at a specific period of time and in its historic location.