**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **AMERICAN CAPITAL CORPORATION,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**TIMOTHY L BLIXSETH; EDRA BLIXSETH; and MORTGAGE GUARANTEE & TITLE CO.**<br><br>**Defendants** | **C.A. No. 06-90S** |

**<u>Statement of Undisputed Facts Submitted by the Blixseths</u>**
**<u>In Support Of Their Motion For Summary Judgment</u>**
**The following are submitted as statements of undisputed facts for the purpose of summary judgment only**

1. The Blixseths, residents of Rancho Mirage, California, signed an agreement with American Capital Corporation ("American") to purchase real estate dated Nov. 23, 2005 and provided American with a $1.25 million deposit. (the "Agreement"). <u>See</u> Agreement for Sale and Purchase dated Nov. 18, 2005, Attached hereto as Exhibit A.

2. The Agreement was for the purchase of three parcels of real estate in Newport, Rhode Island consisting of 8 acres of land. One parcel was a vacant building lot consisting of 1.14 acres, the second parcel had a mansion on it and the third parcel had a carriage house. <u>See</u> Exhibit A. <u>See also</u> Appraisal Attached as Exhibit B.

3. Prior to the parties executing the Agreement, American provided the Real Estate Disclosure for the Mansion and a vacant building lot at 646 Bellevue Avenue in Newport, Rhode Island to the Blixseths which was executed on November 18, 2005. See Real Estate Disclosure Form for the mansion and adjacent unimproved lot Attached as Exhibit C.

4. Prior to the parties executing the Agreement, American provided the Real Estate Disclosure for the Carriage House at 646 Bellevue Avenue, Newport, Rhode Island to the Blixseths which was executed on November 18, 2005. See Real Estate Disclosure Form for the Carriage House Attached as Exhibit D.

5. American knew that the properties were located in the Newport Historic District. See American's response Number 1 to Timothy L. Blixseth's First Set of Requests For Admissions Attached as Exhibit E. Neither Real Estate Disclosure Form advised the Blixseths that the three parcels of real estate were located in the Newport Historic District. See Exhibits C and D.

6. American knew that the properties were subject to the rules and regulations of the Newport Historic District Commission. See

American's amended response Number 2 to Timothy L. Blixseth's First Set of Requests For Admissions Attached as Exhibit E.

7. American did not disclose in the Real Estate Disclosures delivered to the Blixseth's the statutory mandated disclosure language of R.I.G.L. c. 5-20.8– 2(2) (xxiii) that "property located in a historic district may be subject to construction, expansion or renovation limitations. Contact the local building inspector official for details." See Exhibits C and D.

8. American filed suit against the Blixseths on February 3, 2006 seeking an order for specific performance to compel the Blixseths to purchase the property. See American's Complaint Filed, February 3, 2006.

9. The real estate had not been transferred from American to the Blixseths when Andrew Hawes, counsel for the Blixseths, sent a letter dated March 10, 2006 to Andrew Panteleakis, president of American, voiding the Agreement and requesting a return of the Blixseths' deposit because of American's failure to make the disclosures required by R.I.G.L. c. 5 – 20.8 – 2 (2) (xxiii). See American's response Number 2 to Timothy L. Blixseth's Second Set of Requests For Admissions Attached as Exhibit F.

10. The Blixseths had planned to renovate and build on the property once they purchased it. See Affidavit of Timothy L. Blixseth Attached as Exhibit G.

11. The vacant lot consisting of 1.14 acres is a buildable lot in the City of Newport. See Newport Zoning Certificate. Attached as Exhibit H. See also Exhibit B

12. Timothy Blixseth reasonably relied upon the Real Estate Disclosures provided by American and would not have signed the Agreement for Sale and Purchase if he had known that the property was located in the Newport Historic District and that any construction or exterior renovation was subject to the approval of the Newport Historic District Commission. See Timothy Blixseth response to interrogatory 13 of American Capital's Interrogatories attached as Exhibit I).

13. Timothy Blixseth learned that the 3 properties were located in the Newport Historic District shortly prior to Andrew Hawes sending a letter to American Capital voiding the Agreement for Sale and Purchase on March 10, 2006. See Timothy Blixseth Answer to Interrogatories 23, attached as Exhibit I.

14. One December 1, 1970 Andrew Panteleakis was appointed sole Director of American Capital Corporation by a vote of the

shareholders. See Minutes of Special Meeting of Stockholders Attached hereto as Exhibit J

15. On September 10, 1997 the Andrew Panteleakis Trust – 1997 was founded. See The Andrew Panteleakis Trust – 1997, Attached hereto as Exhibit K

16. On December 4, 2000, Andrew Panteleakis transferred 100% of his stock in American Capital Corporation to the Andrew Panteleakis Trust ("The Trust"). See Minutes of Special Joint Meeting of Stockholders and Directors of American Capital Corporation, Inc. Attached hereto as Exhibit L. See also Guido Salvadore 3/30/07 deposition at Pages 12 and 13 attached as Exhibit T.

17. The Trust is governed by 3 trustees. See Deposition of Nancy Waddell, Page 13, Attached hereto as Exhibit M.

18. Andrew Panteleakis was incapacitated prior to 2005. See Exhibit M at Pages 8, 10.

19. Nancy Wadell was given a durable power of attorney under Rhode Island law to act on behalf of Andrew Panteleakis in all his business affairs. See Exhibit M at Pages 8, 12.

20. Andrew Panteleakis, who was incapacitated, was the sole director of American Capital Corporation in 2005 and 2006. See Exhibit M at

Page 7. See also Guido Salvadore 3/30/07 deposition at Pages 13 and 14 attached as Exhibit T.

21. Nancy Wadell signed Andrew Panteleakis' name as sole director and sole stockholder to the "Unanimous Consent of Directors and Stockholders To Action without A Meeting" dated January 11, 2006 authorizing the Agreement for Sale and Purchase dated November 23, 2005 and the sale of the corporation's real estate and tangible personal property pursuant to the Agreement. See Exhibit M at Page 12.

22. Nancy Wadell signed Andrew Panteleakis name as sole director and sole stockholder to the "Certificate of Corporate Authority And Incumbency" dated January 11, 2006, authorizing the Agreement for Sale and Purchase dated November 23, 2005 and the sale of the corporation's real estate and tangible personal property pursuant to the Agreement. See Exhibit M at Page 12.

23. Nancy Wadell was never elected a director of American Capital Corporation. See Unanimous Consent of Sole Stockholder and Sole Director in Lieu of Annual Meetings, dated February 23, 2005, and Unanimous Consent of Sole Stockholder and Sole Director in Lieu of Annual Meetings, dated December 7, 2005. Attached hereto as

Exhibit N. See also Guido Salvadore 3/30/07 deposition at Pages 13 and 14 attached as Exhibit T.

24. The three Miramar properties were substantially all the assets of American Capital Corporation, Inc. See E-mail Correspondence by Guido Salvadore dated November 10, 2005, Attached hereto as Exhibit O. See also Guido Salvadore 11/2/06 deposition at Pages 28 and 30 attached as Exhibit U.

Respectfully submitted
TIMOTHY AND EDRA BLIXSETH
By Their Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

*/s/ Brian P. Voke*
Brian P. Voke, Esquire (RI Bar #: 4953)
One Constitution Plaza
Boston, MA 02129
Phone: 617-241-3042
Fax: 617-241-5115

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record by electronic mail on June 5, 2007.

*/s/ Brian P. Voke*
Brian P. Voke, Esquire