UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN CAPITAL CORPORATION<br>Plaintiff<br><br>v.<br><br>TIMOTHY L. BLIXSETH; EDRA BLIXSETH; and MORTGAGE GUARANTEE & TITLE CO.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 06-90S |

**AMERICAN CAPITAL CORPORATION S**
**STATEMENT OF UNDISPUTED FACTS**

1. By an email dated November 2, 2005, from Andrew Hawes, the attorney for Timothy L. Blixseth and Edra Blixseth [hereinafter the Blixseths], to Guido Salvadore, the attorney for American Capital Corporation [hereinafter ACC], Hawes transmitted proposed changes to the Agreement of Sale and Purchase, including an inspection period that would give the Blixseths an opportunity to review applicable laws (ie., zoning laws and ordinances) *** that may affect our use of the property. See Panteleakis Exhibit 12 (email and draft of Agreement marked to show proposed changes).

2. The changes proposed by Hawes also included the deletion from paragraph 6 ( Permitted Encumbrances ) of subparagraph (b) which provided as follows: Zoning and other regulatory laws and ordinances imposed by governmental authorities. See Panteleakis Exhibit 12.

3. In accord with the Blixseths request for an opportunity to review applicable laws that may affect their use of the property, the final, executed Agreement of Sale

and Purchase provided: Purchasers *** shall also investigate the condition of the Real Property including, but not limited to, *** a determination of whether the existence or violation of any local, state or federal statutes, ordinances, laws or restrictions would unduly interfere with the Purchaser s use of the Real Property as allowed in an R-60 zone. See Blixseths Exhibit A (Paragraph 7).

4. The final, executed Agreement of Sale and Purchase included as permitted encumbrances: Provisions of existing building and zoning laws, restrictions and regulations of all governmental authorities having jurisdiction. See Blixseths Exhibit A (Paragraph 6).

5. The inspection period provided for in paragraph 7 of the Agreement for Purchase and Sale expired without the Blixseths performing any independent due diligence regarding zoning or local ordinances, and without the Blixseths giving notice to ACC of any objection to the condition of the property, including any objection based on the existence of any local ordinances or restrictions applicable to the property. See Pantaleakis Exhibit 1 (Salvadore Affidavit); Panteleakis Exhibit 7 at 88:1 - 89:12.

6. The closing scheduled for January 17, 2006, did not occur because the Blixseths did not show up for the closing or wire the money for it, purportedly on the ground that they had called the City of Newport that morning and learned that the R-60 zoning regulations precluded the Blixseths from using the property as part of their Yellowstone World Club. See Blixseths Exhibit U at 52:4 - 53:24; Panteleakis Exhibit 3 (Hawes s 2/14/06 letter).

7. Properties within an historic district sell at a higher price than those of similar character that are outside the historic district. See Pantaleakis Exhibit 6 (Appraisal Consulting Report by Webster A. Collins of CB Richard Ellis).

8. At all times between September 2005 and January 2006, Nancy Z. Waddell was an officer and the general manager of ACC, and was also one of the trustees of the Andrew Panteleakis Trust 1997 [hereinafter the Panteleakis Trust]. The Panteleakis Trust is the sole shareholder of ACC. See Blixseths Exhibit M at 7:12-18, 9:6-10, 12:16-18; Blixseths Exhibit T at 12:6-13:9; Blixseths Exhibit U at 61:23-62:12.

9. On January 11, 2006, the three duly appointed trustees of the Panteleakis Trust ratified and affirmed the execution and delivery of the Agreement of Sale and Purchase, and agreed that Andrew Panteleakis as President and/or Nancy Z. Waddell as Vice President were authorized to execute and deliver such documents as may be necessary or appropriate to effectuate the sale pursuant to the Agreement of Sale and Purchase. See Panteleakis Exhibit 4 (Unanimous Consent of Trustees).

10. With regard to the sale of the property to the Blixseths, the trustees of the Panteleakis Trust knew that Andrew Panteleakis was incapacitated; that Panteleakis had prior to his incapacity executed a durable power of attorney appointing Nancy Z. Waddell as his attorney in fact and agent; that the durable power of attorney authorized Waddell to act on Panteleakis' behalf with regard to all of his business affairs; and that Waddell was acting on his behalf pursuant to the durable power of attorney, including signing his name to the Agreement of Sale and Purchase. Further, the trustees understood and agreed that the durable power of attorney authorized Waddell to act for

Panteleakis to close the transaction with the Blixseths. See Panteleakis Exhibit 5 (Affidavit of Karen DelPonte).

**AMERICAN CAPITAL CORPORATION**

By its Attorneys,

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq. #1373
**HODOSH, SPINELLA & ANGELONE pc**
One Turks Head Place, Suite 810
Providence, Rhode Island 02903
(401) 274-0200
*Fax* (401) 274-7538
angelonelaw@aol.com

David Krech, Esq. #5257
Lauren E. Jones, Esq. #2141
**JONES ASSOCIATES**
72 South Main Street
Providence, Rhode Island 02903-2907
(401) 274-4446
*Fax* (401) 274-2805

Dated: July 10, 2007

**CERTIFICATION**

I hereby certify that on this 11th day of July, 2007, I caused a copy of the within ***Statement of Undisputed Facts*** to be electronically transmitted to :

Brian P. Voke, Esq.
bvoke@campbell-trial-lawyers.com
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02129

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq.