UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICAN CAPITAL CORPORATION :
Plaintiff :
:
v. : C.A. No. 06-90 S
:
TIMOTHY L. BLIXSETH; EDRA BLIXSETH; :
and MORTGAGE GUARANTEE & TITLE CO. :
Defendants :

**PLAINTIFF S OBJECTION TO CERTAIN FACTS RECITED AS BEING UNDISPUTED IN THE BLIXSETHS MEMORANDUM OF LAW**

Only for the purposes of the Blixseths motion for summary judgment, American Capital Corporation (hereinafter ACC) does not dispute the facts set forth in the following numbered paragraphs of the Blixseths Statement of Undisputed Facts: 1, 2, 3, 4, 5, 6, 7, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24.

ACC disputes the facts set forth in the following numbered paragraphs of the Blixseth s Statement of Undisputed Facts to the extent indicated:

8. The Blixseths assert that American filed suit against the Blixseths on February 3, 2006 seeking an order for specific performance to compel the Blixseths to purchase the property.

ACC disputes this assertion only to the extent that it implies that an order for specific performance was the only relief sought in the suit. Among other relief requested, the complaint sought a declaratory judgment that the Blixseths had breached the purchase and sale agreement, a finding that ACC was entitled to specific

performance and also such other equitable or legal relief as the Court deems proper. See ACC s Complaint filed February 3, 2006.

9. The Blixseths assert [t]he real estate had not been transferred from American to the Blixseths when Andrew Hawes, counsel for the Blixseths, sent a letter dated March 10, 2006 to Andrew Panteleakis, president of American, voiding the Agreement and requesting a return of the Blixseths deposit because of American s failure to make the disclosures required by R.I.G.L. c. 5-20.8-2(2)(xxii).

ACC disputes this assertion to the extent that it implies that Andrew Hawes March 10, 2006, letter had the legal effect of voiding the Agreement. Furthermore, ACC did deliver an executed deed and all necessary closing documents to the escrow agent on the closing date. See ACC s Memorandum in Support of Objection to the Defendant Blixseths Motion for Summary Judgment; Panteleakis s Exhibit 2 (affidavit of Christopher J. Montalbano); Blixseths Exhibit U at 52:4 - 53:24.

10. The Blixseths assert that [t]he Blixseths had planned to renovate and build on the property once they purchased it.

There is evidence that the Blixseths intended to acquire Miramar as a turnkey operation and use it immediately. See Panteleakis s Exhibit 7 at 13:19-22 (Deposition Transcript of Andrew Hawes, 1/4/07). There is also evidence that the Blixseths had no formal plans for the Miramar building prior to closing. See Panteleakis Exhibit 11 at 186:4 - 188:21.

12. The Blixseths assert that Timothy Blixseth reasonably relied upon the Real Estate Disclosures provided by American and would not have signed the Agreement for Sale and Purchase if he had known that the property was located in the Newport

Historic District and that any construction or exterior renovation was subject to the approval of the Newport Historic District Commission.

ACC s disputes that Blixseth relied upon the Real Estate Disclosures or, if he did in fact rely, that it was reasonable. See Blixseths Exhibit A [Paragraphs 6(b) (Permitted Encumbrances), 7 (Title Review and Condition of Property/Inspection Contingency), and 20 (Condition of the Subject Property)]; Blixseths Exhibit C (written disclosure forms, advising that Buyer is advised however not to rely solely upon the representation of Seller made in this, but to conduct any inspections or investigations which Buyer deems to be necessary to protect his or her best interest. )

13. The Blixseths allege that Timothy Blixseth learned that the 3 properties were located in the Newport Historic District shortly prior to Andrew Hawes sending a letter to American Capital voiding the Agreement for Sale and Purchase on March 10, 2006."

The Blixseth s title agent knew that the three properties were located in the Newport Historic District, and his knowledge should be imputed to the Blixseths. See Panteleakis Exhibit 2 (Affidavit of Christopher Montalbano).

**AMERICAN CAPITAL CORPORATION**

By its Attorneys,

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq. #1373
**HODOSH, SPINELLA & ANGELONE pc**
One Turks Head Place, Suite 810
Providence, Rhode Island 02903
(401) 274-0200
*Fax* (401) 274-7538
angelonelaw@aol.com

David Krech, Esq. #5257
Lauren E. Jones, Esq. #2141
**JONES ASSOCIATES**
72 South Main Street
Providence, Rhode Island 02903-2907
(401) 274-4446
*Fax* (401) 274-2805

Dated: July 10, 2007

**CERTIFICATION**

I hereby certify that on this 11th day of July, 2007, I caused a copy of the within ***Objection to Certain Facts Recited as Being Undisputed in the Blixseths Memorandum of Law*** to be electronically transmitted to :

Brian P. Voke, Esq.
bvoke@campbell-trial-lawyers.com
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02129

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq.