EXHIBIT 3

Blixseth Group, Inc.

LEGAL DEPARTMENT
101 S. Capitol Boulevard
Suite 1601
Boise, Idaho 83702

Phone: (208) 947-0978
Fax: (208) 947-0980

February 14, 2006

PLAINTIFF'S EXHIBIT #12 ID 1/4/07 DC

***BY CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED***

Guido R. Salvadore
Attorney at Law
10 Weybosset Street, Suite 303
Providence, RI 02903-2987

Re: Agreement of Sale and Purchase between American Capital Corporation and Tim L. Blixseth and Edra Blixseth dated November 23, 2005 (the "Agreement") Miramar - Newport, Rhode Island

Dear Mr.Salvadore

This letter responds to your letters dated January 18, 2006, to Tim and Edra Blixseth and R. Mark Johnson.

We regret we were not able to close the Miramar deal. When we entered into the transaction we relied on your oral and written representations and assurances that the use of the Miramar facility as a club facility for the Yellowstone World Club would be consistent with local zoning laws. Your representations and assurances were untrue, unfair and deceptive, and amounted to misrepresentations.

To review, as you were fully aware, it was essential that Miramar be used as a club facility for the Yellowstone World Club. In mid 2005, you sent Tim a letter stating that you had seen a story in the *Wall Street Journal* regarding the Yellowstone World Club and suggested that Miramar would be a perfect piece to the World Club puzzle. Based on your letter, we understood Miramar's use for a club would not be an issue with regard to local zoning laws and entered into negotiations with you for the purchase of the Miramar property, which ultimately resulted in the executed Agreement.

On November 4, 2005, I sent you an e-mail seeking assurance from you that the Newport zoning laws would not restrict Tim from using the property as part of the World Club. In your response e-mail to me dated November 10, you made it clear there would be nothing that would prohibit this use and indicated that if we followed certain steps suggested by you in your email, the use would be consistent to the zoning restrictions. We relied on these representations because you

are a local attorney who is familiar with these issues. Fortunately, before closing this transaction, we became aware that this information was false. This was confirmed on January 17, 2006, in a conference I had with Paige Brock, Director of Planning and Zoning for the City of Newport. He reported that this type of use in not allowed under the R-60 zoning classification. He explained to me that over the past few years there have been a number requests for zoning certificates from the City for this type of use. However, in each instance the requests had been denied. Accordingly, one cannot use a private residence for a private club and, even if we took the steps that you had suggested, it would still not be in compliance with law.

For the reasons set forth above, our termination of the Agreement was justified, and we demand that the earnest money, along with interest, be returned to us within five (5) business days from your receipt of this letter. If you do not agree to release these funds, then we will have no choice but to explore all remedies available under applicable law.

Very truly yours,

Andrew E. Hawes
General Counsel

cc: Timothy L. Blixseth
R. Mark Johnson