**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **AMERICAN CAPITAL CORPORATION,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **C.A. No. 06-90S** |
| **TIMOTHY L BLIXSETH; EDRA BLIXSETH;** | ) | |
| **and MORTGAGE GUARANTEE & TITLE CO.** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**The Blixseths' Reply To Plaintiff's Objection To Certain Facts Recited As Being Undisputed In Blixseth's Memorandum Of Law**

10. American Capital Corporation's suggestion that there is an issue of fact as to whether the Blixseths had planned to renovate and build on the property once they purchased it is without merit. First it is undisputed in Paragraph 11 of the Statement of undisputed facts that the vacant lot consisting of 1.14 acres which was part of Miramar was a buildable lot. Second, any testimony from Andrew Hawes, the Blixseths' real estate closing lawyer that the Blixseths intended to acquire Miramar as a turn key operation and use it immediately does not contradict the sworn affidavit of Timothy Blixseth that he planned to renovate and build on the property. Further, the fact that the Blixseths had no formal plans drawn up for renovations and building in no manner is inconsistent with Blixseth's stated

intent that he planned to renovate and build on the property once he purchased it.

12. American Capital Corporation's citation to the agreement for sale and purchase for the proposition that the Blixseths did not rely upon the Real Estate Disclosure Forms does not contradict Timothy Blixseth's affidavit and does not raise an issue of fact.

13. American Capital Corporation's contention that there is an issue of fact as to whether Timothy Blixseth learned that the 3 properties were located in the Newport Historic District shortly prior to March 10, 2006, is undisputed and American Capital Corporation's contention that Christopher Montalbano knew about the historic district zoning of the property at an earlier date is irrelevant. Montalbano is the Vice President and State Manager for Mortgage Guarantee and Title Company. He examined the title of the property to issue a title insurance policy and Montalbano's own affidavit states that the zoning certificate which he reviewed had no affect on the insureability of the title to the property. Nothing in Montalbano's affidavit indicates that Mortgage Guarantee's engagement to issue a title policy to the Blixseths for the property charged Mortgage Guarantee with the responsibility to report Montalbanos knowledge that the property was in a historic district zone, to the Blixseths. Further, Montalbano's affidavit

does not state when he became aware of the Historic District Zoning for the Miramar property.

Respectfully submitted
TIMOTHY AND EDRA BLIXSETH
By Their Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

*/s/ Brian P. Voke*___________________
Brian P. Voke, Esquire (RI Bar #: 4953)
One Constitution Plaza
Boston, MA 02129
Phone: 617-241-3042
Fax: 617-241-5115

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record by electronic mail on August 10, 2007.

*/s/ Brian P. Voke*___________________
Brian P. Voke, Esquire