**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **AMERICAN CAPITAL CORPORATION,** <br> **Plaintiff** <br> **v.** <br> **TIMOTHY L BLIXSETH; EDRA BLIXSETH; and MORTGAGE GUARANTEE & TITLE CO.** <br> **Defendants** | **C.A. No. 06-90S** |

**THE BLIXSETHS' RESPONSE TO THE COURT'S ORDER OF APRIL 2, 2008**

This Court need not certify to the Rhode Island Supreme Court the question of whether failure to disclose the existence of historic district zoning constitutes failure to disclose a "materially deficient condition" under the Rhode Island Real Estate Disclosure Act. R.I. G.L. § 5-20.8-(4b), because using basic cannons of statutory construction, the only reasonable interpretation of the statute is that the failure by a seller to disclose the existence of historic district zoning is a materially deficient condition under the statute. To construe the statute otherwise would provide property buyers with a right to full disclosure by the seller of the historic district zoning of the property but no remedy if the seller delivers a real estate disclosure statement which fails to disclose the historic district zoning for the property and the statutory notification language. This interpretation advocated by American Capital, is contrary to the well established rules of statutory construction enunciated by the Rhode Island Supreme Court that statutes may not be construed in a manner that defeats the underlying purpose of the statute and a legislative enactment will not be interpreted as meaningless or nugatory if any other construction is reasonably possible. If this Court believes that an ambiguity exists in the Rhode Island Real Estate Disclosure Act, regarding disclosure of historic district zoning, and that the statute could reasonably be interpreted as providing buyers with the right to disclosure

from the seller but no real remedy for a violation of the statute, then this court should certify the question to the Rhode Island Supreme Court. The court need not, however, arrive at this conclusion if it interprets the statute as a whole to give meaning to the sellers rights under the statute.

This court's function in interpreting any statute is to ascertain the intent of the legislature as evidenced by the language of the statute, the purpose of the statute and the remedy intended to address any violation of the statute. Like all remedial statutes, the rule for construction is that "cases within the reason, though not within the letter of a remedial statute are embraced by its provisions." Sutherland §54.04 at 350 (6th ed.). Further, a "golden rule of statutory interpretation [is] that when one of several possible interpretations produces an unreasonable result, that is reason for rejecting that interpretation in favor of another which would produce a reasonable result" Sutherland Statutory Construction §45.12 at 94 (7th ed.), citing Rosado v. Wyman, 397 U.S. 397, 90 S. Ct 1207, 25 L. Ed. 2d 442, (1970); Kelly v. U.S. 924 F2d 355 (1st Cir 1991); Dunne Leases Cars and Trucks, Inc. v. Kenworth Truck Co., a Div. of Paccar, Inc. 466 A. 2d 1153 (RI 1983); Braman v. Wawaloam Reservation, Inc. 107 RI 270, 267 A. 2d 410 (1970).

The plain language of the Rhode Island Real Estate Disclosure Act expressly mandates that "[i]f the subject property is located in a historic district, that fact must be disclosed to the buyer together with notification that 'property located in a historic district may be subject to construction, expansion or renovation limitations. Contact the local building inspection official for details'." R.I. GL. §1956 c. 5-20.8-2. In construing statutes, Rhode Island courts "review and consider the statutory meaning most consistent with the statute's policies or obvious purposes. Sorenson v. Colbri Corp. 650 A 2125, 129 (RI 1994). Another rule of Rhode Island statutory construction is that

legislative enactments will not be interpreted as meaningless or nugatory if any other construction is reasonably possible. Ward v. City of Pawtucket Police Dept. 639 A. 2d 1379B, 1382 (RI 1994). Finally "[a] statue may not be construed in a way that would result in 'absurdities or would defeat the underlying purpose of the enactment. Matter of Falstaff Brewing Corp. re: Narragansett Brewery Fire 637 A. 2d 1047, 1050, citing Brennan v. Kirby, 529 A. 2d, 633 (RI 1987) "[I]f a mechanical application of a statutory definition produces an absurd result or defeats legislative intent, this court will look beyond mere semantics and give effect to the purpose of the act'" Matter of Falstaff Brewing at 1050 citing Labbadia v. State, 513 A. 2d 18, 22 (RI 1986).

As the First Circuit Court of Appeals admonished courts many years ago,

> [t]he Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however, indirectly, that will should be recognized and obeyed. The major premise of the conclusion expressed in a statute, the change of policy that induces the enactment, may not be set out in terms, but it is not an adequate discharge of duty for courts to say: We see what you are driving at but you have not said it, and therefore we shall go on as before.

Johnson v. U.S. 163 F. 30, 32 (1st Cir. 1908).

If the legislature's stated goal of providing buyers with the right to disclosure of historic district zoning is to have any meaning, then the only reasonable interpretation of the Act is to read the statute as a whole and to conclude that the seller's failure to disclose historic district zoning is the failure to disclose a materially deficient condition which empowers the buyer to void the contract for sale. Any other construction of the statute would be unreasonable and unjust.

Simply reading c. 5-20.8-2 of the Act, this court can reasonably conclude that the legislature intended the failure to disclose historic district zoning, in a disclosure statement, as a deficient condition under the Act. Additionally, the Act itself defines a "deficient condition" as "any land restriction… existing on, in, across or under the real

estate of which the seller has knowledge." Id § 5-20.8-1. While "land restriction" is not defined by the Act, the common law in Rhode Island and across the country defines historic district zoning as a land restriction. See Blixseth Reply Memorandum to American Summary Judgment pp. 3-6. Moreover, the use of the word "any land restriction" should be interpreted on its face to include any land restrictions. (emphasis added))

Finally, the legislature's amendment to the Act mandating that specific statutory language be used to notify buyers about the historic zoning of the property, reflects the legislature's recognition that historic district zoning is material information to the buyer as a mater of law. (Since historic district zoning allows allows a historic district commission to prevent construction, alteration, or demolition of buildings in a historic district. Bellevue Shopping Center Associates v. Chase 574 A. 2d 760 (1990).) The repeated used of the word "shall" in § 5-20.8-2 of the Act should be interpreted as a command from the legislature that the historic zoning notification must be provided as a matter of law to any buyer. See generally, Alabama v. Bozeman 533 U.S. 146, 153, 121 S. Ct. 2079, 2085 (2001) (the "word 'shall' is ordinarily the language of command").

For the above reasons, the court need not certify any question to the Rhode Island Supreme Court, however, if the court believes the Act is ambiguous and subject to multiple interpretations, including the interpretation proposed by American Capital that the Act provides a buyer with a right to an accurate disclosure on the issue of historic district zoning, but no remedy, then the court should certify the following question to the Rhode Island Supreme Court.

**Blixseths' Proposed Question**

If a seller, who is aware that his/her property is located in the Newport Historic District, delivers real estate disclosures to a buyer, without the disclosure language

required by R.I. GL. § 1956 c. 5-20.8-2, that the subject property is located in a historic district and "that property in a historic district may be subject to construction, expansion or renovation limitations. Contact the local building inspection official for details", may a buyer who is unaware of the historic district zoning and the above statutory language, void the contract for sale of the real estate, prior to transfer of the title, on the grounds that the seller failed to disclose a materially deficient condition?[1]

TIMOTHY AND EDRA BLIXSETH
By Their Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

*/s/ Brian P. Voke*________________
Brian P. Voke, Esquire (RI Bar #: 4953)
One Constitution Plaza
Boston, MA 02129
Phone: 617-241-3042
Fax: 617-241-5115

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all attorneys of record by electronic mail on April 15, 2008.

*/s/ Brian P. Voke*________________
Brian P. Voke, Esquire

1

The Blixseths have not filed a proposed statement of undisputed facts to be submitted to the Rhode Island Supreme Court as this court did not order the parties to provide such a statement and it would be inappropriate to prepare any statement of facts until the court determines whether and what if any question will be certified.